# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

June 1, 2016

**VIA ECF**
Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**RE:  UNITED STATES V. REZA ZARRAB**
**S1 15 CR. 867 (RMB)**

Dear Judge Berman:

We write in response to the Government's submission of June 1, 2016, in which they enclose as Exhibit A, a video-recording of an interview of the Defendant Reza Zarrab shortly after his arrest. We agree that the Exhibit should be filed under seal.

Furthermore, we respectfully urge the Court to please watch the CD prior to our hearing tomorrow. We submit the video-recording strongly confirms our position that when interviewed by the FBI, the Defendant relied heavily on the assistance of a Turkish interpreter who was present for the interview despite the late hour on a Saturday night. Indeed, by our count, there are at least 14 separate instances where the Defendant looks to the interpreter for help to explain the Agent's questions. One particular exchange is very telling, as when the Agent tries to explain:

Agent: **Your illicit activities in financing Iranian entities in violation of U.S. Law...**

Zarrab: **"I don't understand."**

Counsel for Mr. Zarrab has never maintained that the Defendant does not understand any English. When formally interviewed by law enforcement officials, however, the FBI sought to have an interpreter present and throughout the interview, the interpreter can be heard explaining numerous parts of the discussion to Mr. Zarrab. This recording we submit completely supports the defense position that to claim

**BRAFMAN & ASSOCIATES, P.C.**

intentional deception by Mr. Zarrab during his pre-trial interview without an interpreter present, is terribly unfair.

We also note, that an interpreter was obviously available to the Government even on a Saturday night when they saw fit to use his services. To conduct the pre-trial interview without an interpreter, when the Report notes "that the defendant needs a Turkish interpreter" and then try and use every word in the Report against the defendant is just not appropriate.

Finally, we note the demeanor of the Defendant during his interview, before he invoked his right to counsel and the interview was terminated. Thus, Mr. Zarrab, although obviously bewildered by his predicament, asked on several occasions, "if he was being arrested." He was nevertheless cooperative, a gentleman and hardly deceptive, answering all questions that he understood, or that were explained to him by the interpreter.

We respectfully submit that the government's own Exhibit confirms beyond question that the pre-trial Report cannot and should not be relied on by your Honor when deciding the issue of bail.

Respectfully,

Benjamin Brafman

cc: Sidhardha Kamaraju (Sidhardha.Kamaraju@usdoj.gov)
Michael Lockard (Michael.Lockard@usdoj.gov)