

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 27, 2017

**FILED BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      **Re:**    *United States* **v.** *Reza Zarrab, a/k/a "Riza Sirraf*,**"** **S2 15 Cr. 867 (RMB)**

Dear Judge Berman:

      The Government respectfully submits this letter in response to the letter filed earlier today by counsel for the defendant, Reza Zarrab, concerning the Government's request that the Court hold a hearing pursuant to *United States* v. *Curcio*, 680 F.2d 881 (2d Cir. 1982), to address potential conflicts of interest by the law firms Greenberg Traurig LLP ("Greenberg Traurig") and Debevoise & Plimpton LLP ("Debevoise") in connection with their representation of the defendant.

      Defense counsel's letter contends that *Curcio* proceedings are unnecessary because "no lawyers from Greenberg Traurig or Debevoise & Plimpton will have any involvement in the trial preparation or trial in this case and neither Mr. Giuliani nor Mr. Mukasey intends to file a notice of appearance before Your Honor." The letter further contends that the roles of Mr. Giuliani and Mr. Mukasey "will not require any appearance in Court and, accordingly, a hearing is not required." Preparation for trial and participation at trial, however, are not the only stages of representation that implicate the defendant's right to conflict-free counsel. In *United States* v. *Daugerdas*, 735 F. Supp. 2d 113 (S.D.N.Y. 2010), for example, the defendant hired an attorney to represent him for the limited purpose of challenging the Government's purported interference with the defendant's employer's payment of the defendant's legal fees, but not to represent the defendant in connection with the charges; this lawyer's firm also represented a cooperating witness. 735 F. Supp. 2d at 114-115. Notwithstanding the fact that the defendant's attorney would not represent the defendant for purposes of trial preparation or trial, the court engaged in a *Curcio* inquiry and, in that case, ultimately concluded that the attorney's representation presented a conflict that could not be waived. *Id*. at 116-18. *Cf. United States* v. *Kliti*, 156 F.3d 150, 154 (2d Cir. 1998) ("The danger of a joint representation 'is in what the advocate finds himself compelled to refrain from doing, not only at trial but also as to possible pretrial plea negotiations and in the sentencing process.'") (quoting *Holloway* v. *Arkansas*, 435 U.S. 475, 490 (1978)).

The Honorable Richard M. Berman                                                            Page 2
March 27, 2017

       In this case, the Government has been expressly advised that Mr. Giuliani and Mr. Mukasey have been retained by the defendant and are involved in, and will continue to be involved in, efforts to explore a potential disposition of the criminal charges in this matter.  To the extent that the defendant relies on the advice and efforts of these attorneys, and to the extent that there exist potential conflicts of interest that could impair the defendant's right to conflict-free representation, *Curcio* proceedings are appropriate "to investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all."  *United States* v. *Cain*, 671 F.3d 271, 293 (2d Cir. 2012); *see also United States* v. *Levy*, 25 F.3d 146, 153 (2d Cir. 1994).

       Indeed, a *Curcio* proceeding appears especially appropriate and necessary at this time if, as the letter from defense counsel indicates, Mr. Giuliani and Mr. Mukasey's involvement in this case is intended to occur entirely outside of the Court's purview and knowledge.  Accordingly, the Government respectfully requests that the Court hold a hearing pursuant to *Curcio* with respect to the potential conflicts of interest of the defendant's counsel.

                        Respectfully submitted,

                        JOON H. KIM
                        Acting United States Attorney

                by:    /s/
                        Michael D. Lockard
                        Sidhardha Kamaraju
                        David W. Denton Jr.
                          Assistant United States Attorneys
                        Dean C. Sovolos
                          Special Assistant United States Attorney
                        (212) 637-2193/6523/2744/2133

cc:     All Defense Counsel (by ECF)