

Victor J. Rocco
Partner
Phone: 212.592.1422
Fax: 212.545.2333
vrocco@herrick.com

May 17, 2017

VIA ECF

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17B
New York, New York 10007

Re:   *United States v. Reza Zarrab, et al.*, S3 15 Cr. 867 (RMB)

Dear Judge Berman:

This letter is respectfully submitted in connection with the May 18, 2017 *Curcio* hearing of Herrick, Feinstein LLP's ("Herrick") client in the captioned matter, defendant Mehmet Hakan Atilla.

As we have previously advised the Court, Herrick currently represents, and has from time to time represented, the Republic of Turkey in limited New York-based business transactions, in a number of real estate-related matters, and in certain litigations in connection with the recovery of stolen cultural property as well as a construction dispute. Herrick has never served as a Registered Foreign Agent for the Republic of Turkey. Herrick does not represent the Republic of Turkey in any matter related in any way to this matter or in any matter involving issues similar to the issues raised in this matter. The Republic of Turkey has not been identified as a victim in this case, and accordingly, Herrick is not seeking a conflict waiver from Turkey.

Additionally, on April 11, 2017, the Government provided us with a list of 11 so-called "victim" banks. Thereafter, Herrick determined that it represents, or has represented from time to time, the following seven alleged "victim" banks: Bank of America; Bank of New York Mellon; Citibank; Deutsche Bank; HSBC; JPMorgan Chase; and Wells Fargo (the "Bank Clients"). Herrick currently provides, or has provided, legal services to the Bank Clients primarily in the form of discrete asset-based financing transactions, discrete real estate matters and occasional minor litigation. Herrick does not represent any of the Bank Clients in any matter related in any way to this matter or in any matter involving issues similar to the issues raised in this matter.

We have discussed our representation of Mr. Atilla and the *Curcio* hearing with each of the Bank Clients. While Herrick maintains that there is no conflict of interest between its representation of the Bank Clients and of Mr. Atilla, out of an abundance of caution, we have asked for and obtained conflict waiver agreements from all but one of the Bank Clients, and in these waiver agreements they consent to Herrick's representation of Mr. Atilla in this case. Citibank has informed Herrick that it does not consent to waive any potential conflict arising out of Herrick's representation of Mr. Atilla. Copies of the conflict waiver letters from the six Bank Clients which have consented to Herrick's representation of Mr. Atilla are attached hereto.



May 17, 2017
Page 2

      We have also discussed our representation of the Republic of Turkey and the Bank Clients in matters unrelated to this matter with Mr. Atilla, and we are preparing a conflict waiver letter for him to sign.

      Additionally, the Government provided us with the name and contact information for the representative at each Bank Client with whom the Government has been in contact in this case (the "Government Contact Person"). Prior to the execution of the conflict waiver letters, Herrick either spoke directly to the Government Contact Person about the conflict waiver issue, or provided the individual at the Bank Client who was signing the conflict waiver letter with the name of the Government Contact Person, and suggested that that individual may wish to confer with the Government Contact Person.

      Herrick has also agreed that, as a result of Herrick's duties to the Bank Clients, the Herrick attorneys representing Mr. Atilla will not in this matter, (a) use or disclose any of the Bank Clients' confidential information that other Herrick attorneys have obtained in representing the Bank Clients in other matters; (b) cross-examine or assist in the cross-examination of witnesses employed by the Bank Clients; (c) use or advise on the use of court process to secure testimony or documents from the Bank Clients; and (d) through proof or arguments accuse the Bank Clients of wrongdoing or complicity in the allegedly illegal transactions that are the subject of this matter, or assist other lawyers in connection with any proof or arguments that may do so. Herrick has advised Mr. Atilla that, should it be necessary for him, in the defense of his case, to undertake any of the matters set forth in points (b), (c) and/or (d) above, Herrick will have stand-by counsel representing him do so. To that end, Mr. Attila has interviewed two lawyers, Cathy Fleming, Esq. of Fleming Ruvoldt PLLC and Kenneth J. Kaplan, Esq. Neither Ms. Fleming nor Mr. Kaplan represent any of the alleged "victim" banks or the Republic of Turkey.

      Finally, Herrick has put in place an "ethical wall" so that (i) Herrick's attorneys and other professionals who are representing Mr. Atilla (the "Atilla Defense Team") are blocked from accessing any Bank Client files, and those Herrick attorneys and other professionals working on Bank Client matters (the "Bank Team") are blocked from accessing the files of the Atilla Defense Team, and (ii) members of the Bank Team have been advised that they cannot discuss any fact or legal issue they learn in the course of their representation of the Bank Clients with the Atilla Defense Team, and vice versa.

      Respectfully submitted,

      HERRICK, FEINSTEIN LLP

      s/ Victor J. Rocco
      Victor J. Rocco
      Thomas E. Thornhill
      2 Park Avenue
      New York, New York 10016
      Tel: (212) 592-1400
      Fax: (212) 545-2326

Case 1:15-cr-00867-RMB   Document 246   Filed 05/17/17   Page 3 of 13



May 17, 2017
Page 3

cc:     All Counsel of Record (by ECF)

C. Paige Bobick
Associate General Counsel
and Senior Vice President

May 9, 2017

**Via Electronic Mail**

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 12D
New York, NY 10007

Re: <u>United States v. Reza Zarrab, et al., S3 15 Cr. 867 (RMB) (S.D.N.Y.)</u>

Dear Judge Berman:

We respectfully write to inform you of the waiver agreement Bank of America, N.A. (the "Bank") has entered with respect to the representation by Herrick, Feinstein LLP (the "Firm") of Mehmet Hakan Atilla in connection with his defense in *United States v. Reza Zarrab*, et al. S3 15-cr-867 (RMB) (S.D.N.Y.).

Subject to the conditions and limitations set forth below, the Bank has consented to the Firm's representation of Mr. Atilla in connection with his defense in *United States v. Zarrab*.

This consent is given on the conditions that (a) attorneys who perform or have performed services on behalf of the Bank or its affiliates will not assist in Mr. Atilla's defense; (b) during the pendency of the defense, the attorneys representing Mr. Atilla will not have any involvement in any other matter relating to the Bank; and (c) an "information wall" be established between the attorneys representing Mr. Atilla and the attorneys who perform services for the Bank.

Please note that this consent does not extend to the representation by the Firm of Mr. Atilla in any other litigation, arbitration or other adversarial proceeding or claim that might arise between the Bank (or any subsidiary or affiliate of the Bank) and Mr. Atilla in connection with the charges the Government has filed against him, or otherwise. In the event of any such litigation, arbitration, other adverse proceeding or claim, the Firm will not represent Mr. Atilla unless the Bank gives the Firm a new written consent at that time to represent him.

The foregoing consent is also subject to the Firm's receipt of a written consent from Mr. Atilla to the Firm's present representation of the Bank and its subsidiaries and affiliates in connection with any and all matters in which the Firm currently represents the Bank or its subsidiaries and affiliates.

Respectfully submitted,

C/ Paige Bobick

Title: Associate General Counsel and Senior Vice President, Bank of America, N.A.
Description of Duties and Responsibilities: Attorney – Litigation & Regulatory Inquires

cc: David M. Grimes, Administration

T 980.386.9282
paige.bobick@bankofamerica.com
Legal Department
NC1-027-20-05
201 N Tryon Street, Charlotte, NC 28255

**Bank of America**



**BNY MELLON**

Michael Heyrich, Esq.
Director
Manager, Global Legal
Support

225 Liberty Street
21st floor
New York, NY 10286

T 212 635 1621
michael.heyrich@bnymellon.com

May 11, 2017

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, NY 10007

c/o Herrick, Feinstein LLP
David M. Rosenfield, Esq.
Two Park Avenue
New York, NY 10016

Re:  <u>United States v. Reza Zarrab, et al.</u>, S2 15 Cr. 867

My dear Judge Berman,

We write to inform you of the waiver agreement The Bank of New York Mellon Corporation ("BNY Mellon") has entered into with respect to the representation by Herrick, Feinstein LLP (the "Firm") of Mehmet Hakan Atilla ("Atilla") in connection with his defense in the above referenced matter.

Subject to the conditions and limitations set forth below, BNY Mellon has consented to the Firm's representation of Atilla in connection with his defense in United States v. Zarrab, et al. (the "Representation").

Firm understands that BNY Mellon's consent applies solely to the specific conflict as it exists at present and fully described above. If a new development arises that materially changes the nature of the Representation, the Firm will promptly advise BNY Mellon of such development in writing and BNY Mellon reserves the right to withdraw the limited waiver contained herein under such circumstances. The Firm will treat The Bank of New York Mellon Corporation ("**BNY Mellon Corp.**") and each of BNY Mellon Corp.'s primary subsidiaries[1] as if they are each BNY Mellon for purposes of all conflict of interest analyses.

Firm represents that it has made an independent judgment that the Representation will not adversely affect its zealous representation of, or duty of loyalty to, BNY Mellon in connection with BNY Mellon matters and Firm's representation of BNY Mellon will not be limited by its responsibilities to its other client.

This consent is not a waiver of Firm's duty to keep confidential all information about BNY Mellon that Firm obtains in the course of its representation of BNY Mellon. Without limiting the generality of the foregoing, Firm shall take all appropriate measures to ensure that no

---

[1] A list of primary subsidiaries of The Bank of New York Mellon Corporation can be found in its Form 10-K submitted to the U.S. Securities and Exchange Commission.

Disclosure here.

information obtained through Firm's representation of BNY Mellon is accessible or made available to those persons at Firm involved in the Representation or to Firm's other client (i.e. chinese walls).

Firm will ensure that no one who has been involved in Firm's representation of BNY Mellon during the last 5 years, or is currently involved in Firm's representation of BNY Mellon, is involved or consulted in any way with respect to the Representation, and that those involved in the Representation have not worked on any BNY Mellon matter during the last 5 years and do not currently work on any BNY Mellon matter.

In the event that any Litigation arising out of or related to the Representation or the matters involved therein is commenced or threatened against BNY Mellon, Firm will not represent or provide advice to its other client or in any way assist in the conduct of any actual or threatened Litigation. "**Litigation**" includes, without limitation, any court proceeding, arbitration, contested matter, or adversary or alternative dispute resolution proceeding; any action where Firm seeks damages, a money judgment, or equitable relief against BNY Mellon, or the avoidance, disallowance, or subordination of BNY Mellon's claim or lien, including without limitation, any challenge as to the extent, validity, priority, enforceability or perfection of BNY Mellon's collateral or BNY Mellon's right to payment or other rights under any loan documents or agreements; any action to foreclose or judicially enforce a lien where BNY Mellon has a senior or junior lien on the property that is the subject of the foreclosure or judicial enforcement; and any subpoena, deposition, document production request, or other discovery with respect to BNY Mellon personnel or BNY Mellon's records.

Firm represents that it has obtained all necessary consents from Atilla.

Sincerely,

Michael Heyrich, Esq.

Title: Director

Description of Duties and Responsibilities: Attorney, Global Head of Outside Counsel Strategy and Governance, Conflicts Counsel

Deutsche Bank 

May 9, 2017

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, New York 10007

Re:   *United States v. Reza Zarrab, et al.*, S3 15 Cr. 867 (RMB) (S.D.N.Y.)

Dear Judge Berman:

We write to inform you of the waiver agreement Deutsche Bank A.G., New York Branch ("Bank") has entered with respect to the representation by Herrick, Feinstein LLP (the "Firm") of Mehmet Hakan Atilla in connection with his defense in *United States v. Zarrab, et al.*, S3 15-Cr-867 (S.D.N.Y.).

Subject to the conditions and limitations set forth below, the Bank has consented to the Firm's representation of Mr. Atilla in connection with his defense in *United States v. Zarrab*.

This consent is given on the condition that (a) attorneys who perform or have performed services on behalf of the Bank or its affiliates will not assist in Mr. Atilla's defense; (b) during the pendency of the defense, the attorneys representing Mr. Atilla will not have any involvement in any other matter relating to the Bank; and (c) an "information wall" be established between the attorneys representing Mr. Atilla and the attorneys who perform services for the Bank.

Please note that this consent does not extend to the representation by the Firm of Mr. Atilla in any other litigation, arbitration or other adversarial proceeding or claim that might arise between the Bank (or any subsidiary or affiliate of the Bank) and Mr. Atilla in connection with the charges the Government has filed against him, or otherwise. In the event of any such litigation, arbitration, other adverse proceeding or claim, the Firm will not represent Mr. Atilla unless the Bank gives the Firm a new written consent at that time to represent him.

The foregoing consent is also subject to the Firm's receipt of a written consent from Mr. Atilla to the Firm's present representation of the Bank and its subsidiaries and affiliates in connection with any and all matters in which the Firm currently represents the Bank or its subsidiaries and affiliates.

Sincerely,

By: _____
ANDREW STEMMER
Deutsche Bank A.G., New York Branch

Title: Director & Associate General Counsel, Head of Regulatory Enforcement for the Americas

Duties and Responsibilities: Responsible for managing regulatory enforcement matters in the Americas.

# HSBC 

May 11, 2017

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 12D
New York, NY 10007

Re: *United States v. Reza Zarrab, et al.*, S3 15 Cr. 867 (RMB)

Dear Judge Berman:

We are writing to inform you of the waiver agreement that HSBC Holdings plc and HSBC Bank USA, N.A. (collectively, "HSBC" or "the Bank") have entered with respect to the representation by Herrick, Feinstein LLP (the "Firm") of Mehmet Hakan Atilla in connection with his defense in *United States v. Reza Zarrab*, S3 15 Cr. 867 (RMB) (S.D.N.Y.).

The Firm has informed us that the Government alleges that Mr. Atilla and his conspirators helped companies associated with Iran send money to their customers through U.S. banks by stripping any evidence the payments were for Iranian companies. The Firm has also told us that the Government further alleges that the actions of the conspirators, including Mr. Atilla, tricked banks, including HSBC, into processing transactions barred by U.S. law that the banks would not have otherwise processed; exposed banks to significant potential losses, including regulatory scrutiny and civil penalties that could be levied by OFAC; and constitute U.S. sanctions violations and bank fraud.

We also understand from the Firm that the Government asserts that the Bank could be considered a victim in this matter. If the Bank were found to be a victim of the alleged scheme, it could be entitled to address the Court at any sentencing to describe the harm that Mr. Atilla and his conspirators caused the Bank; the Bank could have a right to restitution; and at trial the Bank could be called to testify about potential harm it incurred.

Subject to the conditions and limitations set forth below, the Bank hereby consents to the Firm's representation of Mr. Atilla in connection with his defense in *United States v. Zarrab*.

This consent is given on the conditions that (a) the Firm's attorneys who are representing Mr. Atilla will not be involved in the examination or cross-examination of any Bank personnel who may be called to participate in the Atilla proceedings; (b) the Firm's attorneys and other professionals who are representing Mr. Atilla (the "Atilla Defense Team") will not use any confidential information Herrick obtained in the course of its representation of the Bank; (c) members of the Atilla Defense Team do not, and have not, represented the Bank; and (d) this Firm has put in place an "ethical wall" so that (i) members of the Atilla Defense Team are blocked from accessing any Bank Files, and

those Herrick attorneys and other professionals working on Bank matters (the "Bank Team") are blocked from accessing the files of the Atilla Defense Team, and (ii) members of the Bank Team have been advised that they cannot discuss any fact or legal issue they learn in the course of their representation of the Bank with the Atilla Defense Team, and vice versa.

Please note that this consent does not extend to the representation by the Firm of Mr. Atilla in any other litigation, arbitration or other adversarial proceeding or claim that might arise between the Bank (or any subsidiary or affiliate of the Bank) and Mr. Atilla in connection with the charges the Government has filed against him, or otherwise. In the event of any such litigation, arbitration, other adverse proceeding or claim, the Firm will not represent Mr. Atilla unless the Bank gives the Firm a new written consent at that time to represent him.

The foregoing consent is also subject to the Firm's receipt of a written consent from Mr. Atilla to the Firm's present representation of the Bank and its subsidiaries and affiliates in connection with any and all matters in which the Firm currently represents the Bank or its subsidiaries and affiliates.

Agreed and accepted this 11th day of May 2017.

HSBC HOLDINGS PLC

By: _____
Shawn J. Chen

Global Co-General Counsel for Litigation and Regulatory Enforcement
Description of Duties: Responsible for overseeing all litigation and contentious regulatory enforcement matters across the HSBC Group

HSBC BANK USA, N.A.

By: _____
Mark L. LoSacco

Executive Vice-President and General Counsel for Litigation, HSBC North America
Description of Duties: Responsible for overseeing all litigation matters involving U.S. subsidiaries of HSBC North America

# JPMORGAN CHASE & CO.

May 12, 2017

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 12D
New York, New York 10007

Re: *United States v. Reza Zarrab*, et al., S3 15 Cr. 867 (RMB)

Dear Judge Berman:

Herrick, Feinstein LLP (the "Firm"), from time to time represents JPMorgan Chase & Co. or certain of its subsidiaries ("JPMC" or the "Bank") in connection with various matters.

The Firm currently represents Mehmet Hakan Atilla in connection with his defense in *United States v. Reza Zarrab*, S3-cr-867 (RMB) (S.D.N.Y.). The Government has charged Mr. Atilla with conspiracy to violate the United States sanctions on Iran and conspiracy to commit bank fraud.

According to the Government, JPMC could be considered a victim in this matter. At this time, JPMC understands that the Government has not offered any evidence to connect JPMC with the crimes they allege against Mr. Atilla and his co-conspirators. Nevertheless, JPMC understands that if JPMC were found to be a victim of the alleged scheme, it could be entitled to address the Court at any sentencing to describe the harm Mr. Atilla and his co-conspirators caused the Bank; could have a right to restitution; and at trial could be called to testify about potential harm it incurred.

Because the Firm's representation of Mr. Atilla could constitute a potential conflict of interest within the meaning of applicable lawyer codes, the Firm has requested JPMC to consent to the representation. The Firm has represented to JPMC that the Firm's representation of Mr. Atilla would not have an adverse effect on the Firm's independent professional judgment on JPMC's behalf.

Subject to the conditions and limitations set forth below, JPMC hereby consents to the Firm's representation of Mr. Atilla in connection with his defense in *United States v. Zarrab*.

This consent is given on the condition that (a) the Firm's attorneys will not be involved in the examination or cross-examination of any JPMC personnel who may be called to participate in the Atilla proceeding or respond to a claim for restitution by JPMC; (b) in representing Mr. Atilla, the Firm's attorneys will not use any confidential information

# JPMORGAN CHASE & CO.

Honorable Richard M. Berman
May 12, 2017
Page 2

obtained in the course of their representation of the Bank; and (c) the consent extends only to the Firm's representation of Mr. Atilla in connection with the Firm's defense in *United States v. Zarrab*.

Please note that this consent does not extend to the representation by the Firm of Mr. Atilla in any other litigation, arbitration or other adversarial proceeding or claim that might arise between JPMC and Mr. Atilla in connection with the charges the Government has filed against him, or otherwise. In the event of any such litigation, arbitration, other adverse proceeding or claim, the Firm will not represent Mr. Atilla unless the Bank gives the Firm a new written consent at that time to represent him.

The foregoing consent is also subject to the Firm's receipt of a written consent from Mr. Atilla to the Firm's present representation of JPMC in connection with any and all matters in which the Firm currently represents JPMC or its subsidiaries and affiliates. Such consent shall clearly state that the Firm has disclosed the potential conflict and the terms of this waiver to Mr. Atilla.

Agreed and accepted this ___12th___ day of May, 2017.


JPMORGAN CHASE BANK,

By: _____
Name: Jason Sabot
Title: Managing Director & Associate General Counsel,
       Government Investigations & Regulatory Enforcement, Litigation Department



Law Department
MAC D1053-300
One Wells Fargo Center
301 South College Street
Charlotte, NC 28202

Tel: 704 374 6611

May 17, 2017

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 12D
New York, NY 10007

Re: *U.S. v. Reza Zarrab, et al.*, S3 15 Cr. 867 (RMB) (S.D.N.Y.)

Dear Judge Berman:

I am respectfully writing to confirm the specific consent of Wells Fargo Bank, N.A. ("Wells Fargo" or the "Bank") to the representation by Herrick, Feinstein LLP ("Herrick") of a party in the captioned matter. Herrick's representation, if not properly limited, would result in a Conflict of Interest that is not covered by any of the general consents contained in the current *Wells Fargo & Company Policy Regarding Legal Conflicts of Interest* (the "*Conflicts Policy*") or has been identified by Wells Fargo as a potential Conflict of Interest to which the general consent provisions of the policy do not apply. Terms used but not defined herein have the meanings ascribed to them in the *Conflicts Policy*.

The information set forth below has been provided to us by Herrick. Herrick represents Mehmet Hakan Atilla in connection with his defense in *United States v. Zarrab, et al.*, S3 15-cr-867 (RMB) (S.D.N.Y.). The Government alleges that certain individuals conspired with Mr. Atilla to help companies associated with Iran send money to their customers through U.S. banks by stripping any evidence the payment was for the Iranian company. The Government further alleges that the actions of Mr. Atilla and his co-conspirators tricked banks, including Wells Fargo, into processing transactions barred by U.S. law that the banks would not have otherwise processed; exposed banks to significant potential loss, including regulatory scrutiny and civil penalties that could be levied by OFAC; and constitute (a) a conspiracy to violate U.S. sanctions, and (b) a conspiracy to commit bank fraud.

The Government asserts that Wells Fargo could be considered a victim in this matter. If Wells Fargo were found to be a victim of the alleged schemes, it could be entitled to address the Court at any sentencing to describe the harm caused to the Bank; Wells Fargo could have a right to restitution; and at trial Wells Fargo could be called to testify about potential harm it incurred.

Herrick lawyers Victor Rocco, Thomas Thornhill, David Rosenfield and Heather Robinson represent Mr. Atilla. Herrick represents Wells Fargo in connection with real estate matters.

If Wells Fargo consents to Herrick's representation of Mr. Atilla in this matter, Herrick acknowledges and agrees that its representation of Mr. Atilla (whether through trial or appellate work) will not pertain to developing or advancing any argument that Wells Fargo knew of, was complicit with or otherwise was not a victim of the alleged illegal transactions. Herrick understands that it is subject to all applicable rules of professional conduct and that Herrick will not (1) disclose to Mr. Atilla any

Together we'll go far

May 17, 2017
Page 2

confidential information concerning Wells Fargo or its businesses (including, without limitation, trade secrets, matters covered by the attorney-client privilege and matters covered by the attorney work product privilege); (2) use such information in any matter or proceeding without Wells Fargo's consent; or (3) represent Mr. Atilla in any subsequent dispute with Wells Fargo arising out of any prior dispute for which a general or specific consent has not been given by Wells Fargo, as applicable.

Furthermore, Herrick agrees to adhere to all of the limitations and other protections to which Kirkland & Ellis is bound or otherwise agreed, including those recited in the Court Order dated February 15, 2017 as to "Bank Clients." These include, but are not limited to, Herrick's agreement to not "participate in the examination or cross examination of Client Bank personnel" and Herrick's agreement to establish a "communication wall". (See the Court's February 15, 2017 Order, page 9.)

Any change to or modification of the terms contained in this letter shall not be effective unless reduced to writing and signed by a representative of Wells Fargo's law department. This consent is also subject to Herrick obtaining a written consent from Mr. Atilla to Herrick's present representation of Wells Fargo in connection with any and all matters in which Herrick currently represents Wells Fargo.

Wells Fargo agrees that Herrick may conduct its proposed representation in the referenced matter subject to these conditions, or subject to such additional conditions as Wells Fargo may deem appropriate under the circumstances, if any.

Respectfully submitted,

Vince Altamura
Title: Managing Counsel