

Victor J. Rocco
Partner
Phone: 212.592.1422
Fax: 212.545.2333
vrocco@herrick.com

June 8, 2017

VIA ECF

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17B
New York, New York 10007

Re:   United States v. Reza Zarrab, et al., S3 15 Cr. 867 (RMB)

Dear Judge Berman:

This letter is respectfully submitted in connection with the continuation of the *Curcio* hearing on June 12, 2017, of Herrick, Feinstein LLP's ("Herrick") client in the captioned matter, defendant Mehmet Hakan Atilla. This letter addresses the issues raised by the Court at Mr. Atilla's initial *Curcio* hearing on May 18th.

First, as discussed at the May 18th hearing, both Herrick and Mr. Atilla's independent court-appointed counsel, Joshua Dratel, have discussed with Mr. Atilla Herrick's representation of the Republic of Turkey and the seven purported "victim banks" who are clients of Herrick: Bank of America; Bank of New York Mellon; Citibank; Deutsche Bank; HSBC; JP Morgan Chase and Wells Fargo (the "Bank Clients"). We prepared a conflict waiver letter for Mr. Atilla to sign. Mr. Dratel reviewed it with Mr. Atilla in detail, and he signed it. A copy of Mr. Atilla's executed conflict waiver letter is attached hereto. We are providing a copy of Mr. Atilla's executed conflict waiver letter to each of the Bank Clients.

Second, as also discussed at the May 18th hearing, Herrick has put in place a second "ethical wall" so that (i) Herrick's attorneys and other professionals who are representing Mr. Atilla (the "Atilla Defense Team") are blocked from accessing any Republic of Turkey files, and those Herrick attorneys and other professionals working on Republic of Turkey matters (the "Republic of Turkey Team") are blocked from accessing the files of the Atilla Defense Team, and (ii) members of the Republic of Turkey Team have been advised that they cannot discuss any fact or legal issue they learn in the course of their representation of the Republic of Turkey with the Atilla Defense Team, and vice versa.

Third, as requested, Herrick has submitted its retainer agreement with Mr. Atilla to the Court *ex parte*.

Fourth, given that, as we advised the Court at the May 18th *Curcio* hearing, Mr. Atilla's employer, Halkbank, is paying for Mr. Atilla's legal fees, as requested, we are submitting proposed questions to him regarding this issue. Those proposed questions are attached.



The Honorable Richard M. Berman
June 8, 2017
Page 2

Fifth, Mr. Atilla has retained Fleming Ruvoldt PLLC, and, in particular, Cathy Fleming at that firm, to act as his co-counsel in this case to deal with, among other things, any matters pertaining to the Bank Clients or the Republic of Turkey. Fleming Ruvoldt and Ms. Fleming do not represent either the Republic of Turkey, Halkbank, or any of the 11 so-called "victim banks." Fleming Ruvoldt and Ms. Fleming, who are independent of Herrick, will be responsible for determining and asserting any victim bank-related defenses or defenses related to the Republic of Turkey. As Halkbank is a third party payor with respect to Mr. Atilla's engagement of Fleming Ruvoldt, we have also submitted Fleming Ruvoldt's engagement letter with Mr. Atilla *ex parte* for the Court's review.

Finally, as the Court noted at the May 18th *Curcio* hearing, certain *Curcio*-related questions to Mr. Atilla proposed by the Government in the attachment (Doc # 235-1) to its May 1, 2017 filing will be asked of Mr. Atilla at the June 12th continuation of the *Curcio* hearing. Those questions are as follows:

1. Questions 10(d) (i), (ii) and (iii) on page 3; and

2. Questions 8 and 10-12 on pages 6-7.

Respectfully submitted,

HERRICK, FEINSTEIN LLP


_/s/ Victor J. Rocco_
Victor J. Rocco
Thomas E. Thornhill
2 Park Avenue
New York, New York 10016
Tel: (212) 592-1400
Fax: (212) 545-2326

Attachments

cc: All Counsel of Record (by ECF)

HF 11483134v.3


# HERRICK

Victor J. Rocco
Partner
Phone: 212.592.1422
Fax: 212.545.2333
vrocco@herrick.com

June 6, 2017

Mehmet Hakan Atilla
c/o Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

Re: <u>United States v. Reza Zarrab, et al., 15 Cr. 867 (RMB) (S.D.N.Y.)</u>

Dear Mr. Atilla:

I write to you to confirm that, subject to the conditions and limitations set forth herein, you hereby voluntarily, intentionally and knowingly waive any potential conflicts of interest on the part of your counsel in the captioned matter ("this matter"), Herrick, Feinstein LLP ("Herrick"), and request that Herrick be permitted to continue to represent you in this matter. Please understand that we are providing this letter to you out of an abundance of caution, since we believe that you already waived the potential conflicts of interests discussed herein at your May 18, 2017 hearing before Judge Berman. Nevertheless, it is important that you review this letter carefully, and again consider all of the advantages and disadvantages of waiving certain potential conflicts of interest on Herrick's part. We have forwarded a copy of this letter to Joshua Dratel, independent counsel appointed by the Court to advise you regarding conflict issues, and understand that you have discussed this letter with Mr. Dratel.

As Herrick has advised you, Herrick currently represents, and has from time to time represented, the Republic of Turkey in limited New York-based business transactions, in a number of real estate-related matters, and in certain litigations in connection with the recovery of stolen cultural property as well as a construction dispute. Herrick has never served as a Registered Foreign Agent for the Republic of Turkey. Herrick does not represent the Republic of Turkey in any matter related in any way to this matter. The Republic of Turkey has not been identified as a victim in this case, and accordingly, Herrick is not seeking a conflict waiver from Turkey.

Herrick has also advised you that Herrick currently represents, and has represented from time to time, primarily in the form of discrete asset-based financing transactions, discrete real estate matters and occasional minor litigation, the following financial institutions that the Government alleges were "victims "of the conduct giving rise to the charges against you: Bank of America, N.A.; Bank of New York Mellon; Citibank, N.A.; Deutsche Bank; HSBC; JPMorgan Chase Bank, N.A.; and Wells Fargo Bank, N.A. (collectively, the "Bank Clients"). Herrick does not represent the Bank Clients in any matter related in any way to this matter. You further understand from Herrick that the Government has indicated that at trial employees of the Bank Clients are expected to be called to testify about potential harm they suffered; if the Bank Clients are found to be victims of the schemes in which you allegedly participated, and you are convicted, they could be entitled to address the Court at sentencing to describe the harm you caused them; and they could have a right to restitution.

We have further advised you that, as a result of Herrick's duties to the Bank Clients, the Herrick attorneys representing you may not in this matter, (a) use or disclose any of the Bank



Mehmet Hakan Atilla
June 6, 2017
Page 2

Clients' confidential information that other Herrick attorneys have obtained in representing the Bank Clients in other matters; (b) cross-examine or assist in the cross-examination of witnesses employed by the Bank Clients; (c) use or advise on the use of court process to secure testimony or documents from the Bank Clients; and (d) through proof or arguments accuse the Bank Clients of wrongdoing or complicity in the allegedly illegal transactions that are the subject of this matter, or assist other lawyers in connection with any proof or arguments that may do so. We have further advised you that, should it be necessary for you, in the defense of your case, to undertake any of the matters set forth in points (b), (c) and/or (d) above, you understand that Herrick will have your co-counsel Cathy Fleming of Fleming Ruvoldt PLLC do so.

    We have also advised you that all of the Bank Clients except Citibank have waived Herrick's potential conflict of interest. You have been provided with and have read all of the Bank Clients' conflict waiver letters, and Mr. Dratel has gone over with you in detail each specific Bank Client conflict waiver letter. All of the Bank Clients' conflict waiver letters are attached hereto, and this will confirm that Herrick and its attorneys are bound by, and must abide by, all of the terms and conditions contained in the conflict waiver letters.

    Herrick has also advised you that Herrick's administration has instituted an "ethical wall" that separates the professionals on your defense team from those who are performing work for any of the Bank Clients. No one at Herrick other than the members of your defense team is permitted access to the defense team's materials without the express approval of Herrick's General Counsel, Jennifer Smith Finnegan. All professionals on either side of the wall have been advised that they may not access materials on the other side of the wall or discuss with each other any facts or legal issues on which they are working. Moreover, all professionals on either side of the wall have been blocked from accessing materials on the other side of the wall. Finally, none of the professionals on your defense team is engaged in any matter involving any of the Bank Clients which Herrick represents.

    Herrick has also advised you that, out of an abundance of caution, Herrick's administration has also instituted an "ethical wall" that separates the professionals on your defense team from those who are performing work for the Republic of Turkey. As noted, no one at Herrick other than the members of your defense team is permitted access to the defense team's materials without the express approval of Herrick's General Counsel, Ms. Finnegan. All professionals on either side of this ethical wall have been advised that they may not access materials on the other side of the wall or discuss with each other any facts or legal issues on which they are working. Moreover, all professionals on either side of this ethical wall have been blocked from accessing materials on the other side of the wall. Finally, none of the professionals on your defense team is engaged in any matter involving the Republic of Turnkey.

    We have also advised you that, with the exception of this matter, this consent by you and each respective Bank Client does not extend to the representation by Herrick of you in any other litigation, arbitration or other adversarial proceeding or claim that might arise between any Bank Client (or any subsidiary or affiliate of any Bank Client) and you in connection with the charges the Government has filed against you, or otherwise. In the event of any such litigation, arbitration, other adverse proceeding or claim, Herrick will not represent you unless the affected Bank Client provides Herrick with a new written consent at that time permitting Herrick to represent you.

HF 11474432v.3



Mehmet Hakan Atilla
June 6, 2017
Page 3

    By signing this letter and choosing to have Herrick continue to represent you instead of another firm, you confirm that (a) Herrick has disclosed its ongoing representation of the Bank Clients and the Republic of Turkey to you; (b) you consent to Herrick's continued representation of the Bank Clients and the Republic of Turkey in any current or future matters, with the exception of this matter; and (c) you waive any conflict of interest or other objection that may now exist or that may in the future arise in this case, and which could otherwise preclude Herrick from representing the Bank Clients or the Republic of Turkey in any matter, with the exception of this matter.

    By executing this letter you hereby acknowledge that you have not relied upon any advice provided by Herrick with respect to the potential conflict of interest issue set forth herein, but instead, have acted solely in reliance upon the advice of your independent counsel, Mr. Dratel, who, as noted, has been appointed by the Court for this purpose.

                                    Very truly yours,

                                      Victor J. Rocco

AGREED TO AND ACCEPTED BY:

_____
Mehmet Hakan Atilla

HF 11474432v.3

C. Paige Bobick
Associate General Counsel
and Senior Vice President

May 9, 2017

**Via Electronic Mail**

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 12D
New York, NY 10007

Re:   <u>United States v. Reza Zarrab, et al., S3 15 Cr. 867 (RMB) (S.D.N.Y.)</u>

Dear Judge Berman:

We respectfully write to inform you of the waiver agreement Bank of America, N.A. (the "Bank") has entered with respect to the representation by Herrick, Feinstein LLP (the "Firm") of Mehmet Hakan Atilla in connection with his defense in *United States v. Reza Zarrab, et al.* S3 15-cr-867 (RMB) (S.D.N.Y.).

Subject to the conditions and limitations set forth below, the Bank has consented to the Firm's representation of Mr. Atilla in connection with his defense in *United States v. Zarrab*.

This consent is given on the conditions that (a) attorneys who perform or have performed services on behalf of the Bank or its affiliates will not assist in Mr. Atilla's defense; (b) during the pendency of the defense, the attorneys representing Mr. Atilla will not have any involvement in any other matter relating to the Bank; and (c) an "information wall" be established between the attorneys representing Mr. Atilla and the attorneys who perform services for the Bank.

Please note that this consent does not extend to the representation by the Firm of Mr. Atilla in any other litigation, arbitration or other adversarial proceeding or claim that might arise between the Bank (or any subsidiary or affiliate of the Bank) and Mr. Atilla in connection with the charges the Government has filed against him, or otherwise. In the event of any such litigation, arbitration, other adverse proceeding or claim, the Firm will not represent Mr. Atilla unless the Bank gives the Firm a new written consent at that time to represent him.

The foregoing consent is also subject to the Firm's receipt of a written consent from Mr. Atilla to the Firm's present representation of the Bank and its subsidiaries and affiliates in connection with any and all matters in which the Firm currently represents the Bank or its subsidiaries and affiliates.

Respectfully submitted,

C/ Paige Bobick

Title:  Associate General Counsel and Senior Vice President, Bank of America, N.A.
Description of Duties and Responsibilities:  Attorney – Litigation & Regulatory Inquires

cc: David M. Grimes, Administration

Bank of America Corporation
Legal Department
NC1-027-20-05
201 N. Tryon Street, Charlotte, NC 28255

**Bank of America**



**BNY MELLON**

Michael Heyrich, Esq.
Director
Manager, Global Legal Support

225 Liberty Street
21st floor
New York, NY 10286

T 212 635 1621
michael.heyrich@bnymellon.com

May 11, 2017

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, NY 10007

c/o Herrick, Feinstein LLP
David M. Rosenfield, Esq.
Two Park Avenue
New York, NY 10016

Re:   United States v. Reza Zarrab, et al., S2 15 Cr. 867

My dear Judge Berman,

We write to inform you of the waiver agreement The Bank of New York Mellon Corporation ("BNY Mellon") has entered into with respect to the representation by Herrick, Feinstein LLP (the "Firm") of Mehmet Hakan Atilla ("Atilla") in connection with his defense in the above referenced matter.

Subject to the conditions and limitations set forth below, BNY Mellon has consented to the Firm's representation of Atilla in connection with his defense in United States v. Zarrab, et al. (the "Representation").

Firm understands that BNY Mellon's consent applies solely to the specific conflict as it exists at present and fully described above. If a new development arises that materially changes the nature of the Representation, the Firm will promptly advise BNY Mellon of such development in writing and BNY Mellon reserves the right to withdraw the limited waiver contained herein under such circumstances. The Firm will treat The Bank of New York Mellon Corporation ("**BNY Mellon Corp.**") and each of BNY Mellon Corp.'s primary subsidiaries[1] as if they are each BNY Mellon for purposes of all conflict of interest analyses.

Firm represents that it has made an independent judgment that the Representation will not adversely affect its zealous representation of, or duty of loyalty to, BNY Mellon in connection with BNY Mellon matters and Firm's representation of BNY Mellon will not be limited by its responsibilities to its other client.

This consent is not a waiver of Firm's duty to keep confidential all information about BNY Mellon that Firm obtains in the course of its representation of BNY Mellon. Without limiting the generality of the foregoing, Firm shall take all appropriate measures to ensure that no

---

[1] A list of primary subsidiaries of The Bank of New York Mellon Corporation can be found in its Form 10-K submitted to the U.S. Securities and Exchange Commission.

Disclosure here.

information obtained through Firm's representation of BNY Mellon is accessible or made available to those persons at Firm involved in the Representation or to Firm's other client (i.e. chinese walls).

Firm will ensure that no one who has been involved in Firm's representation of BNY Mellon during the last 5 years, or is currently involved in Firm's representation of BNY Mellon, is involved or consulted in any way with respect to the Representation, and that those involved in the Representation have not worked on any BNY Mellon matter during the last 5 years and do not currently work on any BNY Mellon matter.

In the event that any Litigation arising out of or related to the Representation or the matters involved therein is commenced or threatened against BNY Mellon, Firm will not represent or provide advice to its other client or in any way assist in the conduct of any actual or threatened Litigation. "**Litigation**" includes, without limitation, any court proceeding, arbitration, contested matter, or adversary or alternative dispute resolution proceeding; any action where Firm seeks damages, a money judgment, or equitable relief against BNY Mellon, or the avoidance, disallowance, or subordination of BNY Mellon's claim or lien, including without limitation, any challenge as to the extent, validity, priority, enforceability or perfection of BNY Mellon's collateral or BNY Mellon's right to payment or other rights under any loan documents or agreements; any action to foreclose or judicially enforce a lien where BNY Mellon has a senior or junior lien on the property that is the subject of the foreclosure or judicial enforcement; and any subpoena, deposition, document production request, or other discovery with respect to BNY Mellon personnel or BNY Mellon's records.

Firm represents that it has obtained all necessary consents from Atilla.

Sincerely,

Michael Heyrich, Esq.

Title: Director

Description of Duties and Responsibilities: Attorney, Global Head of Outside Counsel Strategy and Governance, Conflicts Counsel

Deutsche Bank



May 9, 2017

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, New York 10007

Re: <u>United States v. Reza Zarrab, et al.</u>, S3 15 Cr. 867 (RMB) (S.D.N.Y.)

Dear Judge Berman:

We write to inform you of the waiver agreement Deutsche Bank A.G., New York Branch ("Bank") has entered with respect to the representation by Herrick, Feinstein LLP (the "Firm") of Mehmet Hakan Atilla in connection with his defense in *United States v. Zarrab, et al.*, S3 15-Cr-867 (S.D.N.Y.).

Subject to the conditions and limitations set forth below, the Bank has consented to the Firm's representation of Mr. Atilla in connection with his defense in *United States v. Zarrab*.

This consent is given on the condition that (a) attorneys who perform or have performed services on behalf of the Bank or its affiliates will not assist in Mr. Atilla's defense; (b) during the pendency of the defense, the attorneys representing Mr. Atilla will not have any involvement in any other matter relating to the Bank; and (c) an "information wall" be established between the attorneys representing Mr. Atilla and the attorneys who perform services for the Bank.

Please note that this consent does not extend to the representation by the Firm of Mr. Atilla in any other litigation, arbitration or other adversarial proceeding or claim that might arise between the Bank (or any subsidiary or affiliate of the Bank) and Mr. Atilla in connection with the charges the Government has filed against him, or otherwise. In the event of any such litigation, arbitration, other adverse proceeding or claim, the Firm will not represent Mr. Atilla unless the Bank gives the Firm a new written consent at that time to represent him.

The foregoing consent is also subject to the Firm's receipt of a written consent from Mr. Atilla to the Firm's present representation of the Bank and its subsidiaries and affiliates in connection with any and all matters in which the Firm currently represents the Bank or its subsidiaries and affiliates.

Sincerely,

By: /s/ ANDREW STEMMER
ANDREW STEMMER
Deutsche Bank A.G., New York Branch

Title: Director & Associate General Counsel, Head of Regulatory Enforcement for the Americas

Duties and Responsibilities: Responsible for managing regulatory enforcement matters in the Americas.

# HSBC

May 11, 2017

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 12D
New York, NY 10007

Re: <u>United States v. Reza Zarrab, et al., S3 15 Cr. 867 (RMB)</u>

Dear Judge Berman:

We are writing to inform you of the waiver agreement that HSBC Holdings plc and HSBC Bank USA, N.A. (collectively, "HSBC" or "the Bank") have entered with respect to the representation by Herrick, Feinstein LLP (the "Firm") of Mehmet Hakan Atilla in connection with his defense in *United States v. Reza Zarrab*, S3 15 Cr. 867 (RMB) (S.D.N.Y.).

The Firm has informed us that the Government alleges that Mr. Atilla and his conspirators helped companies associated with Iran send money to their customers through U.S. banks by stripping any evidence the payments were for Iranian companies. The Firm has also told us that the Government further alleges that the actions of the conspirators, including Mr. Atilla, tricked banks, including HSBC, into processing transactions barred by U.S. law that the banks would not have otherwise processed; exposed banks to significant potential losses, including regulatory scrutiny and civil penalties that could be levied by OFAC; and constitute U.S. sanctions violations and bank fraud.

We also understand from the Firm that the Government asserts that the Bank could be considered a victim in this matter. If the Bank were found to be a victim of the alleged scheme, it could be entitled to address the Court at any sentencing to describe the harm that Mr. Atilla and his conspirators caused the Bank; the Bank could have a right to restitution; and at trial the Bank could be called to testify about potential harm it incurred.

Subject to the conditions and limitations set forth below, the Bank hereby consents to the Firm's representation of Mr. Atilla in connection with his defense in *United States v. Zarrab*.

This consent is given on the conditions that (a) the Firm's attorneys who are representing Mr. Atilla will not be involved in the examination or cross-examination of any Bank personnel who may be called to participate in the Atilla proceedings; (b) the Firm's attorneys and other professionals who are representing Mr. Atilla (the "Atilla Defense Team") will not use any confidential information Herrick obtained in the course of its representation of the Bank; (c) members of the Atilla Defense Team do not, and have not, represented the Bank; and (d) this Firm has put in place an "ethical wall" so that (i) members of the Atilla Defense Team are blocked from accessing any Bank Files, and

those Herrick attorneys and other professionals working on Bank matters (the "Bank Team") are blocked from accessing the files of the Atilla Defense Team, and (ii) members of the Bank Team have been advised that they cannot discuss any fact or legal issue they learn in the course of their representation of the Bank with the Atilla Defense Team, and vice versa.

Please note that this consent does not extend to the representation by the Firm of Mr. Atilla in any other litigation, arbitration or other adversarial proceeding or claim that might arise between the Bank (or any subsidiary or affiliate of the Bank) and Mr. Atilla in connection with the charges the Government has filed against him, or otherwise. In the event of any such litigation, arbitration, other adverse proceeding or claim, the Firm will not represent Mr. Atilla unless the Bank gives the Firm a new written consent at that time to represent him.

The foregoing consent is also subject to the Firm's receipt of a written consent from Mr. Atilla to the Firm's present representation of the Bank and its subsidiaries and affiliates in connection with any and all matters in which the Firm currently represents the Bank or its subsidiaries and affiliates.

Agreed and accepted this 11th day of May 2017.

HSBC HOLDINGS PLC

By: _____
Shawn J. Chen

Global Co-General Counsel for Litigation and Regulatory Enforcement
Description of Duties: Responsible for overseeing all litigation and contentious regulatory enforcement matters across the HSBC Group

HSBC BANK USA, N.A.

By: _____
Mark L. LoSacco

Executive Vice-President and General Counsel for Litigation, HSBC North America
Description of Duties: Responsible for overseeing all litigation matters involving U.S. subsidiaries of HSBC North America

# JPMorgan Chase & Co.

May 12, 2017

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 12D
New York, New York 10007

Re: **United States v. Reza Zarrab, et al., S3 15 Cr. 867 (RMB)**

Dear Judge Berman:

Herrick, Feinstein LLP (the "Firm"), from time to time represents JPMorgan Chase & Co. or certain of its subsidiaries ("JPMC" or the "Bank") in connection with various matters.

The Firm currently represents Mehmet Hakan Atilla in connection with his defense in *United States v. Reza Zarrab*, S3-cr-867 (RMB) (S.D.N.Y.). The Government has charged Mr. Atilla with conspiracy to violate the United States sanctions on Iran and conspiracy to commit bank fraud.

According to the Government, JPMC could be considered a victim in this matter. At this time, JPMC understands that the Government has not offered any evidence to connect JPMC with the crimes they allege against Mr. Atilla and his co-conspirators. Nevertheless, JPMC understands that if JPMC were found to be a victim of the alleged scheme, it could be entitled to address the Court at any sentencing to describe the harm Mr. Atilla and his co-conspirators caused the Bank; could have a right to restitution; and at trial could be called to testify about potential harm it incurred.

Because the Firm's representation of Mr. Atilla could constitute a potential conflict of interest within the meaning of applicable lawyer codes, the Firm has requested JPMC to consent to the representation. The Firm has represented to JPMC that the Firm's representation of Mr. Atilla would not have an adverse effect on the Firm's independent professional judgment on JPMC's behalf.

Subject to the conditions and limitations set forth below, JPMC hereby consents to the Firm's representation of Mr. Atilla in connection with his defense in *United States v. Zarrab*.

This consent is given on the condition that (a) the Firm's attorneys will not be involved in the examination or cross-examination of any JPMC personnel who may be called to participate in the Atilla proceeding or respond to a claim for restitution by JPMC; (b) in representing Mr. Atilla, the Firm's attorneys will not use any confidential information

# JPMorgan Chase & Co.

Honorable Richard M. Berman
May 12, 2017
Page 2

obtained in the course of their representation of the Bank; and (c) the consent extends only to the Firm's representation of Mr. Atilla in connection with the Firm's defense in *United States v. Zarrab*.

Please note that this consent does not extend to the representation by the Firm of Mr. Atilla in any other litigation, arbitration or other adversarial proceeding or claim that might arise between JPMC and Mr. Atilla in connection with the charges the Government has filed against him, or otherwise. In the event of any such litigation, arbitration, other adverse proceeding or claim, the Firm will not represent Mr. Atilla unless the Bank gives the Firm a new written consent at that time to represent him.

The foregoing consent is also subject to the Firm's receipt of a written consent from Mr. Atilla to the Firm's present representation of JPMC in connection with any and all matters in which the Firm currently represents JPMC or its subsidiaries and affiliates. Such consent shall clearly state that the Firm has disclosed the potential conflict and the terms of this waiver to Mr. Atilla.

Agreed and accepted this ___12___ day of May, 2017.


JPMORGAN CHASE BANK,

By: _____
Name: Jason Sabot
Title: Managing Director & Associate General Counsel,
Government Investigations & Regulatory Enforcement, Litigation Department



Law Department
MAC D1053-300
One Wells Fargo Center
301 South College Street
Charlotte, NC 28202

Tel: 704 374 6611

May 17, 2017

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 12D
New York, NY 10007

Re: <u>U.S. v. Reza Zarrab, et al., S3 15 Cr. 867 (RMB) (S.D.N.Y.)</u>

Dear Judge Berman:

I am respectfully writing to confirm the specific consent of Wells Fargo Bank, N.A. ("Wells Fargo" or the "Bank") to the representation by Herrick, Feinstein LLP ("Herrick") of a party in the captioned matter. Herrick's representation, if not properly limited, would result in a Conflict of Interest that is not covered by any of the general consents contained in the current *Wells Fargo & Company Policy Regarding Legal Conflicts of Interest* (the "*Conflicts Policy*") or has been identified by Wells Fargo as a potential Conflict of Interest to which the general consent provisions of the policy do not apply. Terms used but not defined herein have the meanings ascribed to them in the *Conflicts Policy*.

The information set forth below has been provided to us by Herrick. Herrick represents Mehmet Hakan Atilla in connection with his defense in *United States v. Zarrab, et al.*, S3 15-cr-867 (RMB) (S.D.N.Y.). The Government alleges that certain individuals conspired with Mr. Atilla to help companies associated with Iran send money to their customers through U.S. banks by stripping any evidence the payment was for the Iranian company. The Government further alleges that the actions of Mr. Atilla and his co-conspirators tricked banks, including Wells Fargo, into processing transactions barred by U.S. law that the banks would not have otherwise processed; exposed banks to significant potential loss, including regulatory scrutiny and civil penalties that could be levied by OFAC; and constitute (a) a conspiracy to violate U.S. sanctions, and (b) a conspiracy to commit bank fraud.

The Government asserts that Wells Fargo could be considered a victim in this matter. If Wells Fargo were found to be a victim of the alleged schemes, it could be entitled to address the Court at any sentencing to describe the harm caused to the Bank; Wells Fargo could have a right to restitution; and at trial Wells Fargo could be called to testify about potential harm it incurred.

Herrick lawyers Victor Rocco, Thomas Thornhill, David Rosenfield and Heather Robinson represent Mr. Atilla. Herrick represents Wells Fargo in connection with real estate matters.

If Wells Fargo consents to Herrick's representation of Mr. Atilla in this matter, Herrick acknowledges and agrees that its representation of Mr. Atilla (whether through trial or appellate work) will not pertain to developing or advancing any argument that Wells Fargo knew of, was complicit with or otherwise was not a victim of the alleged illegal transactions. Herrick understands that it is subject to all applicable rules of professional conduct and that Herrick will not (1) disclose to Mr. Atilla any

Together we'll go far

May 17, 2017
Page 2

confidential information concerning Wells Fargo or its businesses (including, without limitation, trade secrets, matters covered by the attorney-client privilege and matters covered by the attorney work product privilege); (2) use such information in any matter or proceeding without Wells Fargo's consent; or (3) represent Mr. Atilla in any subsequent dispute with Wells Fargo arising out of any prior dispute for which a general or specific consent has not been given by Wells Fargo, as applicable.

Furthermore, Herrick agrees to adhere to all of the limitations and other protections to which Kirkland & Ellis is bound or otherwise agreed, including those recited in the Court Order dated February 15, 2017 as to "Bank Clients." These include, but are not limited to, Herrick's agreement to not "participate in the examination or cross examination of Client Bank personnel" and Herrick's agreement to establish a "communication wall". (See the Court's February 15, 2017 Order, page 9.)

Any change to or modification of the terms contained in this letter shall not be effective unless reduced to writing and signed by a representative of Wells Fargo's law department. This consent is also subject to Herrick obtaining a written consent from Mr. Atilla to Herrick's present representation of Wells Fargo in connection with any and all matters in which Herrick currently represents Wells Fargo.

Wells Fargo agrees that Herrick may conduct its proposed representation in the referenced matter subject to these conditions, or subject to such additional conditions as Wells Fargo may deem appropriate under the circumstances, if any.

Respectfully submitted,

Vince Altamura
Title: Managing Counsel

Questions Regarding Payment of Mehmet Hakan Atilla's
Legal Fees and Expenses by His Employer Halkbank

1. You are aware that your employer Turkiye Halk Bankasi S.A. ("Halkbank") is paying for your legal fees and expenses in this matter, correct?

2. You are aware that Halkbank is paying your legal fees and expenses for your attorneys at Herrick, Feinstein LLP ("Herrick"), and your attorney Cathy Fleming of Fleming Ruvoldt PLLC ("Fleming Ruvoldt"), correct?

3. The fact that Halkbank is paying your Herrick legal fees and expenses was set forth in your March 28, 2017 retainer agreement with Herrick, and both you and Halkbank signed the retainer agreement, correct?

4. You are further aware that Halkbank is majority owned by the Republic of Turkey, and that Turkey is a Herrick client, correct?

5. Do you understand that, because of this fee arrangement, as well as the Republic of Turkey's majority ownership of Halkbank, your Herrick attorneys may not wish to take positions in this case before trial, during trial, at sentencing, or on appeal, that are critical of Halkbank, even if criticizing the bank might help your defense?

6. Do you understand that your retainer agreement with Herrick also provides you are Herrick's only client in this matter, and that therefore we are not representing either Halkbank or the Republic of Turkey in this matter?

7. Do you understand that, since you are Herrick's only client in this matter, Herrick owes you a duty of undivided loyalty?

8. The fact that Halbank is paying your Fleming Ruvoldt legal fees and expenses is set forth in your May 24, 2017 retainer agreement with Fleming Ruvoldt, and both you and Halkbank signed this retainer agreement, correct?

9. Do you understand that, because of this fee arrangement, Ms. Fleming may not wish to take positions in this case before trial, during trial, at sentencing, or on appeal, that are critical of Halkbank, even if criticizing the bank might help your defense?

10. Do you recognize that your interest in a public trial of the charges in this case may be different from the interests of Halkbank?

11. Have you consulted with your independent counsel, Joshua Dratel, concerning the issue of Halkbank's payment of your Herrick and Fleming Ruvoldt legal fees and expenses, and Herrick client the Republic of Turkey's majority ownership of Halkbank?

12. Do you understand that, if Halkbank ceases to pay your legal fees and expenses, and you are unable to do so yourself, Herrick and Fleming Ruvoldt may seek to withdraw as your attorneys in this case?

HF 11483109v.3

13. After considering what I have said today about the way in which Halkbank's payment of your Herrick and Fleming Ruvoldt legal fees and expenses, including Halkbank's majority ownership by Herrick client the Republic of Turkey, could adversely affect your defense, do you believe that it is in your best interest to continue with Herrick and Fleming Ruvoldt as two of the law firms representing you? Is that your wish?