# EXHIBIT B

## Cathy Fleming

| | |
|---|---|
| From: | Cathy Fleming |
| Sent: | Monday, October 16, 2017 5:15 PM |
| To: | 'Kamaraju, Sidhardha (USANYS)'; Denton, David (USANYS); Lockard, Michael (USANYS); Sovolos, Dean (USANYS) |
| Cc: | Victor J. Rocco (vrocco@herrick.com); Thornhill, Thomas; 'Rosenfield, David'; Robert Fettweis; Jonathan Stern |
| Subject: | US v Mehmet Hakan Atilla |
| Attachments: | 2017-10-16 Letter to Govt re Recordings.pdf |

Gentlemen:

We are in the process of addressing admissibility issues regarding the recordings in this case. The information you provided in your October 12, 2017 email ("the Government expects to authenticate and introduce the digital recordings through the live testimony of witnesses with knowledge, in the usual course of admitting recordings") is of little help as it fails to address some of the questions we've raised with you about the recordings. Among other things, these recordings are incomplete, the generation and origin of the recordings are unknown, we have no information regarding chain of custody, etc. I have attached a more formal letter which may help you form responses to our questions. We intend to seek the Court's aid in obtaining more information to address their inadmissibility before trial. We are mindful that the Court asked us to work it out, but your email makes it clear that you are not prepared to disclose more information at this time.

Please also accept this as our formal request to have an expert examine forensically the recordings in the custody and control of the Government.

We do need the following additional information, which you have not addressed:
Was there any involvement, directly or indirectly, by any agent or agency of the United States, in the investigation that led to the December 2013 arrest of Mr. Zarrab and others in Turkey? This would include OFAC, the State Department, any intelligence agency, and any employees or representatives of the United States consulates or embassies, including without limitation as informants?

I look forward to hearing from you at your earliest convenience.


Cathy Fleming
Fleming.Ruvoldt PLLC
1700 Broadway, 28th FL
New York, NY 10019
212.706.1850

250 Moonachie Road
Suite 501
Moonachie, NJ 07074
Tel: 201.518.7907
Fax: 201.518.7879

1

cfleming@flemingruvoldt.com
www.flemingruvoldt.com

2

 **HERRICK**

Victor J. Rocco
Partner
Phone: 212.592.1422
Fax: 212.545.2333
vrocco@herrick.com

October 16, 2017

**VIA ELECTRONIC MAIL**

Michael Lockard
Sidhardha Kamaraju
David Denton, Jr.
Dean Sovolos
Assistant United States Attorneys
United States Attorney's Office
  for the Southern District of New York
One St. Andrew's Plaza
New York, New York  10007

Re:   **United States v. Zarrab, et al, S3 15-CR-867 (RMB)**

Gentlemen:

As you know, on behalf of Mehmet Hakan Atilla, several months ago we requested from the government various information regarding the recordings and transcripts from the Turkish police investigation that you have provided to us in discovery. In response, in your email to us on October 12th, you stated as follows:

> you asked for more information about the audio recordings that the Government has produced to you in discovery. We've circled up, and what we can tell you, subject to the terms of the Protective Order entered in this case, is that the Government has submitted an MLAT to Turkey for records pertaining to the Turkish investigation of some of the conduct charged in this case, but we have not received a response. At trial, the Government expects to authenticate and introduce the digital recordings through the live testimony of witnesses with knowledge, in the usual course for admitting recordings. If you still want to have a call to discuss, we're happy to set that up, but we are not prepared to disclose more information than this at this time.

Your response is wholly inadequate and insufficient under Rule 16, and we reiterate our prior requests for information regarding the recordings and transcripts. We also formally request that the government make available to us the recordings in its possession so that we can conduct appropriate forensic testing on them. Further, and as a supplement to our prior requests, we request the following specific information about the recordings and transcripts:

1.   How did the government initially learn about the recordings and transcripts?

    (a)   From whom?

# HERRICK

Messrs. Lockard, Kamaraju, Denton & Sovolos
October 16, 2017
Page 2

- (b) When?

- (c) What was the government told about the recordings and transcripts, including where and how they were obtained, what they consisted of and their availability to the government?

- (d) What did the government do in response to this?

2. How did the government obtain the recordings and transcripts?

    - (a) From whom? With whom was that person employed at the time? How and where did that person obtain the recordings and transcripts?

    - (b) When were the recordings and transcripts received by the government?

    - (c) How and where were they received?

    - (d) Was there more than one production of recording and transcripts? If so, provide the details.

    - (e) In what form were the recordings received (e.g., CD Roms, DVDs)

    - (f) How did the government preserve the recordings?

3. What did the government obtain/not obtain regarding the calls?

    - (a) Recordings with transcripts

    - (b) Transcripts without recordings

    - (c) What explanation was given as to why certain recordings were missing, even though transcripts existed?

    - (d) Neither recording nor transcript

    - (e) What explanation was given as to why in certain cases there was neither a recording nor a transcript?

    - (f) Pen registers

4. The Recordings

    - (a) Was the government provided with the original analog or digital recordings, or copies thereof?

    - (b) How does the government know whether it has the original recordings or copies thereof?

 HERRICK

Messrs. Lockard, Kamaraju, Denton & Sovolos
October 16, 2017
Page 3

    (c)    Did the government conduct any tests on the recordings to determine if they had been tampered with? If so, what tests were performed and what were the results?

5.    The Turkish Wiretaps

    (a)    What did the government learn about how the Turkish police wiretaps were conducted and from whom?

    (b)    Beginning and end dates

    (c)    Logs and line sheets

    (d)    Sealing of original tapes of recordings

    (e)    Discarding or destruction of any tapes, and if so, for what reason.

    (f)    Periodic reports of wiretap results

We ask that you respond to our requests no later than Wednesday, October 18, 2017. Should we not receive your response by October 18th, we will promptly raise this issue with the Court.

Very truly yours,

FLEMING.RUVOLDT PLLC              HERRICK, FEINSTEIN LLP

By:    /s/
        Cathy A. Fleming

By:    /s/
        Victor J. Rocco