UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                          :

UNITED STATES OF AMERICA

                                                           :

                 - v. -                          S4 15 Cr. 867 (RMB)

                                                           :

REZA ZARRAB,
   a/k/a "Riza Sarraf,"                  :
MEHMET HAKAN ATILLA,
MEHMET ZAFER CAGLAYAN,       :
   a/k/a "Abi,"
SULEYMAN ASLAN,                  :
LEVENT BALKAN,
ABDULLAH HAPPANI,             :
MOHAMMAD ZARRAB,
   a/k/a "Can Sarraf,"             :
   a/k/a "Kartalmsd,"
CAMELIA JAMSHIDY,             :
   a/k/a "Kamelia Jamshidy," and
HOSSEIN NAJAFZADEH,          :

                         Defendants.     :

                                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


### JOINT PROPOSED REQUESTS TO CHARGE


                                    JOON H. KIM
                                    Acting United States Attorney for the
                                    Southern District of New York
                                    Attorney for the United States of America

Michael D. Lockard
Sidhardha Kamaraju
David W. Denton, Jr.
  Assistant United States Attorneys
Dean C. Sovolos
  Special Assistant United States Attorney
- Of Counsel -

## <u>TABLE OF CONTENTS</u>

<u>Request No.</u>                                                                                                      <u>Page</u>

1.  Introductory Matters ........................................................................................... 3

2.  Role of the Jury .................................................................................................... 4

3.  Evidence................................................................................................................ 8

4.  Rulings on Evidence and Objections ................................................................. 10

5.  Presumption of Innocence................................................................................... 11

6.  Reasonable Doubt ............................................................................................... 13

7.  Credibility of Witnesses..................................................................................... 15

8.  Evaluation of Testimony..................................................................................... 18

9.  Direct and Circumstantial Evidence .................................................................. 23

10. Summary of Indictment ...................................................................................... 24

11. Count One: Conspiracy to Defraud the United States ....................................... 29

12. (General Instructions) ......................................................................................... 29

13. Count One: Conspiracy to Defraud the United States ....................................... 32

14. (Elements of Conspiracy) ................................................................................... 32

15. Count One: Conspiracy to Defraud the United States ....................................... 34

16. (Existence of the Conspiracy)............................................................................ 34

17. Count One: Conspiracy to Defraud the United States ....................................... 38

18. (Object of the Conspiracy).................................................................................. 38

19. Count One: Conspiracy to Defraud the United States ....................................... 43

20. (Membership in the Conspiracy) ........................................................................ 43

21. Count One: Conspiracy to Defraud the United States ....................................... 51

22. (Overt Act) ................................................................................................. 51

23. Count One: Conspiracy to Defraud the United States ................................... 53

24. (Conscious Avoidance) ............................................................................... 53

25. Count Two: IEEPA Conspiracy .................................................................. 58

26. (General Instructions) ................................................................................ 58

27. Count Two: IEEPA Conspiracy .................................................................. 59

28. (Statutory Background) .............................................................................. 59

29. Count Two: IEEPA Conspiracy .................................................................. 64

30. (Elements of the Offense) .......................................................................... 64

31. Count Two: IEEPA Conspiracy .................................................................. 65

32. (Object of the Conspiracy) ......................................................................... 65

33. Count Two: IEEPA Conspiracy .................................................................. 68

34. (License, Order, Regulation, or Prohibition) .............................................. 68

35. Count Two: IEEPA Conspiracy .................................................................. 77

36. (Definitions) .............................................................................................. 77

37. Count Two: IEEPA Conspiracy .................................................................. 83

38. (Willfulness) .............................................................................................. 83

39. Count Two: IEEPA Conspiracy .................................................................. 86

40. (Lack of OFAC License) ............................................................................ 86

41. Count Two: IEEPA Conspiracy .................................................................. 90

42. (No Overt Act Requirement) ...................................................................... 90

43. Counts Three and Four: Bank Fraud and Bank Fraud Conspiracy ............... 91

44. (The Statute) .............................................................................................. 91

45. Count Three: Bank Fraud ............................................................................ 92

46. (Elements) ................................................................................................ 92

47. Count Three: Bank Fraud ............................................................................ 94

48. (Existence of a Scheme or Artifice) ............................................................ 94

49. Count Three: Bank Fraud .......................................................................... 100

50. (Intent to Defraud) .................................................................................. 100

51. Count Three: Bank Fraud .......................................................................... 105

52. (Federally Insured Financial Institution) .................................................. 105

53. Count Three: Bank Fraud .......................................................................... 106

54. (Aiding and Abetting) .............................................................................. 106

55. Count Three: Bank Fraud .......................................................................... 108

56. (Co-Conspirator Liability Pursuant to *Pinkerton* v. *United States*, 328 U.S. 640 (1946))
    108

57. Count Four: Bank Fraud Conspiracy .......................................................... 110

58. Count Five: Money Laundering .................................................................. 111

59. Count Five: Money Laundering (Elements) ................................................ 112

60. Count Five: Money Laundering .................................................................. 113

61. (Transportation of a Monetary Instrument or Funds  to or from or through the United

    States) ...................................................................................................... 113

62. Count Five: Money Laundering .................................................................. 114

63. (Intent to Promote Specified Unlawful Activity) ........................................ 114

64. Count Five: Money Laundering .................................................................. 118

65. (Intent to Promote Specified Unlawful Activity) ........................................ 118

66. Count Five: Money Laundering ........................................................................ 121

67. (Aiding and Abetting and Co-Conspirator Liability) ...................................... 121

68. Count Six: Money Laundering Conspiracy ..................................................... 123

69. Venue ............................................................................................................... 129

70. Variance in Dates ............................................................................................ 131

71. Particular Investigative Techniques Not Required .......................................... 132

72. All Available Evidence Need Not Be Introduced ........................................... 134

73. Charts, Maps, and Summaries ......................................................................... 135

74. Testimony of Law Enforcement Officers ....................................................... 137

75. Testimony of Experts ...................................................................................... 138

76. Testimony of Confidential Sources ................................................................ 140

77. Stipulations ..................................................................................................... 141

78. Preparation of Witnesses ................................................................................ 142

79. Persons Not On Trial ...................................................................................... 143

80. Limiting Instruction—Similar Act Evidence ................................................. 144

81. Uncalled Witnesses—Equally Available ........................................................ 146

82. Evidence Obtained from Searches .................................................................. 147

83. Evidence Obtained from Wiretaps .................................................................. 149

84. Transcripts and Translations ........................................................................... 151

85. Interpreters ...................................................................................................... 152

86. False Exculpatory Statements ......................................................................... 153

87. Redaction of Evidentiary Items ...................................................................... 155

88. Defendant's Testimony ................................................................................... 156

89. Defendant's Right Not to Testify .................................................................... 157

90. Character Witnesses ..................................................................................... 158

91. Punishment Is Not To Be Considered By The Jury ......................................... 159

92. Verdict ........................................................................................................... 161

93. Conclusion ..................................................................................................... 164

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                         :

UNITED STATES OF AMERICA

                         :

      - v. -                    S4 15 Cr. 867 (RMB)

                         :

REZA ZARRAB,
  a/k/a "Riza Sarraf,"           :
MEHMET HAKAN ATILLA,
MEHMET ZAFER CAGLAYAN,     :
  a/k/a "Abi,"
SULEYMAN ASLAN,            :
LEVENT BALKAN,
ABDULLAH HAPPANI,        :
MOHAMMAD ZARRAB,
  a/k/a "Can Sarraf,"        :
  a/k/a "Kartalmsd,"
CAMELIA JAMSHIDY,       :
  a/k/a "Kamelia Jamshidy," and
HOSSEIN NAJAFZADEH,     :

           Defendants.    :

                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## REQUESTS TO CHARGE

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully submit the following proposed jury instructions. Where the parties have disagreed as to particular instructions, their respective proposals have been noted.

      The parties respectfully reserve the right to make supplemental requests to charge based on the evidence and arguments offered at trial.

      Where there is a disagreement between the parties regarding certain instructions, the language in the Government's requested charge to which the Defendant objects is set out in **bold print** and the Defendant's proposed alternative instruction is set out following the Government's

requested charge.  The Government objects to each of the Defendant's requested charges, except to the extent to which those proposed charges incorporate the Government's requested charging language.

## JOINT REQUEST NO. 1.

### Introductory Matters

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You will receive a copy of these instructions (along with a Verdict Sheet to be filled out by the jury) to take with you into the jury room. **Your decision (verdict) must be unanimous**.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any view of the law other than the one I give you.

### ATILLA'S REQUEST NO. 2.

### Role of the Jury

Your role, as I have earlier said, is to consider and decide the fact issues in this case. You, the members of the jury, are the sole and exclusive determiners of the facts. You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may exist in the testimony testimony, to the extent you determine there are conflicts; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own independent recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection. What I say is not evidence. In this connection, remember that a question alone put to a witness is never evidence. The answer is evidence. But you may not consider any answer that I directed you to disregard or that I directed be struck from the record. If there is any difference or contradiction between what any lawyer has said in their arguments to my view of the evidence, you and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence -- not the lawyers' and not mine -- that controls.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses or attorneys. These questions were intended only for clarification or to move things along, and were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any

other of the witnesses. **It is important that you understand that I wish to convey no opinion as to the facts or the verdict you should render in this case, and that if you nevertheless believe I did convey an opinion, you would be obliged to disregard it and not in any way to follow it.**

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice or passion for or against any party and without regard to what the reaction of the parties or the public to your verdict may be. I will later discuss with you how to pass upon the credibility of the witnesses.

## GOVERNMENT'S RESPONSE

Although the Government believes the Court's standard instruction is sufficient and correct, the Government has no objection to Atilla's proposal.

## ATILLA'S REQUEST NO. 3.

### Role of Counsel

Just as I have my duties as a judge and you have your duties as jurors, it has been the duty of each attorney in this case to object when the other side offered testimony or other evidence that the attorney believed is not properly admissible.  It has been my job to rule on those objections.  Therefore, why an objection was made or how I ruled on it is not your business.  You should draw no inference from the bare fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences out of your hearing.  These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

To be clear, the personalities and the conduct of counsel in the courtroom are not in any way at issue.  If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.[1]

### GOVERNMENT'S RESPONSE

Although the Government believes that the proposed instruction is unnecessary, if the Court believes that it is warranted, the Government does not object to the language of Atilla's proposed instruction.

---

[1] Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Zemlyansky, et al.*, S13 12 Cr. 171 (JPO) (S.D.N.Y. 2013).

6

## ATILLA'S REQUEST NO. 4.

### All Persons Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less deference.  The Government and the defendant stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to  whether the Government sustained its burden of proof, any personal feelings you may have about the defendants' race, national origin, sex or age or about the wisdom or impropriety of U.S. foreign policy and the actions of foreign nationals.  All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.[2]

### GOVERNMENT'S RESPONSE

The Government does not object to the language of Atilla's proposed instruction.

---

[2] Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Zemlyansky, et al.*, S13 12 Cr. 171 (JPO) (S.D.N.Y. 2013).

## GOVERNMENT REQUEST NO. 5.

### Evidence

The evidence from which you are to decide what the facts are consists of:

1) the sworn testimony of witnesses, on both direct and cross-examination,

regardless of who called the witness;

2) the exhibits that were received in evidence; and

3) any facts to which the lawyers have agreed or "stipulated."

**Nothing else is evidence.**

## ATILLA'S PROPOSED INSTRUCTION

### What is and What is Not Evidence

The evidence from which you are to decide what the facts are consists of:

1) the sworn testimony of witnesses, on both direct and cross-examination,

regardless of who called the witness;

2) the exhibits that were received in evidence; and

3) any facts to which the lawyers have agreed or "stipulated."

**Nothing else is evidence.**

In determining the facts you must rely upon your own recollection of the evidence.

What, then, is *not* evidence?  I instruct you that the following does not count as evidence:

*First,* testimony that I have stricken or excluded is not evidence.  You may not use it in rendering your verdict.  If certain testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the purpose I indicated.

*Second,* any exhibit that was not received into evidence.  Thus, exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

*Third,* arguments by lawyers are not evidence.  The reason is simple: advocates are not witnesses.  The opening and closing arguments of both sides explain how each side wants you to analyze the evidence, which consists of the testimony of witnesses and the documents and other exhibits that were entered into evidence.  What the lawyers have said to you is intended to help you understand the evidence -- and the lack of evidence -- as you deliberate to reach your verdict.  However, if your recollection of the facts differs from the lawyers' opening statements, questions to witnesses, or summations, it is your recollection that controls, not theirs.  For the same reasons, you are not to consider a lawyer's or a party's questions as evidence.  Only the witnesses' answers are to be considered evidence, not the questions.

*Finally,* any statements that I may have made do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen and heard.[3]

## GOVERNMENT'S RESPONSE

The Government believes that the Court's standard instruction is sufficient, clearer, and will not confuse the jury.  If, during the course of trial, additional evidentiary matters, such as stricken testimony, arise, the Court can address them as appropriate.

---

[3] Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Zemlyansky, et al.*, S13 12 Cr. 171 (JPO) (S.D.N.Y. 2013).

## JOINT REQUEST NO. 6.

### Rulings on Evidence and Objections

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate. You should not be swayed for or against either side simply because counsel for any party has chosen to make an objection. Nor should you be swayed by any ruling I made on an objection. Whether or not I may have sustained more objections for one side or the other has no bearing on your function, to consider all of the evidence that was admitted.

Further, do not concern yourself with what was said at side bar conferences or during my discussions with counsel. Nor does it make any difference whether any lawyer or whether I asked for a sidebar conference. Those discussions related to rulings of law and not to matters of fact.

At times I may have admonished a lawyer or witness, or directed a witness to be responsive to questions or to keep his or her voice up. At times I may have questioned a witness myself or made comments to a lawyer. Any questions that I asked, or instructions or comments that I gave, were intended only to move things along or to clarify the presentation of evidence and to bring out something which I thought was unclear. **You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question or instruction of mine**. Nor should you infer that I have any views as to the credibility of any witness, or as to the evidence or as to the weight of the evidence, or as to how you should decide any factual issue that is before you. This is entirely your role.

## **GOVERNMENT REQUEST NO. 7.**

### **Presumption of Innocence**

The Defendants have pleaded not guilty to the charges in the Indictment. As a result of their pleas of not guilty, the burden is on the Government to prove each of the Defendant's guilt beyond a reasonable doubt. This burden never shifts to any Defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying himself or herself or calling any witness or of locating or producing any evidence.

The law presumes each Defendant to be innocent of all the charges against him. I, therefore, instruct you that each Defendant is to be presumed by you to be innocent when the trial began, at this very moment, and throughout your deliberations and until such time, if it comes, that you as a jury are unanimously satisfied that the Government has proved him guilty beyond a reasonable doubt.

The presumption of innocence alone is sufficient to acquit a Defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. If the Government fails to sustain its burden with respect to a particular count, you must find the Defendant you are considering not guilty on that particular count.

### **ATILLA'S PROPOSED INSTRUCTION**

The Defendants have pleaded not guilty to the charges in the Indictment. The law presumes them innocent of all charges against them. As a result of their pleas of not guilty, the burden is and remains on the Government to prove each of the Defendant's guilt beyond a reasonable doubt. This burden never shifts to any Defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying himself or

herself or calling any witness or of locating or producing any evidence.  A defendant needs to do nothing to prove his innocence.  The burden is always on the government to prove his guilt beyond a reasonable doubt.

The law presumes each Defendant to be innocent of all the charges against him. I, therefore, instruct you that each Defendant is to be presumed by you to be innocent when the trial began, at this very moment, and throughout your deliberations and until such time, if it comes, that you as a jury are unanimously satisfied that the Government has proved him guilty beyond a reasonable doubt.

The presumption of innocence alone is sufficient to acquit a Defendant unless and until, after a careful and impartial consideration of all of the evidence in this case, you as jurors are unanimously convinced beyond a reasonable doubt of his guilt. If the Government fails to sustain its burden with respect to a particular count, you must find the Defendant you are considering not guilty on that particular count.

## **GOVERNMENT'S RESPONSE**

The Government believes the Court's standard instruction is both sufficient and correct.

## GOVERNMENT REQUEST NO. 8.

### Reasonable Doubt

The burden is always upon the Government to prove guilt beyond a reasonable doubt. This burden, as I have said, never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of testifying or of calling any witnesses or producing any evidence. A defendant is not even obligated to produce any evidence by cross-examining the witnesses for the Government.

It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the Government proves, beyond a reasonable doubt, that the Defendant you are considering has committed each and every element of an offense charged in the Indictment, you must find that Defendant not guilty of that offense. If the jury views the evidence as a whole in the case as reasonably permitting either of two conclusions—one of nonguilt, the other of guilt—the jury must, of course, adopt the conclusion of innocence. The absence of evidence in a criminal case is a valid basis for reasonable doubt.

### ATILLA'S PROPOSED INSTRUCTION

### Proof Beyond a Reasonable Doubt

The burden is always upon the Government to prove guilt beyond a reasonable doubt. This burden, as I have said, never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of testifying or of calling any witnesses or

producing any evidence. A defendant is not even obligated to produce any evidence by cross-examining the witnesses for the Government.

The government is required to prove guilt beyond a reasonable doubt. It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act in the most important of his or her own affairs. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the Government proves, beyond a reasonable doubt, that the Defendant you are considering has committed each and every element of an offense charged in the Indictment, you must find that Defendant not guilty of that offense. If the jury views the evidence as a whole in the case as reasonably permitting either of two conclusions—one of nonguilt, the other of guilt—the jury must, of course, adopt the conclusion of innocence. The absence of evidence in a criminal case is a valid basis for reasonable doubt.

## <u>GOVERNMENT'S RESPONSE</u>

The Government believes the Court's standard instruction is both sufficient and correct.

## JOINT REQUEST NO. 9.

### Credibility of Witnesses

You have had the opportunity to observe (all) the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole determiners of the credibility of each witness and of the importance of each witness's testimony.

How do you determine where the truth lies? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other believable testimony. You watched and heard the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness appear? What was the witness' demeanor while testifying? Often it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether in such a situation the witness' testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

15

## ATILLA'S REQUEST NO. 10.

### Sympathy or Prejudice

Your oath as jurors commands that you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in this case and you are to apply the law as I have instructed you. As you sift through the evidence, you must ask yourselves whether the prosecution has proven the Defendant's guilt. Once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict. Thus, if you have a reasonable doubt as to the Defendant's guilt, then you must render a verdict of acquittal. But if you should find that the prosecution has met its burden of proving the Defendant's guilt beyond a reasonable doubt, then you should not hesitate because of sympathy or for any other reason to render a verdict of guilty.

The question of possible punishment of the Defendant is of no concern to the jury and should not enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the Defendants are guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow any consideration of the punishment which may be imposed upon the Defendant, if he is convicted, to influence your verdict.

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence  in the case.[4]

---

[4] Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Zemlyansky, et al.*, S13 12 Cr. 171 (JPO) (S.D.N.Y. 2013).

## GOVERNMENT RESPONSE

The Government believes that the content of Atilla's proposed instruction is adequately conveyed at the conclusion of the charge in Joint Proposed Requests No. 76 and 78, and that it is unnecessary to repeat them here as well.

## **JOINT REQUEST NO. 11.**

### **Evaluation of Testimony**

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter) the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness' testimony as you deem true and disregard what you feel is false. As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

## ATILLA'S REQUEST NO. 12.

### Prior Inconsistent Statements

### *(If Applicable)*

You have heard evidence that, at some earlier time, witnesses may have said or done something that counsel argues is inconsistent with their trial testimony.

Evidence of a prior inconsistent statement was placed before you not because it is itself evidence of the guilt or innocence of the Defendant, but only for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether the prior statement was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.[5]

---

[5] Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Zemlyansky, et al.*, S13 12 Cr. 171 (JPO) (S.D.N.Y. 2013).

## GOVERNMENT'S RESPONSE

The Government does not believe that the evidence to be admitted at trial will warrant such an instruction.  In the event that the Court permits introduction of what the defense contends is a prior inconsistent statement, the Government reserves the right to revisit the specific language of the instruction at the charge conference.

## ATILLA'S REQUEST NO. 13.

### False in One, False in All

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.[6]

### GOVERNMENT'S RESPONSE

The defendant's proposed instruction "is not a correct statement of the law." *United States v. Monzon*, 869 F.2d 338, 346 (7th Cir. 1989) ("The Second Circuit has explicitly rejected the instruction as inconsistent with life's experience, United States v. Weinstein, 452 F.2d 704, 713 (2d Cir. 1971)").  As noted in the Comment to Instruction 7-17 of *Modern Federal Jury Instructions*, "with the exception of the Third Circuit, none of the published circuit pattern instructions include a *falsus in uno* instruction. Given this strong trend to refrain from charging the jury on this issue, it is recommended that no instruction be given but rather that a general instruction on credibility be given and that this issue be left to the argument of counsel."  Sand, *Modern Federal Jury Instructions*, Instr. 7-17.  Accordingly, the Government believes that this instruction should be omitted.

---

[6] *See* Third Circuit Model Criminal Jury Instructions § 4.26; 1A Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 15:06 (6th ed.) (hereinafter "O'Malley").

## ATILLA'S REQUEST NO. 14.

### Number of Witnesses

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should find the facts in favor of the side offering the most witnesses. The burden of proof is always on the government. The defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

In addition, as I mentioned before, the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.[7]

### GOVERNMENT'S RESPONSE

Although the Government believes that the proposed instruction is unnecessary, if the Court believes that it is warranted, the Government does not object to the language of Atilla's proposed instruction.

---

[7] Sand, *Modern Federal Jury Instructions*, Instr. 4-3.

## JOINT REQUEST NO. 15.

### Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his or her own senses — i.e., something seen, felt, touched, heard or tasted.  For example, if a witness testified that it was raining when he left his house this morning, that would be direct evidence of the weather this morning.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence as follows:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on all the evidence presented.

23

## GOVERNMENT'S PROPOSED REQUEST NO. 16.

### Summary of Indictment

The defendants, REZA ZARRAB and MEHMET HAKAN ATILLA, have been formally charged in an Indictment containing six counts, or charges.  In your deliberations and in reaching your verdict, you must consider each count and each defendant separately.

The Indictment in this case is not evidence. It merely describes the charges made against the Defendants. It is a set of accusations. It may not be considered by you as evidence of the guilt the Defendants. Only the evidence or lack of evidence decides that issue.

A copy of the Indictment will be furnished to you when you begin your deliberations.

Count One charges that, from at least in or about 2010, up to and including in or about 2015, the defendants agreed with others to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of the U.S. Department of the Treasury.

Count Two charges that, from at least in or about 2010, up to and including in or about 2015, the defendants agreed with others to violate and cause a violation of licenses, orders, regulations, and prohibitions pertaining to the Islamic Republic of Iran issued under the International Emergency Economic Powers Act.

Count Three charges that, from at least in or about 2010, up to and including in or about 2015, the defendants executed and attempted to execute a scheme to defraud a federally-insured financial institution.

Count Four charges that, from at least in or about 2010, up to and including in or about 2015, the defendants agreed with others to execute a scheme to defraud a federally-insured financial institution.

Count Five charges that, from at least in or about 2010, up to and including in or about 2015, the defendants engaged in certain financial transactions in order to promote the carrying on of specified unlawful activities.

Count Six charges that, from at least in or about 2010, up to and including in or about 2015, the defendants agreed with others to engage in certain financial transactions in order to promote the carrying on of certain specified unlawful activities.

## <u>ATILLA'S OBJECTION AND PROPOSED CHARGE</u>

The defendants, REZA ZARRAB and MEHMET HAKAN ATILLA, have been formally charged in an Indictment containing six counts, or charges.  In your deliberations and in reaching your verdict, you must consider each count and each defendant separately.

The Indictment in this case is not evidence. It merely describes the charges made against the Defendants. It is a set of accusations. It may not be considered by you as evidence of the guilt the Defendants. Only the evidence or lack of evidence decides that issue.

A copy of the Indictment will be furnished to you when you begin your deliberations.

Count One charges that, from at least in or about 2010, up to and including in or about 2015, the defendants agreed with others to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of the U.S. Department of the Treasury.

Count Two charges that, from at least in or about 2010, up to and including in or about 2015, the defendants agreed with others to violate and cause a violation of prohibitions pertaining to the Islamic Republic of Iran issued under the International Emergency Economic Powers Act.

Count Three charges that, from at least in or about 2010, up to and including in or about 2015, the defendants executed and attempted to execute a scheme to defraud a U.S. financial institution.

Count Four charges that, from at least in or about 2010, up to and including in or about 2015, the defendants agreed with others to execute a scheme to defraud a U.S. financial institution.

Count Five charges that, from at least in or about 2010, up to and including in or about 2015, the defendants engaged in certain financial transactions to or from the United States in order to use the monies from those U.S.-related financial transactions to promote the carrying on of specified unlawful activities.

Count Six charges that, from at least in or about 2010, up to and including in or about 2015, the defendants agreed with others to engage in certain financial transactions to or from the United States in order to use the monies from those U.S.-related financial transactions to promote the carrying on of certain specified unlawful activities.

***Atilla's Objection to the Government's Requested Instruction****: Atilla objects to the inclusion of "licenses, orders, regulations, and" in the Government's summary of the IEEPA count in its requested instruction.  As explained later, IEEPA does authorize prosecution for violations of licenses, orders and regulations as well as prohibitions; but the only relevant portions of the orders and regulations in the Indictment are prohibitions.  Indeed, violations of licenses are not involved in or even alluded to in this Indictment.  Therefore, to recite violations of licenses, orders and regulations as grounds for conviction would unnecessarily confuse the jury where the jury already is being called upon to understand and absorb so much complex technical information required by these laws.  And in the rare instance where IEEPA criminalizes a willful*

*failure to perform an affirmative regulatory requirement found in licenses, orders or regulations*

*but not in prohibitions (e.g., a U.S. bank's obligation to report suspicious conduct), none of*

*those regulatory requirements are involved in any way in this case.*

## GOVERNMENT'S RESPONSE TO ATILLA'S OBJECTION

Contrary to Atilla's assertion, based on its plain language, the IEEPA applies to

violations of more than simply "prohibitions."  Section 1705 of the IEEPA reads: "It shall be

unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of

*any license, order, regulation, or prohibition issued under this chapter*."  50 U.S.C. § 1705(a).

Thus, as explained in more detail in the Government's opposition to Atilla's motion to dismiss

the Superseding Indictment, according to the plain language of the IEEPA, a person violates

when they breach any part of a "license, order, regulation, or prohibition" promulgated under

Title 50, not simply the portions of them that specify that they deal with "prohibitions."  In this

case, Executive Orders 13622 and 13645, the Iranian Transactions and Sanctions Regulations,

codified at 31 C.F.R. Part 560 (the "ITSR"), and the Iranian Financial Sanctions Regulations,

codified at 31 C.F.R. Part 561 (the "IFSR") each contain provisions that prohibit conspiracies to,

among other things, violate, cause a violation of, evade, or avoid their respective prohibitions.

*See* 31 C.F.R. § 560.203; 31 C.F.R. § 561.205; Executive Order 13622 §9(a); Executive Order

13645 §13(a).  In interpreting these phrases, the Court "must give effect to every word of a

statute wherever possible." *United States* v. *Halloran*, 821 F.3d 321, 333 (2d Cir. 2016) (quoting

*Leocal* v. *Ashcroft*, 543 U.S. 1, 12 (2004)); *Jay* v. *Boyd*, 351 U.S. 345, 360 (1956) (court "must

read the body of regulations . . . so as to give effect, if possible, to all of its provisions").  Taken

together, that means that when an individual violates the IEEPA when they conspires to either

violate, evade, or avoid the imposition of sanctions on a foreign financial institution under the

ITSR, IFSR, or Executive Orders 13622 or 13645 for facilitating certain specified types of financial transactions.  Because the Government's theory is that Atilla and his co-conspirators conspired to avoid the imposition of sanctions by the United States on Türkiye Halk Bankasi A.Ş. ("Halk Bank"), while also continuing to facilitate such transactions on behalf of, among others, the Central Bank of Iran, designated Iranian financial institutions, and the National Iranian Oil Company ("NIOC"), the jury should be instructed on the specific language of the IEEPA's penalties section.  The Government's requested instruction, as drafted, does that.

With respect to Atilla's proposal that the bank fraud counts describe a "scheme to defraud a U.S. financial institution," the Government believes that this formulation is confusing.  The statute requires that the financial institution in question be insured by the Federal Deposit Insurance Corporation ("FDIC"), not that it be "a U.S. bank."  Several of the banks at issue in this case are headquartered outside the United States – such as Deutsche Bank and HSBC – but they nevertheless qualify by virtue of the FDIC insurance of their U.S. entities.  Using the formulation "U.S. bank" would mislead the jury into believing that fraud on these financial institutions is not punishable under the statute.  Accordingly, the Government believes the phrase "federally insured bank" is more accurate and helpful to the jury.

<u>**GOVERNMENT'S REQUEST NO. 17.**</u>

**Count One: Conspiracy to Defraud the United States**

**(General Instructions)**

Count One charges that, from at least in or about 2010, up to and including in or about 2015, the defendants agreed with each other and with others to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of the U.S. Department of the Treasury, in violation of Title 18, United States Code, Section 371.

Specifically, Count One alleges as follows:

*[The Court is respectfully requested to read Count One of the Indictment up to the Overt Acts.]*

Let me say a word about the crime of conspiracy. A conspiracy is a criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to commit a crime is separate, independent, and distinct from the underlying crime that the conspirators intended to commit. Thus, if a conspiracy exists, it is still punishable as a crime, even it if should fail to achieve its purpose. Consequently, for a defendant to be guilty of conspiracy, there is no need for the Government to prove that he or any other conspirator were actually successful in their criminal goals.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful. This is because collective criminal activity both poses a greater potential threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.[8]

---

[8] Adapted from the charges of the Honorable Loretta A. Preska in *United States* v. *Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Honorable John F. Keenan in *United States* v. *Kassir*, S2 04

**ATILLA'S PROPOSED INSTRUCTION**

**Count One: Conspiracy to Defraud the United States**

**(General Instructions)**

Count One charges that, from at least in or about 2010, up to and including in or about 2015, the defendants agreed with each other and with others to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of the U.S. Department of the Treasury, in violation of Title 18, United States Code, Section 371.

Specifically, Count One alleges as follows:

*[The Court is respectfully requested to read Count One of the Indictment up to the Overt Acts.]*

Let me say a word about the crime of conspiracy.  A conspiracy is a criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some known unlawful purpose.

The crime of conspiracy to commit a crime is separate, independent, and distinct from the underlying crime that the conspirators intended to commit.   Thus, if a conspiracy exists, it is still punishable as a crime, even it if should fail to achieve its purpose.  Consequently, for a defendant to be guilty of conspiracy, there is no need for the Government to prove that he or any other conspirator were actually successful in their criminal goals.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.  This is because collective criminal activity both poses a

---

Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2256); and the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 19-2 (2012); *United States* v. *Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is the objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.")

greater potential threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.[9]

## GOVERNMENT'S RESPONSE

The only difference between the Government's requested instruction and Atilla's requested instruction is Atilla's insertion of the word "known" into the following sentence: "A conspiracy is a criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some **known** unlawful purpose." The Government objects to this addition because it could mislead the jury. With respect to a conspiracy, "[c]onscious avoidance may not be used to support a finding as to the former, i.e., intent to participate in a conspiracy, but it may be used to support a finding with respect to the latter, i.e., knowledge of the conspiracy's unlawful goals." *United States* v. *Ferrarini*, 219 F.3d 145, 155 (2d Cir. 2000). The Government believes that the evidence at trial will support the issuance of a conscious avoidance instruction and does intend to argue to the jury that Atilla knowingly joined the conspiracies alleged in the Superseding Indictment and the either had actual knowledge of those conspiracies' illegal goals or consciously avoided that knowledge. Atilla's insertion of the word "known" in this instruction could cause the jury to incorrectly believe that Atilla must have had actual knowledge of any of the charged conspiracies' "unlawful purpose" in order to be found guilty.

---

[9] Adapted from the charges of the Honorable Loretta A. Preska in *United States* v. *Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Honorable John F. Keenan in *United States* v. *Kassir*, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2256); and the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 19-2 (2012); *United States* v. *Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is the objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.")

## REQUEST NO. 18.

### Count One: Conspiracy to Defraud the United States

### (Elements of Conspiracy)

The following are the elements of conspiracy, each of which must be proven beyond a reasonable doubt for the defendants to be found guilty of the charge in Count One:

<u>First</u>, that the conspiracy charged in Count One existed.  In other words, that there was an agreement or understanding between two or more people to impair, impede, obstruct, or defeat the lawful and legitimate governmental functions and operations of the U.S. Department of the Treasury.

<u>Second</u>, that each defendant knowingly and intentionally became a member of the conspiracy in order to further its unlawful purpose; and

<u>Third</u>, that one of the conspirators knowingly committed at least one overt act in furtherance of the conspiracy.[10]

## ATILLA'S PROPOSED INSTRUCTION

### Count One: Conspiracy to Defraud the United States

### (Elements of Conspiracy)

The following are the elements of conspiracy, each of which must be proven beyond a reasonable doubt for the defendants to be found guilty of the charge in Count One:

<u>First</u>, that the conspiracy charged in Count One existed.  In other words, that there was an agreement or understanding between two or more people to impair, impede, obstruct and defeat

---

[10] Adapted from the charges of the Honorable William H. Pauley III in *United States* v. *Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. Apr. 30, 2010); and the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).  *See United States* v. *Labat*, 905 F.2d 18, 21 (2d Cir. 1990); Sand, *Modern Federal Jury Instructions*, Instr. 19-3, 19-12 (2012).

the lawful and legitimate governmental functions and operations of the U.S. Department of the Treasury.

Second, that each defendant knowingly and intentionally became a member of the conspiracy in order to further its unlawful purpose; and

Third, that one of the conspirators knowingly committed at least one overt act in furtherance of the conspiracy.[11]

## GOVERNMENT'S RESPONSE

The only difference between the Government's requested instruction and Atilla's requested instruction is Atilla's description of the objects of the conspiracy to read "to impair, impede, obstruct and defeat the lawful and legitimate governmental functions of the U.S. Department of the Treasury." Atilla's use of the conjunctive "and," instead of "or," misstates the law and improperly suggests to the jury that it must find that the object of the conspiracy was to affect the functions of the U.S. government in <u>all</u> of the listed ways, even though the law is clear that any one such object will suffice. *See* Sand, *Modern Federal Jury Instructions*, Instr. 19-12 (2012).

---

[11] Adapted from the charges of the Honorable William H. Pauley III in *United States* v. *Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. Apr. 30, 2010); and the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992). *See United States* v. *Labat*, 905 F.2d 18, 21 (2d Cir. 1990); Sand, *Modern Federal Jury Instructions*, Instr. 19-3 (2012)

## GOVERNMENT'S REQUEST NO. 19.

### Count One: Conspiracy to Defraud the United States

### (Existence of the Conspiracy)

The first element that the Government must prove beyond a reasonable doubt is that the conspiracy charged in the Indictment existed.

What is a conspiracy?  Simply defined, a conspiracy is an agreement by two or more persons to violate the law.  In this instance, the unlawful purpose alleged to have been the object of the conspiracy charged in Count One was to impair, impede, or obstruct the lawful and legitimate governmental functions and operations of the U.S. Department of the Treasury by deceit, craft or trickery, or means that are dishonest.

The essence of the crime of conspiracy is the unlawful agreement to violate the law.  It is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.  Indeed, you may find the defendant guilty of conspiracy despite the fact that it was factually impossible for the defendant to commit the substantive crime or goal of the conspiracy.  This is because the success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator.  The crime of conspiracy is complete once the unlawful agreement is made and an act is taken in furtherance of that agreement.

To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator.  Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans.  From its very nature, a conspiracy is almost invariably secret in its origin and execution.

It is sufficient if two or more persons in any way, either explicitly or implicitly, come to a common understanding to violate the law.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed.  You need only find two or more persons entered into the unlawful agreement alleged in the Indictment and that an act was committed in furtherance of that agreement in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose.  The adage "actions speak louder than words" is applicable here.

Often, the only evidence of a conspiracy available is that of disconnected acts that, when taken together and considered as a whole, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof, such as evidence of an express agreement.

Of course, proof concerning the accomplishment of the object or objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In considering whether a conspiracy existed, you should consider all of the evidence that has been admitted with respect to the conduct and statements of each alleged coconspirator and any inferences that may reasonably be drawn from that conduct and those statements.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators agreed, as I have explained, to work together in furtherance of the object alleged in Count One of the Indictment, and that an act was taken to further that agreement. [12]

## ATILLA'S OBJECTION

*The defense objects to the inclusion of the sentence "The adage 'actions speak louder than words' is applicable here." as potentially very confusing to the jury.  The defense also objects to the inclusion of the sentence "But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed." as unnecessarily redundant.*

---

[12] Adapted from the charges of the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); the Honorable Kevin T. Duffy in *United States* v. *Ogarro*, 92 Cr. 114 (KTD)(S.D.N.Y. 1992) and *United States* v. *Burnett*, 92 Cr. 731 (KTD) (S.D.N.Y. 1993); the Honorable Peter K. Leisure in *United States* v. *Parra*, 02 Cr. 348 (PKL) (S.D.N.Y. 2003); the Honorable William H. Pauley III in *United States* v. *Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. Apr. 30, 2010); and the Honorable Richard J. Sullivan in *United States* v. *Hussain*, 12 Cr. 45 (S.D.N.Y. 2013).  *See United States* v. *Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); *United States* v. *Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the Government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); *United States* v. *Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

## <u>GOVERNMENT'S RESPONSE</u>

The language included in the Government's proposed charge is standard language describing the element of the existence of a conspiracy, and it is helpful to the jury to understand in plain terms what they must find as to this element.

## GOVERNMENT'S REQUEST NO. 20.

### Count One: Conspiracy to Defraud the United States

### (Object of the Conspiracy)

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Count One charges that the goal of the conspiracy was to impair, impede, or obstruct the lawful and legitimate governmental functions and operations of the U.S. Department of the Treasury in the enforcement of economic sanctions laws and regulations administered by that agency.

In order to find that the defendant "impaired, impeded, or obstructed" a legitimate governmental function, you must find beyond a reasonable doubt that the object of the conspiracy was to make it more difficult for a part of the United States government to carry out its lawful functions and that the scheme depended on deceitful or dishonest means.[13]  Actual contact between the defendant and an official of the U.S. Government is not an element of the crime, nor is it necessary for you to find that the Government was subjected to any loss of money or property as a result of the conspiracy.[14]  It also is not necessary for you to find that the impairment violated any separate law.  All that is required is that the object of the conspiracy was to interfere with or obstruct one of the United States' lawful governmental functions by deceit, craft or trickery, or by means that are dishonest.[15]

As I will explain to you in more detail when we come to Count Two, the United States has imposed economic sanctions, meaning legal restrictions, on trade and transactions involving

---

[13] *See United States* v. *Shellef*, 507 F.3d 82, 104 (2d Cir. 2007) ("All that is necessary is that the scheme had the object of making it more difficult for the IRS to carry out its lawful functions and that the scheme depend on 'dishonest or deceitful means.'" (quoting *United States* v. *Ballistrea*, 101 F.3d 827, 831-32 (2d Cir. 1996)).

[14] *See Ballistrea*, 101 F.3d at 831.

[15] *See id.* at 831-32 (quoting *Hammerschmidt* v. *United States*, 265 U.S. 182, 188 (1924)).

the Islamic Republic of Iran.  The U.S. Department of the Treasury administers and enforces

these laws, including two offices called the Office of Foreign Assets Control, often referred to by

its initials, "OFAC," and the Office of Terrorism and Financial Intelligence.  I instruct you that

the administration of the economic sanctions against the Islamic Republic of Iran constitutes the

legitimate functioning of the government of the United States.

### ATILLA'S OBJECTION AND REQUEST

#### Count One: Conspiracy to Defraud the United States

#### (Second Element: Object of the Conspiracy)

The object of a conspiracy is the illegal goal the co-conspirators agree to achieve.  Count

One charges that the goal of the conspiracy was to impair, impede, and obstruct the lawful and

legitimate governmental functions and operations of the U.S. Department of the Treasury in the

enforcement of Iranian economic sanctions laws and regulations administered by that agency by

deceit, craft or trickery, or by means that are dishonest.

In order to find that the defendant "impaired, impeded, and obstructed" a legitimate

governmental function, you must find beyond a reasonable doubt that the object of the

conspiracy was to make it materially more difficult for an agency of the United States

government to carry out its lawful functions in that it would tend to undermine the agency's

ability to function with respect to a particular matter and that the scheme depended on deceitful

or dishonest means.[16]  It is not illegal simply to make OFAC's job harder.

---

[16] *See United States* v. *Shellef*, 507 F.3d 82, 104 (2d Cir. 2007) ("All that is necessary is that the scheme had the object of making it more difficult for the IRS to carry out its lawful functions and that the scheme depend on 'dishonest or deceitful means.'" (quoting *United States* v. *Ballistrea*, 101 F.3d 827, 831-32 (2d Cir. 1996)).

Actual contact between the defendant and an official of the U.S. Government is not an element of the crime, nor is it necessary for you to find that the U.S. Government suffered any loss of money or property as a result of the conspiracy.[17]

Not all conduct that impedes, impairs, obstructs, and defeats the lawful functions of a government agency is illegal. To be unlawful, that conduct has to entail fraud, deceit, or other dishonest means.[18]  Thus, only an agreement to engage in conduct that tends to materially impair, impede, obstruct and defeat an agency's function, where that conduct also involves fraudulent, deceitful or dishonest means, constitutes an illegal agreement to defraud the United States.  What is required is that the object of the conspiracy was to undermine one of the United States' lawful governmental functions by deceit, craft or trickery, or by means that are dishonest.[19]

You also must acquit if the prosecution has proven only that Mr. Atilla agreed to impair the function of some private business, like a bank or some foreign regulator.

In short, to be sufficient for conviction under Count One, the prosecution must prove beyond a reasonable doubt that the agreement was to hold back information from OFAC or provide OFAC with false information; that that information would have materially impaired its lawful function with respect to the matter; and that the agreement was to conceal that information from or present it to OFAC through deceit or dishonest means.

As I will explain to you in more detail when we come to Count Two, the United States has established economic sanctions, meaning legal restrictions, on trade and transactions involving the Islamic Republic of Iran.  The U.S. Department of the Treasury administers and

---

[17] *See Ballistrea*, 101 F.3d at 831.

[18] *See Hammerschmidt  v. United States,* 265 U.S. 182, 188 (1924); *United States v. Coplan*, 706 F. 3d 46, 88 n 38 (2d Cir. 2012).

[19] *See id.* at 831-32 (quoting *Hammerschmidt* v. *United States*, 265 U.S. 182, 188 (1924)).

enforces these laws, including two offices called the Office of Foreign Assets Control, often referred to by its initials, "OFAC," and the Office of Terrorism and Financial Intelligence.  I instruct you that the administration of the economic sanctions against the Islamic Republic of Iran constitutes the legitimate functioning of the government of the United States.

***Atilla's Objection to the Government's Proposed Instruction:*** *The term "impaired, impeded, and/or obstructed" is an amalgam of various judicial formulations of the phrase "to defraud" found in § 371.  Some courts insert either the word "obstructed "or "defeated" when discussing the term.  Others discuss the term using the conjunctive,"and."  See Klein v. United States, 247 F. 2d (2d Cir. 1957); United States v. Caldwell, 989 F.2d 1056 (9th Cir. 1993) (Kozinski, J.).  (2) The requirement that the conduct in question be material to the agency in question is suggested by the case law imposing that kind of a standard on statues such as § 371 which do not otherwise specify whether the misrepresentation must be material. See, e.g., United States v. Gullo, 833 F. Supp. 274 (S.D.N.Y. 1993) (requiring such a limitation in 18 U.S.C. § 542, "to avoid criminalizing entirely irrelevant assertions."); United States v. Avellino, 967 F.2d 815 (2d Cir. 1992) (implying the same limitation in § 1001.) The materiality standard naturally requires more than proof that the conduct in question made more life difficult for the agency; it demands proof that the deception tends to undermine the agency's authority on the particular matter. These limitations are especially important in setting reasonable boundaries on the imprecise contours of the conspiracy statute and its susceptibility for misuse by prosecutors. See generally, A. Goldstein, Conspiracy to Defraud the United States, 68 Yale L.J. 405 (1959); Dennis v. United States, 384 U.S. 860 (1966) (requiring careful scrutiny of indictments brought under the defraud clause of § 371).*

## GOVERNMENT RESPONSE

As already noted, Atilla's proposal that the jury be instructed in the conjunctive is an incorrect statement of the law, and implies to the jury that it must find that the conspirators agreed to violate the statute in all of the listed ways, which is plainly not required.

Atilla is similarly incorrect to import the common-law fraud concept of "materiality." "[I]t is well established that the term 'defraud' as used in section 371 is interpreted much more broadly than when it is used in the mail and wire fraud statutes, and that this provision not only reaches schemes which deprive the government of money or property, but also is designed to protect the integrity of the United States and its agencies." *United States v. Ballistrea*, 101 F.3d 827, 831 (2d Cir. 1996) (internal citation and quotation omitted). Atilla can cite no case whatsoever imposing such a restriction in the context of a § 371 conspiracy, and the Government is aware of none. Accordingly, it would be incorrect to engraft such a requirement onto the otherwise well-established elements of the offense.

The Government also believes that it is appropriate to include the admonition that the conspirators need not violate any other statute, as this is a correct statement of the law. *See Ballistrea*, 101 F.3d at 832 ("Moreover, so long as deceitful or dishonest means are employed to obstruct governmental functions, the impairment need not involve the violation of a separate statute.").

**GOVERNMENT REQUEST NO. 21.**

**Count One: Conspiracy to Defraud the United States**

**(Membership in the Conspiracy)**

The Government must also prove beyond a reasonable doubt that the defendant you are considering unlawfully, willfully, and knowingly entered into the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

Now, as to this element, the terms unlawfully, willfully, and knowingly mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant you are considering did join the conspiracy, the defendant knew what he was doing. That is, that he took the actions in question deliberately and voluntarily.

 "Unlawfully" simply means contrary to law. The defendant need not have known that he was breaking any particular law or any particular rule, but he must have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his conscious objective, rather than the product of mistake, accident, mere negligence, or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving the defendant or in his presence. You may consider this evidence in determining whether the Government has proven beyond a reasonable doubt the defendant's knowledge of the unlawful purposes of the conspiracy.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of the activities of all of its participants.  It is not even necessary for a defendant to know every other member of the conspiracy.

Nor is it necessary that the defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome.  However, although proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that a defendant had a financial or other interest, that is a factor you may properly consider in determining whether the defendant was a member of the conspiracy.

The duration and extent of the defendant's participation has no bearing on the issue of his guilt.  He need not have joined the conspiracy at the outset.  A defendant may have joined it for any purpose at any time in its progress, and he will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play minor roles in the scheme.  An equal role or an important role is not what the law requires.  In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

However, a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without agreement and participation is not sufficient.  What is necessary is that a

defendant participate in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, may have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, he becomes a conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members. So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself from it.[20]

## ATILLA'S PROPOSED INSTRUCTION

### Count One: Conspiracy to Defraud the United States

### (Third Element - Membership in the Conspiracy)

The Government must also prove beyond a reasonable doubt that the defendant you are considering unlawfully, willfully, and knowingly entered into the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

Now, as to this element, the terms unlawfully, willfully, and knowingly mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant you are

---

[20] Adapted from the charges of the Honorable Richard J. Sullivan in *United States* v. *Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); the Honorable William H. Pauley III in *United States* v. *Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. 2010); the Honorable Lewis A. Kaplan in *United States* v. *Redden*, 02 Cr. 1141 (S.D.N.Y. 2004); and the Honorable John F. Keenan, *United States* v. *Pa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. 2002).

considering did join the conspiracy, the defendant knew what he was doing [and agreed to take part in the conspiracy with knowledge of its unlawful purpose].  That is, that he took the actions in question deliberately and voluntarily.

"Unlawfully" simply means contrary to law.  The defendant need not have known that he was breaking any particular law or any particular rule, but he must have been aware of the unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his conscious objective, rather than the product of mistake, accident, mere negligence, or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  [You may consider evidence of what the defendant did or said in determining whether the Government has proven the Defendant's knowledge of the unlawful purposes of the conspiracy.]  However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving the defendant or in his presence.  You may consider this evidence in determining whether the Government has proven beyond a reasonable doubt the defendant's knowledge of the unlawful purposes of the conspiracy.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of the activities of all of its participants.  It is not even necessary for a defendant to know every other member of the conspiracy.

Nor is it necessary that the defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome.  However, although proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that a defendant had a financial or other interest in the outcome of the conspiracy, that is a factor you may properly consider in determining whether the defendant was a member of the conspiracy.  On the other hand, if you find that a defendant did not benefit financially from the outcome, you may consider that fact as well in determining whether the defendant was a member of the conspiracy.

However, the prosecution must prove beyond a reasonable doubt that Mr. Atilla had the specific intent to obstruct OFAC's enforcement of economic sanctions laws and regulations administered by that agency.[21]  This means that if you find that Mr. Atilla's conduct individually or as a conspirator impaired, impeded, obstructed, and defeated the functioning of the U.S. Treasury Department and that he used deceptive or deceitful means, the prosecution must also prove beyond a reasonable doubt that Mr. Atilla undertook the actions charged against him for the purpose of impeding the U.S. Treasury Department's functioning.

The duration and extent of the defendant's participation has no bearing on the issue of his guilt.  He need not have joined the conspiracy at the outset.  A defendant may have joined it for any purpose at any time in its progress, and he will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play minor roles

---

[21] *See United States v. Shellef,* 507 F.3d at 104.

in the scheme.  An equal role or an important role is not what the law requires.  In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

However, a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without agreement and participation is not sufficient.  What is necessary is that a defendant participate in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.  That must be proven by the Government beyond a reasonable doubt.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, he becomes a conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members.  So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself from it.[22]

---

[22] Adapted from the charges of the Honorable Richard J. Sullivan in *United States* v. *Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); the Honorable William H. Pauley III in *United States* v. *Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. 2010); the Honorable Lewis A. Kaplan in *United States* v. *Redden*, 02 Cr. 1141 (S.D.N.Y. 2004); and the Honorable John F. Keenan, *United States* v. *Pa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. 2002).

## GOVERNMENT RESPONSE

Atilla's proposal that the jury be instructed that it must find that Atilla "agreed to take part in the conspiracy with knowledge of its unlawful purpose," and his proposed added paragraph on "specific intent to obstruct OFAC's enforcement of economic sanctions," unfairly suggests to the jury that it must find *actual* knowledge and specific intent in order to satisfy this element of the offense, which is an incorrect statement of the law.  As noted above, with respect to a conspiracy, "[c]onscious avoidance may not be used to support a finding as to . . . intent to participate in a conspiracy, but it may be used to support a finding with respect to the latter, i.e., knowledge of the conspiracy's unlawful goals."  *United States* v. *Ferrarini*, 219 F.3d 145, 155 (2d Cir. 2000).  Accordingly, the Government believes that it is not appropriate to give either instruction.

As to Atilla's proposal to instruct the jury that they can "consider evidence of what the defendant did or said in determining whether the Government has proven the Defendant's knowledge," this instruction inappropriately directs the jury to single out pieces of evidence, rather than considering the proof at trial as a whole.

Finally, with respect to Atilla's proposal to add the sentence, "On the other hand, if you find that a defendant did not benefit financially from the outcome, you may consider that fact as well in determining whether the defendant was a member of the conspiracy.", the Government believes that this inappropriately singles out this factor as something for the jury to consider in evaluating Atilla's membership in the conspiracy.  To the extent that the Court believes that this language is necessary to balance the previous sentence, the Government believes that, rather than adding language that directs the jury's attention to certain evidence, the better course would be to remove both sentences, leaving only the obviously correct statement of law that it is not

"necessary that the defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome."

## JOINT REQUEST NO. 22.

### Count One: Conspiracy to Defraud the United States

### (Overt Act)

For the crime of conspiracy as charged in Count One to have been committed, there must be something more than an agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.  In other words, the overt act element is a requirement of the agreement went beyond the mere talking stage, the mere agreement stage.

You need not find that either of the defendants in this case committed the overt act.  It is sufficient if you find that at least one overt act was in fact performed by at least one co-conspirator, whether a defendant or another co-conspirator, to further the conspiracy within the time frame of the conspiracy.  Remember that the act of any member of the conspiracy done in furtherance of the conspiracy becomes the act of all of the members.  Nor is it necessary for the defendant you are considering to commit an overt act in order to be a member of the conspiracy.  An overt act must have been knowingly and willfully done by at least one co-conspirator in furtherance of the object or purpose of the conspiracy that is charged in the indictment.

In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.  It must be an act that furthers the object of the conspiracy.  It is an element of the crime that the Government must prove beyond a reasonable doubt.

The Indictment charges that a number of particular overt acts were committed in furtherance of the conspiracy.  It is not necessary for the Government to prove that any of the specified overt acts charged in the Indictment were committed.  Rather, the Government can prove any overt act, even one that is not listed in the Indictment, provided that the overt act is committed by one of the conspirators and is done to further the object of the conspiracy.  It is sufficient if you find beyond a reasonable doubt that any one overt act occurred while the conspiracy was still in existence.

Nor is it necessary for you to reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.[23]

---

[23] Adapted from the charges of the Honorable Alison J. Nathan in *United States* v. *Ramirez*, 12 Cr. 927 (AJN) (S.D.N.Y. May 16, 2013) and the Honorable Victor Marrero, *United States* v. *Reese*, 12 Cr. 629 (VM) (S.D.N.Y. Mar. 28, 2013); *see also United States* v. *Kozeny*, 667 F.3d 122, 131-32 (2d Cir. 2011) ("[T]he jury need not agree on a single overt act to sustain a conspiracy conviction."); *United States* v. *Rutkoske*, 506 F.3d 170, 175 (2d Cir. 2007) ("It is well-established that the Government may satisfy this test 'by proof of an overt act not explicitly listed in the indictment, as long as a defendant has had fair and adequate notice of the charge for which he is being tried, and he is not unduly prejudiced by the asserted variance in the proof.'" (quoting *United States* v. *Salmonese*, 352 F.3d 608, 620 (2d Cir.2003)).

## GOVERNMENT REQUEST NO. 23.

**Count One: Conspiracy to Defraud the United States**

**(Conscious Avoidance)**

Now, in instructing you this far with respect to conspiracy, I have talked to you about the concept of knowledge. I need to say one more thing about that concept.

In determining whether the defendant acted with the necessary knowledge, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been clear. I told you before that acts done knowingly must be a product of a defendant's conscious intention, not the product of carelessness or negligence. A person, however, cannot willfully blind himself to what is obvious and disregard what is plainly before him. A person may not intentionally remain ignorant of facts that are material and important to his conduct in order to escape the consequences of criminal law.

If you find beyond a reasonable doubt that the defendant intentionally participated in a conspiracy, but that the defendant deliberately and consciously avoided learning or confirming certain facts about the specific objectives of the conspiracy, then you may infer from his willful and deliberate avoidance of knowledge that the defendant understood the objectives or goals of the conspiracy.

We refer to this notion of blinding yourself to what is staring you in the face as "conscious avoidance." An argument of "conscious avoidance," however, is not a substitute for proof. It is simply another fact you may consider in deciding what the defendant knew.

There is a difference between knowingly participating in a conspiracy, on the one hand, and knowing the object or objects, or the purpose or purposes, of the conspiracy on the other. Conscious avoidance cannot be used as a substitute for finding that the defendant knowingly

joined the conspiracy, that is, that the defendant knew that he was becoming a party to an agreement to accomplish an alleged illegal purpose. It is, in fact, logically impossible for a defendant to join a conspiracy unless he knows the conspiracy exists. The defendant must know that the conspiracy is there.

However, in deciding whether the defendant knew the objectives of the conspiracy, you may consider whether the defendant was aware of a high probability that an objective of the conspiracy was to commit the crime or crimes charged as the object of the conspiracy and nevertheless participated in the conspiracy. You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

So, in other words, if you find that the defendant was aware of a high probability that a fact was so, and that the defendant acted with deliberate disregard of the facts, you may find that the defendant acted knowingly. However, if you find that the defendant actually believed the fact was not so, then he may not have acted knowingly with respect to whatever charge you are considering.[24]

## ATILLA'S OBJECTION AND PROPOSED INSTRUCTION

***Atilla's Objection to the Government's Proposed Instruction:*** *The defense objects to this charge being given at all and specifically with respect to the Klein conspiracy.  The defense contends that the proposed charge is inconsistent with the evidence as known at this time.  The defense*

---

[24] Adapted from the charges in *United States* v. *Ghailani*, S10 98 Cr. 1023 (LAK) (2010), *United States* v. *Greenberg, et al.*, S1 05 Cr. 0888 (S.D.N.Y. 2008) (LAK); *United States* v. *Rohan Cameron*, 03 Cr. 1457 (JFK) (2004), *United States* v. *Usama Bin Laden, et al.*, S7 98 Cr. 1023 (S.D.N.Y. 2001) (LBS)and from Sand *et al.*, *Modern Federal Jury Instructions*, 3A-2.  *See also United States* v. *Ghailani*, 733 F.3d 29, 52-54 (2d Cir. 2013); *United States* v. *Cuti*, 720 F.3d 453, 462-63 (2d Cir. 2013); *United States* v. *Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995); *United States* v. *Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam).

*further contends that the cited cases do not stand for the proposition that conscious avoidance is appropriate in a conspiracy to defraud the United States. Ghailani and Cuti involved challenges based on whether there was a factual predicate for giving an avoidance charge (one of our arguments as well based on the lack of a factual predicate in the charges and theory of the case against Mr. Atilla). The prosecution is not contending that Mr. Atilla closed his eyes but that he participated with eyes open in the design and implementation of a scheme to involve U.S. financial transfers. Moreover, as a metaphysical concept, it makes no sense that two parties could come to an agreement to do something illicit where one of the parties has avoided learning the objective that the other party is seeking to pursue and wants his agreement to pursue. A conspiracy requires a meeting of the minds to achieve a particular objective – it is not an agreement to do something that is generally illegal. The specific illegal objective must be one that the defendant and at least one other person actually agree upon. Under the government's charge of conscious avoidance, a person could be guilty of agreeing on something he averted his eyes from seeing, which is inconsistent with the law of conspiracy. In addition, deliberate, knowing actions – not ones taken with the mindset of conscious avoidance – form the essence of the government's case against Mr. Atilla. In the event the Court decides to give a conscious avoidance charge, assuming that the evidence presented at trial supports such a charge being given, the defense proposes that the following charge be given only once, following the charges related to Count Six, and not with respect to Count One:*

In determining whether a defendant acted knowingly with respect to the substantive crimes or the objectives of the conspiracies, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious to him. We refer to this notion of intentionally blinding yourself to what is staring you in the face as "conscious avoidance."

As I told you before, acts done knowingly must be a product of a person's conscious intention.  They cannot be the result of carelessness, negligence, or foolishness.  But a person may not take deliberate actions to avoid learning a fact that is material and important to his or her conduct in order to escape the consequences of criminal law.

An argument by the Government of conscious avoidance isnot a substitute for proof; it is simply another factor that you, the jury, may consider in deciding what a defendant knew.  Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a fact was so, but that the defendant deliberately avoided confirming this fact, such as by purposely closing his or her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.

In sum, if you find that the defendant believed that there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant acted knowingly with respect o that fact.  However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact.  You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt. [25]

### GOVERNMENT RESPONSE

With respect to Atilla's generalized objection to the giving of a conscious avoidance charge, as the Government has repeatedly noted, the law is clear that "[c]onscious avoidance may not be used to support a finding as to . . . intent to participate in a conspiracy, but it may be

---

[25] Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Zemlyansky, et al.*, S13 12 Cr. 171 (JPO) (S.D.N.Y. 2013).

used to support a finding with respect to the latter, i.e., knowledge of the conspiracy's unlawful goals." *United States* v. *Ferrarini*, 219 F.3d 145, 155 (2d Cir. 2000).

With respect to the factual predicate for the inclusion of such a charge, the Government has argued and intends to argue at trial that Atilla knowingly participated in all of the conspiracies charged in the Superseding Indictment.  It is black-letter law that knowledge can be proven either through evidence of actual knowledge or through proof of conscious avoidance. The Government has never disclaimed reliance on a conscious avoidance theory, and, given Atilla's apparent intent to rely on a defense of good faith/lack of knowledge, such a charge is particularly appropriate, and the Government believes will be well-supported by the evidence at trial.

Finally, as to the placement of the instruction, given the number of counts and the complexity of the instructions, the Government believes that it is appropriate to give the instruction here, the first time it would be applicable, and then to remind the jury of the instruction in the subsequent places it applies, rather than to defer introduction of the concept until the end of the charge as Atilla proposes, in the faint hope that the jury will be able to think back to where it should apply to the preceding charges.

### GOVERNMENT REQUEST NO. 24.

**Count Two: IEEPA Conspiracy**

**(General Instructions)**

Count Two of the Indictment charges the defendant with participating in a conspiracy, from at least in or about 2010 up to and including in or about October 2015, to violate a license, order, regulation, or prohibition issued pursuant to the International Emergency Economic Powers Act, otherwise known as the IEEPA.

Count Two reads as follows:

[*The Court is respectfully requested to read Count Two of the Indictment*]

### ATILLA'S OBJECTION

*For the reasons explained above in Request 16, and in detail in Request 29, the defense objects to the inclusion of "license, order, regulation, or".*

### GOVERNMENT RESPONSE

For the reasons previously noted, the Government does not believe it is appropriate to excise words from the statute charged in Count Two, or the Indictment language that tracks it. Atilla does not object to the Court reading Count Two of the Indictment, which plainly includes the language he proposes to omit from the instruction.

## GOVERNMENT REQUEST NO. 25.

### Count Two: IEEPA Conspiracy

### (Statutory Background)

As I mentioned previously, the object of the conspiracy charged in Count Two was to violate Section 1705 of Title 50 of the United States Code, which makes it a crime to willfully violate, attempt to violate, conspire to violate, or cause a violation of a license, order, regulation, or prohibition issued pursuant to the IEEPA.

Under the authority of the IEEPA, the United States has adopted certain restrictions called economic sanctions on transactions with or involving the Islamic Republic of Iran. Among other things, these sanctions prohibit providing a good or service directly or indirectly to Iran or the Government of Iran from the United States or by a United States person.  In addition, during the relevant time period, the sanctions allowed penalties to be imposed on foreign financial institutions with bank accounts in the United States if those foreign financial institutions violated certain rules on assisting transactions with or for the benefit of Iran.[26]

### ATILLA'S OBJECTION AND PROPOSED INSTRUCTION

As I mentioned previously, the object of the conspiracy charged in Count Two was to violate Section 1705 of Title 50 of the United States Code, which makes it a crime to willfully violate, attempt to violate, conspire to violate, or cause a violation of a license, order, regulation, or prohibition issued pursuant to the IEEPA.

---

[26] Adapted from the charges of the Honorable Loretta A. Preska in *United States* v. *Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Honorable Jan DuBois in *United States* v. *Vaghari*, 08 Cr. 693 (E.D.Pa. 2010); the Honorable John F. Keenan in *United States* v. *Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Honorable Richard J. Sullivan during the bench trial in *United States* v. *Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* Title 50 United States Code, Section 1705; 31 C.F.R. Parts 560 & 561, and Executive Orders 13059, 12959, and 12957.

Under the authority of the IEEPA, the United States has adopted certain restrictions called economic sanctions on transactions with or involving the Islamic Republic of Iran.  Among other things, these sanctions prohibit providing a good or service directly or indirectly to Iran or the Government of Iran from the United States or by a United States person.

The Iranian Sanctions have basically two parts: a part that allows the United States to sanction a foreign entity or individual for doing certain things that assist Iran in certain ways, and another part that allows the United States to prosecute Americans who assist Iran in certain ways or foreigners who assist those Americans or who make use of U.S. financial services to help Iran. The U.S. Department of the Treasury's Office of Foreign Assets Control, known as OFAC, administers the sanctions framework.

Let me explain to you what it means to be sanctioned.  If a foreign bank, for example, does certain transactions with Iran or that help Iran and those transactions are not permitted (humanitarian aid is permitted), the U.S. can put that foreign bank on a list.  That means that that foreign bank is then "sanctioned," which means that (1) no American bank can deal with that foreign bank and (2) that foreign bank cannot use any American banking service.  But just being sanctioned is not a crime because it is not a violation of anything.

Now let me explain to you what it means to violate a prohibition.  A prohibition is some action described in IEEPA with the word "prohibited" or some variation of that word – something the law says you cannot do.  By contrast, a provision on which sanctions can be applied (resulting in an entity being listed on a sanctions list) does not say that a foreign person or foreign bank cannot do something; it says that if they do it, they can be added to a sanctions list and only after being put on that list would certain prohibitions apply in the future.

If you go ahead and willfully do a prohibited act, you commit a crime.  The only way Mr. Atilla can be prosecuted for a crime under IEEPA is if he either violated a prohibition or evaded or avoided a prohibition.  If, for example, Mr. Atilla involved a U.S. person or U.S. business in helping Iran in something besides food or other humanitarian aid, Mr. Atilla could be prosecuted. Similarly, if, for example, Mr. Atilla took action to prevent the Treasury from learning that a prohibition was violated, that too could be prosecuted as an evasion of a prohibition under IEEPA.

So willfully doing something that is expressly prohibited by IEEPA is a crime.  But if a foreign individual like Mr. Atilla simply helps Iran without involving the U.S., that person cannot be guilty of any crime.  Or if Mr. Atilla does something that is against U.S. foreign policy but does not violate one of IEEPA's prohibitions, there is no crime.

It is important for you to keep in mind that a foreign person or business (like a bank) that is simply sanctioned by the U.S. for that foreigner's activity with Iran is *not* guilty under IEEPA. The only basis for prosecuting that already-sanctioned foreign person under IEEPA is if (1) he helps a U.S. person trade with Iran (with certain exceptions); (2) he makes use of American financial services when helping Iran; (3) if, in certain cases, he deals with a U.S. person or in the U.S.; or (4) he evades or avoids one of these prohibitions.

In the context of this Indictment, this means that if you find that Mr. Atilla only assisted Iran through foreign individuals or businesses without causing transactions by U.S. persons or from the U.S., that is not a crime and you must acquit.  On the other hand, if you find that Mr. Atilla helped Iran through the use of American financial services, that can be a basis for a finding of guilt, assuming you also find the other elements of the crime on which I will instruct you. Each of those elements must be proven beyond a reasonable doubt by the government.

***Atilla's Objection to Government's Proposed Instruction***:  *The defense objects to the sentence reading "In addition, during the relevant time period, the sanctions allowed penalties to be imposed on foreign financial institutions with bank accounts in the United States if those foreign financial institutions violated certain rules on assisting transactions with or for the benefit of Iran." as an incorrect and/or misleading statement of the law.  The defense further notes that many of the government's instructions improperly invite the jury to convict Mr. Atilla under IEEPA for actions that would have caused him or his bank to be sanctioned (i.e., put on a list of sanctioned individuals and entities with which U.S. persons cannot deal).  That is completely incorrect:  IEEPA only criminalizes violations of prohibitions, not conduct that merits sanctions.  Indeed, conduct that merits sanctions is not a violation of anything.  There has never been a prosecution, to our knowledge, for conduct that simply merited sanctions.*

*In addition, while IEEPA allows prosecution for a violation of an order, regulation, license or prohibition, that language will confuse the jury because it will not understand whether action that leads to a sanction is a violation of an order.  The only operative principle in the present case – the only one relevant to this Indictment – is prosecution for violation of a prohibition.  While prohibitions are enacted through regulations and orders, there is no need to instruct the jury about that and doing so, as the government has suggested, will only confuse the jury and lead to the possibility that some juror will mistakenly think that purely sanctionable activity is a violation of some order or regulation describing sanctions and therefore can be a basis for conviction, when it plainly is not.*

## GOVERNMENT RESPONSE

The instruction proposed by the Government is drawn from IEEPA instructions administered regularly in this district, and is a simple and concise statement of the statutory

authority and the basic outlines of its implementation.  Atilla's proposed meandering

reconstruction of the sanctions laws is completely unmoored from the text of the regulations,

unsupported by any citation whatsoever for the language he appears to have invented out of

whole cloth, and would only serve to confuse the jury.

The text of the statute makes clear that a person violates the IEEPA when he breaches

any part of a "license, order, regulation, or prohibition" promulgated under Title 50, not simply

the portions of them that specify that they deal with "prohibitions."  In this case, Executive

Orders 13622 and 13645, the Iranian Transactions and Sanctions Regulations, codified at 31

C.F.R. Part 560 (the "ITSR"), and the Iranian Financial Sanctions Regulations, codified at 31

C.F.R. Part 561 (the "IFSR") each contain provisions that prohibit conspiracies to, among other

things, violate, cause a violation of, evade, or avoid their respective prohibitions.  *See* 31 C.F.R.

§ 560.203; 31 C.F.R. § 561.205; Executive Order 13622 §9(a); Executive Order 13645 §13(a).

As discussed at greater length in the Government's opposition to Atilla's motion to dismiss, the

Court must give effect to all of these different ways of violating the statute, and cannot omit

them.

**GOVERNMENT REQUEST NO. 26.**

**Count Two: IEEPA Conspiracy**

**(Elements of the Offense)**

Like Count One, Count Two charges a conspiracy.  Therefore, the elements of Count Two are similar to the elements of Count One, except that an overt act is not required.  To sustain its burden of proof with respect to the conspiracy charge in Count Two, the Government must prove beyond a reasonable doubt each of the following elements:

First, the Government must prove that the conspiracy charged in Count Two existed. That is, that there was an agreement or understanding among at least two people to violate the IEEPA.

Second, the Government must prove that the defendant knowingly and willfully became a member of that conspiracy, with knowledge of its unlawful objective.

Each of these elements must be satisfied beyond a reasonable doubt.[27]

**ATILLA'S PROPOSED INSTRUCTION**

The defense proposes that the Court instruct the jury that "the elements of Count Two are the same as the elements of Count One."

**GOVERNMENT RESPONSE**

Although the elements of Count Two are, as noted in the Government's Proposed Instruction, "similar" to those of Count One, given that the object of the conspiracy charged in Count Two is different, it would be incorrect to instruct the jury that the elements are "the same."

---

[27] *See generally* 50 U.S.C. § 1705; *United States* v. *Ayden*, 2015 WL 927666, at *3 (N.D. Ga. Mar. 3, 2015) (distinguishing conspiracy alleged under 50 U.S.C. § 1705 from conspiracy alleged under 18 U.S.C. § 371 in that the former does not contain overt act requirement) (citing *Whitfield* v. *United States*, 543 U.S. 209, 213–14 (2005)).

## GOVERNMENT REQUEST NO. 27.

### Count Two: IEEPA Conspiracy

### (Object of the Conspiracy)

As I have stated, the object of the conspiracy charged in Count Two is the violation of the IEEPA.  A violation of the IEEPA has the following elements:

First, that the defendant violated any license, order, regulation, or prohibition issued pursuant to the IEEPA;

Second, that the defendant committed that violation willfully; and

Third, that the defendant did not have a license issued by OFAC to engage in the charged transactions.

I remind you that the crime of conspiracy is distinct from the underlying substantive crime that the co-conspirators agreed to commit.  It is the agreement itself that is the crime. Accordingly, you need not find that a substantive violation of the IEEPA actually occurred, only that the defendant knowingly and willfully participated in a conspiracy to engage in conduct that would have violated the IEEPA.[28]

## ATILLA'S OBJECTION AND PROPOSED INSTRUCTION:

As I have stated, the object of the conspiracy charged in Count Two is the violation of the IEEPA.  A violation of the IEEPA has the following elements, all of which you must find in order to convict:

---

[28] Adapted from the charges of the Honorable Loretta A. Preska in *United States* v. *Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Honorable Jan DuBois in *United States* v. *Vaghari*, 08 Cr. 693 (E.D.Pa. 2010); the Honorable John F. Keenan in *United States* v. *Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Honorable Richard J. Sullivan during the bench trial in *United States* v. *Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* Title 50 United States Code, Section 1705; 31 C.F.R. Parts 560 & 561, and Executive Orders 13059, 12959, and 12957.

<u>First</u>, that the defendant violated any prohibition issued pursuant to the IEEPA;

<u>Second</u>, that the defendant committed that violation willfully, that is knowing that what he is doing is unlawful;

<u>Third</u>, that the defendant did not have a license issued by OFAC to engage in the charged transactions; and

<u>Fourth</u>, that the activity for which the defendant is charged had some connection to the United States, either by involving a U.S. person in the conduct or by causing goods, services or technology to be exported or re-exported from the United States as part of the defendant's scheme.[29]

I remind you that the crime of conspiracy is distinct from the underlying substantive crime that the co-conspirators agreed to commit.  It is the agreement itself that is the crime. Accordingly, you need not find that a substantive violation of the IEEPA actually occurred, only that the defendant knowingly and willfully participated in a conspiracy to engage in conduct that would have violated the IEEPA.

***Atilla's Objection to Government's Proposed Instruction: Defense Note***: *As mentioned earlier, violations of orders, regulations or licenses have no application to this case and can only confuse the jury.  The defense would strike "license, order, regulation, or".*

## GOVERNMENT RESPONSE

As already noted, it is an incorrect revision of the law to omit the language of the statute that Atilla is charged with violating.

---

[29] *See* Jury Charge, *In re: 650 Fifth Avenue and Related Properties,* 08 Civ. 10934 (KHF) (Dkt. # 1902, at 47).

The defendant's addition of an element requiring a nexus to the United States is also incorrect.  As the Court has already found in denying Zarrab's motion to dismiss, "50 U.S.C. § l705(c) establishes criminal penalties for '[a] person who willfully commits, willfully attempts to commit, or willfully conspires to commit, or aids or abets in the commission of, an unlawful act' described in the statute.  50 U.S.C. § l705(c) is **not** limited to individuals (such as U.S. citizens) who are subject to the jurisdiction of the United States, indicating that Congress intended the statute to be applied extraterritorially."  (Zarrab Order at 19-20).  Further, as noted in the Government's opposition to the defendant's motion to dismiss, while the export of goods or services from the United States is an aspect of the ITSR, *see* 31 CFR Part 560, it is not a part of the IFSR, *see* 31 CFR Part 561.  Here, where the defendant is charged with violating several different executive orders and regulations, Atilla incorrectly superimposes a requirement of one of those regulations to suggest that it is an element of the underlying statutory offense.  The Government's Requests No. 28 and 29 properly both (1) locate requirements of regulations in the instructions about regulations, not elements of the statutory offense, and (2) accurately describe the interplay of the IEEPA and the relevant orders and regulations, using the language of the regulations themselves.  Unlike this case, which concerns violations of the ITSR, IFSR, and a number of other orders and regulations, Atilla's proposed language was included in the charge in *In re: 650 Fifth Avenue and Related Properties*, 08 Civ. 10934 (KHF), because that case concerned only violations of the ITSR.

## GOVERNMENT REQUEST NO. 28.

### Count Two: IEEPA Conspiracy

### (License, Order, Regulation, or Prohibition)

In order to prove that the defendant you are considering conspired to commit an IEEPA offense, the Government must prove that the defendant agreed with others to violate a license, order, regulation, or prohibition issued pursuant to the IEEPA.  I instruct you that the following orders, regulations, and prohibitions were in effect at all times relevant to Count Two:

First, at all times relevant to the charges in the Indictment, orders, regulations, or prohibitions issued pursuant to the IEEPA provided that "the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States person, wherever located, of any goods, technology, or services to Iran or the Government of Iran is prohibited", unless the transaction was for the export of agricultural commodities, medicine, and medical devices, or was authorized by a license from OFAC.

The prohibition on the exportation, reexportation, sale or supply of financial services to Iran or the Government of Iran applies to: (1) The transfer of funds, directly or indirectly, from the United States or by a U.S. person, wherever located, to Iran or the Government of Iran; and (2) The provision, directly or indirectly, to Iran or the Government of Iran of . . . banking services [and] money remittance services.

The benefit of services performed anywhere in the world on behalf of the Government of Iran is presumed to be received in Iran.

Second, at all times relevant to the charges in the Indictment, orders, regulations, or prohibitions issued pursuant to the IEEPA prohibited "[a]ny transaction . . . that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any

of the prohibitions I have just described as well as "[a]ny conspiracy formed to violate any of [those] prohibitions.".

Third, at all times relevant to the charges in the Indictment, orders, regulations, or prohibitions issued pursuant to the IEEPA required the Secretary of the Treasury to prohibit a foreign financial institution's use of correspondent banking accounts or payable-through bank accounts in the United States, or to impose strict conditions on the use of correspondent baking accounts or payable-through accounts in the United States, if the foreign financial institution knowingly conducted or facilitated certain types of financial transactions with Iran or for the benefit of the Government of Iran, which I will describe in more detail.

At all times relevant to the Indictment, the Secretary of the Treasury was required to impose sanctions against any and foreign financial institution if there was a determination that it knowingly conducted or facilitated any significant financial transaction with a designated Iranian financial institution.  I will define the term "designated Iranian financial institution" in more detail in a few minutes.

Beginning on July 31, 2012, the Secretary of the Treasury was required to impose sanctions against any person if there was a determination that the person "materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services in support of, NIOC, NICO, or the Central Bank of Iran, or the purchase or acquisition of U.S. bank notes or precious metals by the Government of Iran."

Beginning on February 6, 2013, the Secretary of the Treasury was required to impose sanctions against foreign financial institutions if there was a determination that it knowingly conducted or facilitated any financial transaction with respect to the sale or purchase of petroleum or petroleum products to or from Iran unless the funds were used only for trade

between the foreign country and Iran, with any funds owed to Iran deposited in an account within that foreign country, unless the transaction was for the export of agricultural commodities, medicine, and medical devices.

Beginning on July 1, 2013, the Secretary of the Treasury was required to impose sanctions against any person if there was a determination that the person who sold, supplied, or transferred, directly or indirectly, precious metals to or from Iran.

Fourth, any transaction evaded or avoided, had the purpose of evading or avoiding, caused a violation of, or attempted to violate any of the prohibitions I have just described, or any conspiracy formed to violate any of the prohibitions, was prohibited.[30]

## ATILLA'S OBJECTION AND PROPOSED INSTRUCTION

### Count Two: IEEPA Conspiracy

### (Prohibitions)

In order to prove that the defendant you are considering conspired to commit an IEEPA offense, the Government must prove that the defendant agreed with others to violate a prohibition issued pursuant to the IEEPA.  I instruct you that the following prohibitions were in effect at all times relevant to Count Two:

First, at all times relevant to the charges in the Indictment, orders, regulations, or prohibitions issued pursuant to the IEEPA provided that "the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States person, wherever

---

[30] Adapted from the charges of the Honorable Loretta A. Preska in *United States* v. *Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Honorable Jan DuBois in *United States* v. *Vaghari*, 08 Cr. 693 (E.D.Pa. 2010); the Honorable John F. Keenan in *United States* v. *Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Honorable Richard J. Sullivan during the bench trial in *United States* v. *Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* Title 50 United States Code, Section 1705; 31 C.F.R. Parts 560 & 561, and Executive Orders 13059, 12959, 12957, 13622, and 13645.

located, of any goods, technology, or services to Iran or the Government of Iran is prohibited",

unless the transaction was for the export of agricultural commodities, medicine, and medical

devices, or was otherwise authorized by a license from OFAC.

IEEPA authorizes essentially three sets of prohibitions.

The first set of prohibitions prohibit U.S. persons and institutions from dealing with Iran

or the Government of Iran in certain areas, and prohibit U.S. persons and U.S. institutions from

being used by others to deal with Iran or the Government of Iran in certain areas.  In the case the

prosecution has brought against Mr. Atilla, the prosecution has alleged that Mr. Atilla violated

these prohibitions by willfully causing U.S. banking institutions unwittingly to process

transactions in dollars in connection with transactions that benefitted the Government of Iran or

persons in Iran.

The second set of prohibitions authorized by IEEPA prohibit U.S. persons and institutions

from dealing with, or being caused to deal with, sanctioned foreign entities.  Here, this prohibition

does not apply because none of the individuals in question including Mr. Atilla, Halkbank or Reza

Zarrab were on any sanctions list.

The third set of prohibitions authorized by IEEPA prohibit anyone, U.S. or foreign, from

evading a prohibition.  In other words, a person charged for this conduct would have to have taken

action or caused others to take action that disguised conduct which, if revealed, would have been

prohibited under IEEPA.

I will now instruct you on what you must find beyond a reasonable doubt before you can

conclude that Mr. Atilla violated IEEPA by taking actions that caused a U.S. person or entity to

deal with Iran in a way that IEEPA prohibited.

First, you must be convinced beyond a reasonable doubt that Mr. Atilla joined a conspiracy to cause some U.S. person or U.S. institution to assist Iran by providing financial services or goods or technology to Iran or the Government of Iran.  If you find that his conduct caused some U.S. person or U.S. institution to participate in humanitarian activity for Iran's benefit – food or medicine – you must acquit.  And if you find that Mr. Atilla's conduct did not involve a U.S. person or U.S. institution – even if that conduct could have led to sanctions against him and Halkbank or even if that conduct undermined U.S. foreign policy – you must acquit.  Again, I want to remind you that engaging in conduct that could have led to Mr. Atilla or Halkbank simply being sanctioned is not sufficient to find him guilty.  It is not unlawful for a non-U.S. person or entity to engage in conduct that is merely sanctionable.

Second, you must be convinced beyond a reasonable doubt that the conduct that caused some U.S. person or U.S. institution to participate in the prohibited activity was undertaken by Mr. Atilla knowingly and willfully.  In other words, you must find beyond a reasonable doubt that Mr. Atilla intended that the activity in question would involve a U.S. person or U.S. institution.  And you must also find beyond a reasonable doubt that he undertook that activity knowing that it was illegal and specifically violated U.S. law.  For you to draw that conclusion, you need to be convinced beyond a reasonable doubt that Mr. Atilla knew what U.S. law prohibited and that he acted deliberately to violate that prohibition.  If you find that Mr. Atilla acted with a good faith belief that his conduct did not violate U.S. law, then you must find him not guilty.

In other words, it is not sufficient if you find that Mr. Atilla believed that he was doing something that could lead to sanctions or was even generally wrong.  The government must convince you beyond a reasonable doubt that Mr. Atilla knew that there was a law prohibiting the conduct that he is charged with.  Although Mr. Atilla need not know the name or number of the

law, the government must prove beyond a reasonable doubt that he knew that the law specifically addressed and prohibited the conduct with which he is charged.

I will next instruct you on what you must find beyond a reasonable doubt before you may convict Mr. Atilla for having evaded or avoided an IEEPA prohibition.

First, you must find that the activity that Mr. Atilla allegedly concealed or disguised would have violated an existing prohibition had it not been concealed or disguised.

Second, you must find that Mr. Atilla took action that caused the activity in question to be concealed or disguised – that he, in other words, took action that had the purpose or effect of evading or avoiding an existing prohibition.

Third, you must find that Mr. Atilla took the allegedly evasive action willfully and knowingly. This means you must find that he took this action knowing that if he did not, the activity he was allegedly concealing would have violated a prohibition authorized by IEEPA. And that he took the action for the purpose of concealing the activity for that reason.

Each of these three elements must be proven by the prosecution beyond a reasonable doubt.

***Atilla's Objection To Government's Proposed Instruction***: *The government's proposal is, again, a complete misstatement of IEEPA in several ways, most notably in reading out of the statute the U.S. nexus requirement. The defense objects to the In addition, the government's proposed discussion of the history of how sanctions were imposed is also likely to cause the jury to think that a violation of these sanctions is a crime. A perfect example is the government's proposal at the end of its instructions starting with "Fourth": their proposal speaks of the "prohibitions I have just described" when the prosecution's proposed instruction has the court immediately before that describing sanctions that can be imposed, which are not prohibitions.*

*Further, the prosecution mischaracterizes purely foreign conduct as criminal under U.S. law*

*when it states there was a prohibition against "The provision, directly or indirectly, to Iran or*

*the Government of Iran of . . . banking services [and] money remittance services." That quote*

*comes from an OFAC interpretation (see 31 CFR §560.427) that merely clarifies a regulatory*

*prohibition (31 CFR §560.204) that expressly applies solely to activity from the US or by a US*

*person. Consequently, the defense objects to the remainder of the government's proposed*

*instruction and proposes its own instruction.*

*The specific intent instruction above is merited under Second Circuit law and because the*

*Sanctions are administered by Treasury, are incredibly complex and prove especially difficult,*

*from a notice perspective, especially to a foreigner – all the kinds of issues considered by the*

*Supreme Court in tax cases. Cf. Cheek v. United States, 498 U.S. 192, 201(1991) (summarizing*

*that cases under the tax laws that require proof of knowledge of the provision the defendant is*

*charged with violating arise from the fact that "in our complex tax system, uncertainty often*

*arises even among taxpayers who earnestly wish to follow the law, and it is not the purpose of*

*the law to penalize frank differences of opinion or innocent errors made despite the exercise of*

*reasonable care"). In line with this, the Supreme Court has required specific intent in cases*

*addressing the evasion of U.S. Treasury anti-money laundering requirements. See Ratzlaf v.*

*United States, 510 U.S. 135 (1994) (requiring proof of specific intent in cases alleging a*

*violation of the Bank Secrecy Act of 1970 (BSA) that forbids willful structuring with the*

*"purpose of evading the reporting requirements of" the BSA); see also Bryan v. United States,*

*524 U.S. 184, 194 (1998) ("Both the tax cases and Ratzlaf involved highly technical statutes that*

*presented the danger of ensnaring individuals engaged in apparently innocent conduct" (notes*

*omitted)). The Supreme Court in Ratzlaf held that specific intent was necessary for the*

*structuring crime because structuring can have legitimate business reasons.  Id. at 144-145*

*("currency structuring is not inevitably nefarious. … Nor is a person who structures a currency*

*transaction invariably motivated by a desire to keep the Government in the dark").  The same*

*logic applies here where Turkish banking transactions with Turkey's neighbor, Iran, is "not*

*inevitably nefarious."  As the Circuit stated in an Iranian sanctions case (United States v. Homa*

*Intern. Trad., 387 F.3d 144, 147 (2d Cir. 2004): "The district court properly instructed the jury*

*that it could not convict [the defendant] of violating the Embargo unless 'the defendant knew*

*that such transmission of funds was a violation of the Iranian embargo, and was, thus, illegal.'*

*The instruction clearly articulated that [the defendant] had to violate knowingly the Embargo."*

## GOVERNMENT RESPONSE

As the Government has noted before, Atilla's proposed instruction is premised on an

incorrect (and wholly invented) misunderstanding of the IEEPA, the ITSR, the IFSR, and the

other regulations that he is charged with violating.  As described in the Government's objections

to Atilla's other requests, the statutory and regulatory framework at issue here does not preclude

the prosecution of foreign nationals and reaches any transaction that is intended to, among other

things, avoid the imposition of sanctions on a foreign financial institution through deception.

The Government's proposed instruction is faithful to the language and purpose of the

IEEPA and each of the regulations and executive orders to which it refers.  Atilla's instruction,

by contrast, not only uses language that is entirely made up to suit his trial strategy, but also

simply omits entire aspects of regulations that the Indictment explicitly charges him with

violating, and as to which the Court has a duty to instruct the jury.

Finally, Atilla proposes to incorporate into this instruction concepts of willfulness that are

properly the subject of a separate instruction on mental state.  Each of Atilla's proposals with

respect to Count Two seeks to direct the jury that they must acquit on the basis of mental state, even when the Court is instructing the jury as to the relevant licenses, orders, regulations, and prohibitions.  This will only lead to great confusion and inappropriately overemphasizes mental state as an element of the offense.  The Government's Request No. 30 accurately and amply instructs the jury on the element of willfulness, and the Government objects to injecting discussion of the *mens rea* requirement into instructions where it is inappropriate. .

## GOVERNMENT REQUEST NO. 29.

### Count Two: IEEPA Conspiracy

### (Definitions)

I am now going to define some of the technical terms used in the prohibitions that I have just instructed you about.

The "Government of Iran" means the state and the Government of the Islamic Republic of Iran, as well as any political subdivision, agency, or instrumentality of the government of the Islamic Republic of Iran, including the Central Bank of Iran. The Government of Iran also includes any entity or business owned or controlled, directly or indirectly, by the Government of Iran and any person to the extent that the person acts or purports to act, directly or indirectly, for or on behalf of the Government or Iran and any person or entity that OFAC has determined meets any of these criteria. I instruct you that, since at least June 16, 2010, OFAC has identified Bank Keshavarzi as owned or controlled by the Government of Iran, and therefore part of the Government of Iran. Since at least July 12, 2012, OFAC has identified the following banks as owned or controlled by the Government of Iran, and therefore part of the Government of Iran: Bank Shahr, the Credit Institution for Development, Karafarin Bank, Bank Parsian, Bank Pasargad, Bank Saman, and Bank Sarmayeh.

I described the prohibition on the "exportation, reexportation, sale, or supply of goods . . . or services" to Iran or to the Government of Iran either from the United States or by a United States person. I instruct you that the execution of money transfers from the United States to Iran on behalf of another, whether or not performed for a fee, constitutes the exportation of a

service.[31]  Services may be provided indirectly, for example, if funds are transferred to Iran or on

behalf of an Iranian person or business through an intermediary, or if they are transferred to a

third party for the benefit of or on behalf of the Government of Iran, or if they are transferred to a

third party acting as an agent of the Government of Iran.  The benefit of services performed

anywhere in the world on behalf of the Government of Iran is presumed to be received in Iran.[32]

I described to you the prohibitions relating to certain transactions with designated Iranian

financial institutions.  I instruct you that at all times relevant to this case, Bank Mellat and all of

its branches and subsidiaries, and Bank Saderat and all of its branches and subsidiaries, were

designated Iranian financial institutions.

I described the prohibition on any transaction that "evades or avoids, [or] has the purpose

of evading or avoiding" other prohibitions.  Under this provision, the Government must establish

that the conspirators agreed to engage in transactions for the purpose of avoiding the prohibition.

It is not necessary for the Government to prove that the conspirators' only reason for agreeing to

engage in the transaction was to avoid the prohibition.  It is sufficient if it was a dominant reason

for the conspirators to have agreed to engage in the transaction.

By the same token, it is not necessary for the Secretary of the Treasury to have actually

sanctioned a foreign financial institution before the conspirators agreed to engage in the

transaction for the purpose of evading or avoiding the prohibitions that could result in the

imposition of sanctions.  It is sufficient to satisfy this element if the conspirators believed that the

sanctions would be imposed and acted in that belief in agreeing to engage in a transaction or

---

[31] *See* Decision and Order on Zarrab Motion to Dismiss at 15-16, Dkt. 90 (quoting *United States* v. *Banki*, 685 F.3d 99, 108 (2d Cir. 2012).

[32] *See also id.* at 16 (quoting *United States* v. *Homa Int'l Trading Corp.*, 687 F.3d 144, 146 (2d Cir. 2004).

transactions designed to avoid the imposition of those sanctions.  In other words, avoiding the imposition of sanctions by unlawfully concealing the true nature of a transaction would violate the prohibition on evading or avoiding the prohibitions.[33]

## ATILLA'S OBJECTION AND PROPOSED INSTRUCTION

I am now going to define some of the technical terms used in the prohibitions that I have just instructed you about.

With respect to actions with the Government of Iran that involve US persons or involve US services (including financial services) and therefore can be the basis for a prohibition, the "Government of Iran" means the state and the Government of the Islamic Republic of Iran, as well as any political subdivision, agency, or instrumentality of the government of the Islamic Republic of Iran, including the Central Bank of Iran.  The Government of Iran also includes any entity or business owned or controlled, directly or indirectly, by the Government of Iran and any person to the extent that the person acts or purports to act, directly or indirectly, for or on behalf of the Government or Iran and any person or entity that OFAC has determined meets any of these criteria.

I described the prohibition on the "exportation, reexportation, sale, or supply of goods . . . or services" to Iran or to the Government of Iran either from the United States or by a United States person.  I instruct you that the execution of money transfers from the United States to Iran on behalf of another, whether or not performed for a fee, constitutes the exportation of a

---

[33] *See* Sand, *Modern Federal Jury Instructions*, Instr. 38-15 (2012) (instruction regarding meaning of "avoid" in the context of 18 U.S.C. § 1073's prohibition on flight to "avoid prosecution"); *United States* v. *Bando,* 244 F.2d 833, 843 (2d Cir. 1957) ("The words 'to avoid prosecution' mean 'to avoid being prosecuted.' . . .  It is sufficient if the fleeing felon is 'subject to prosecution.'").

service.[34]  Services may be provided indirectly, for example, if funds are transferred to Iran or on behalf of an Iranian person or business through an intermediary, or if they are transferred to a third party for the benefit of or on behalf of the Government of Iran, or if they are transferred to a third party acting as an agent of the Government of Iran.  The benefit of services performed anywhere in the world on behalf of the Government of Iran is presumed to be received in Iran.[35]

I described to you the prohibitions relating to certain transactions with designated Iranian financial institutions.

I described the prohibition on any transaction that "evades or avoids, [or] has the purpose of evading or avoiding" other prohibitions.  Under this provision, the Government must establish that the conspirators agreed to engage in transactions for the purpose of avoiding the prohibition.  It is not necessary for the Government to prove that the conspirators' only reason for agreeing to engage in the transaction was to avoid the prohibition.  It is sufficient if it was a dominant reason for the conspirators to have agreed to engage in the transaction.

***Atilla's Objection to the Government's Proposed Instruction***:  *Without the proposed lead-in "With respect to actions with the Government of Iran that involve US persons or involve US services (including financial services) and therefore can be the basis for a prohibition," the jury could too easily be misled into thinking that any activity with Iran is criminal – which is clearly not the law.*

*The defense objects to the sentences "I instruct you that, since at least June 16, 2010, OFAC has identified Bank Keshavarzi as owned or controlled by the Government of Iran, and*

---

[34] *See* Decision and Order on Zarrab Motion to Dismiss at 15-16, Dkt. 90 (quoting *United States* v. *Banki*, 685 F.3d 99, 108 (2d Cir. 2012).

[35] *See also id.* at 16 (quoting *United States* v. *Homa Int'l Trading Corp.*, 687 F.3d 144, 146 (2d Cir. 2004).

*therefore part of the Government of Iran.  Since at least July 12, 2012, OFAC has identified the*

*following banks as owned or controlled by the Government of Iran, and therefore part of the*

*Government of Iran:  Bank Shahr, the Credit Institution for Development, Karafarin Bank, Bank*

*Parsian, Bank Pasargad, Bank Saman, and Bank Sarmayeh." and "I instruct you that at all*

*times relevant to this case, Bank Mellat and all of its branches and subsidiaries, and Bank*

*Saderat and all of its branches and subsidiaries, were designated Iranian financial institutions."*

*Because they state questions of fact to be determined by the jury.*

*The government's proposed language in the concluding paragraph of its proposed*

*instruction about sanctions is completely wrong.  The defense, therefore, objects to that*

*paragraph.  The government's proposed charge again improperly invites the jury to convict if it*

*finds that a defendant took actions to evade or avoid sanctions.  That is absolutely not the law.*

## GOVERNMENT RESPONSE

As to Atilla's proposed prefatory language, the definition section of the Iranian sanctions

regulations that defines the Government of Iran does not limit its application to "actions . . . that

involve U.S. persons."  Atilla's proposal is an incorrect and inappropriate attempt to inject a

nexus requirement where, as the Court has already found, none is present in the IEEPA.

As to Atilla's objections to the Court instructing the jury about the designated status of

Iranian entities, in every IEEPA case the Government can identify, the Court has instructed the

jury as to the legal effect of designations of certain entities and individuals on the SDN List.

Unless Atilla intends to dispute that the relevant entities were designated at the relevant time

periods identified in the instructions, there is no bar to the Court including undisputed facts of

legal significance in its charge, much as it does when it instructs the jury on the boundaries of the

Southern District of New York when charging venue or when it instructs the jury on the status of narcotics as controlled substances listed by the DEA in drug cases.

## GOVERNMENT REQUEST NO. 30.

### Count Two: IEEPA Conspiracy

### (Willfulness)

The second element of an IEEPA violation is that the defendant you are considering acted willfully.  A defendant acted willfully if he acted intentionally and purposefully with the intent to do something the law forbids, that is, with bad purpose to disobey or to disregard the law -- here to violate the embargo on certain transactions with Iran.  However, the Government does not need to prove that defendant was aware of the specific law or rule that his conduct would violate. In other words, the defendant does not have to know that his conduct would violate a particular law, executive order or federal regulation, but he must act with the intent to do something the law forbids. [36]

---

[36] *United States* v. *Turner*, 836 F.3d 849, 859 (7th Cir.), *as supplemented*, 840 F.3d 336 (7th Cir. 2016) (affirming instruction above); *see also Bryan* v. *United States*, 524 U.S. 184, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998). (affirming instruction that "A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something the law forbids."); *United States* v. *Mousavi*, 604 F.3d 1084, 1093 (9th Cir. 2010) ("In light of these precedents, we conclude there is no basis for requiring the government to prove that a person charged with violating IEEPA and the ITR was aware of a specific licensing requirement. . . . [D]efendants charged with a violation of IEEPA and the ITR are adequately protected by requiring the government to prove that the defendants knew their actions violated the United States' embargo on transactions with Iran."); *Homa Int'l Trading Corp.*, 387 F.3d at 147 (quoting *Bryan*); *United States* v. *Hashmi*, No. 06 Cr. 442 (LAP), 2009 WL 4042841, at *12 (S.D.N.Y. Nov. 18, 2009).

## ATILLA'S OBJECTION AND PROPOSED INSTRUCTION

### Count Two: IEEPA Conspiracy

### (Willfulness)

The second element of an IEEPA violation is that the defendant you are considering acted willfully.  A defendant acted willfully if he acted intentionally and purposefully with the intent to do something the law forbids, that is, with bad purpose to disobey or to disregard the law -- here to violate the embargo on certain transactions with Iran.  However, the Government does not need to prove that defendant was aware of the specific law or rule that his conduct would violate. In other words, the defendant does not have to know that his conduct would violate a particular law, executive order or federal regulation, but he must act with the intent to do something the law forbids.

In this regard, as I instructed you earlier, the prosecution must prove beyond a reasonable doubt that Mr. Atilla undertook the prohibited activity knowing that there was a law that prohibited that activity, not simply that his actions were wrongful.

### GOVERNMENT RESPONSE

Atilla's added final paragraph is redundant of the concepts embodies in the first paragraph, and is confusing to the jury, in that it suggests that Atilla had to know there was a particular law he was violating, even though the law is clear that he need only have willfully violated the embargo on dealing with Iran writ large.  *See United States* v. *Mousavi*, 604 F.3d 1084, 1093 (9th Cir. 2010) ("In light of these precedents, we conclude there is no basis for requiring the government to prove that a person charged with violating IEEPA and the ITR was aware of a specific licensing requirement. . . . [D]efendants charged with a violation

of IEEPA and the ITR are adequately protected by requiring the government to prove that the defendants knew their actions violated the United States' embargo on transactions with Iran.").

## GOVERNMENT REQUEST NO. 31.

### Count Two: IEEPA Conspiracy

### (Lack of OFAC License)

The third element that the Government must prove to show a substantive violation of the IEEPA is that at the time of the transactions at issue, the defendant had not obtained a license to conduct such transactions from the Department of the Treasury's Office of Foreign Assets Control, otherwise known as OFAC.[37]

### ATILLA'S OBJECTION AND PROPOSED INSTRUCTION

### Count Two: IEEPA Conspiracy

### (Lack of OFAC License)

The third element that the Government must prove to show a substantive violation of the IEEPA is that at the time of the transactions at issue, the defendant had not obtained a license to conduct such transactions from the Department of the Treasury's Office of Foreign Assets Control, otherwise known as OFAC.  However, I instruct you that, during all times relevant to the Indictment, a general license issued by OFAC was in effect that expressly authorized exportation or reexportation of food and other humanitarian goods to the Government of Iran, to anyone in Iran, and to anyone outside of Iran who was purchasing for resale to the Government of Iran or anyone in Iran.  This meant that such transactions were exempt from sanctions and

---

[37] Adapted from the charges of the Honorable Loretta A. Preska in *United States* v. *Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Honorable Jan DuBois in *United States* v. *Vaghari*, 08 Cr. 693 (E.D.Pa. 2010); the Honorable John F. Keenan in *United States* v. *Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Honorable Richard J. Sullivan during the bench trial in *United States* v. *Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* Title 50 United States Code, Section 1705.

prohibitions including any financing and payment to anyone, including by or to U.S. persons or from the U.S., as long as those payments were in cash and made in advance.[38]

Therefore, if you find that if the defendant believed in good faith that any transaction involved the sale of food or other humanitarian goods for Iran, including any payment made for such a transaction, you must acquit, regardless of whether the transaction involved the United States or a U.S. person.  There already was a license for any transaction involving food or other humanitarian aid.

## GOVERNMENT RESPONSE

The Government does not object to language in the instruction that accurately describes the relevant provisions of the ITSR and IFSR, using the language of those regulations themselves, rather than that invented by Atilla.  For example, the Court could include:

At all times relevant to the indictment, a license existed for "the exportation or reexportation . . . of agricultural commodities," so long as the commodities were paid for in "cash in advance," and that sanctions would not be imposed "with respect to any foreign financial institution for conducting or facilitating a transaction for the sale of agricultural commodities, food, medicine, or medical devices to Iran."[39]

The remainder of the instruction inappropriately seeks to turn this instruction into a charge on the theory of the defense.  Nothing in the licenses themselves includes a "good faith" defense.  Good faith is, if relevant at all, merely a defense to willfulness, and is not incorporated into the element of the offense that requires the Government to prove the absence of an OFAC license.

---

[38] *See* 31 C.F.R. §§560.530 & 560.532.
[39] 31 C.F.R. §§560.530, 560.532, 561.203.

## DEFENSE REQUEST NO. 32.

## Count Two: IEEPA Conspiracy

## (U.S. Nexus Required)

A criminal violation of IEEPA requires that the Government prove beyond a reasonable doubt that the activity in question involved a U.S. person or U.S. institution providing assistance. The forbidden assistance includes the provision of financial services from a U.S. institution.

But if, for example, a foreign individual, like Mr. Atilla, engaged in conduct that helped Iran engage in conduct that could be sanctioned or that evaded sanctions, but engaged in that conduct outside the United States, without involving a U.S. person or services from the U.S., there is no crime under the IEEPA. No matter how much you or the U.S. government may disapprove of such conduct that occurs entirely overseas, a criminal conviction can only occur where that overseas conduct involved a U.S. person or U.S. institution.

*Defense Note:* *A review of all of the prohibitions in IEEPA demonstrates that every prohibition requires some connection to the U.S. -- either involvement of a U.S. person or a U.S. institution (like a bank) or the provision of services, goods or technology to or from the U.S.*

## GOVERNMENT RESPONSE

As already noted, a U.S. nexus is not an element of the statutory IEEPA offense, and so Atilla's proposed instruction is an incorrect misstatement of the law. Moreover, his analysis is incorrect in suggesting that "every prohibition requires some connection to the U.S." Not only does the IEEPA apply to more than just prohibitions—it plainly reaches violations of licenses, orders, and regulations as well, but several of the prohibitions the defendant is charged with violating also do not include a U.S. nexus. *See, e.g.,* 31 C.F.R. § 561.205 ("Any transaction on

or after the effective date that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions set forth in this part is prohibited.").

### JOINT REQUEST NO. 33.

### Count Two: IEEPA Conspiracy

### (No Overt Act Requirement)

Although Count Two, like Count One of the Indictment, charges the defendants with participating in a conspiracy, I instruct you that, unlike for Count One, it is <u>not</u> necessary for the Government to prove the commission any overt act in furtherance of the conspiracy alleged in Count Two, as long as the Government proves that the conspiracy charged in Count Two existed, and that the defendant was a knowing and intentional member of the conspiracy.[40]

---

[40] *See generally* 50 U.S.C. § 1705; *United States* v. *Ayden*, 2015 WL 927666, at *3 (N.D. Ga. Mar. 3, 2015) (distinguishing conspiracy alleged under 50 U.S.C. § 1705 from conspiracy alleged under 18 U.S.C. § 371 in that the former does not contain overt act requirement) (citing *Whitfield* v. *United States*, 543 U.S. 209, 213–14 (2005)).

## <u>JOINT REQUEST NO. 34.</u>

### Counts Three and Four: Bank Fraud and Bank Fraud Conspiracy

### (The Statute)

Counts Three and Four of the Indictment charge the defendants with committing the substantive crime of bank fraud, in violation of Title 18, United States Code, Section 1344, and with conspiring to commit bank fraud.  In a moment, I will describe to you in more detail the relevant provisions of Section 1344.

Specifically, Count Three charges:

*[The Court is respectfully requested to read Count Three.]*

**GOVERNMENT REQUEST NO. 35.**

**Count Three: Bank Fraud**

**(Elements)**

The elements of bank fraud are as follows:

First, that there was a scheme to defraud a bank or a scheme to obtain money owned by

or under the custody or control of a bank, by means of materially false or fraudulent pretenses,

representations, or promises;

Second, that the defendant executed or attempted to execute the scheme with the intent

either to defraud the bank or to obtain money or funds owned by or under the custody or control

of the bank; and

Third, that the bank involved was federally insured by the Federal Deposit Insurance

Corporation, or "FDIC."[41]

**ATILLA'S OBJECTION AND PROPOSED INSTRUCTION**

**Count Three: Bank Fraud**

**(Elements)**

The elements of bank fraud are as follows:

First, that there was a scheme to defraud a U.S. bank or a scheme to obtain money owned

by or under the custody or control of a U.S. bank, by means of materially false or fraudulent

pretenses, representations, or promises;

---

[41] Adapted from the charges of the Honorable Shira A. Scheindlin in *United States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); and from Sand, *Modern Federal Jury Instructions*, Instr. 44-9.  *See* 18 U.S.C. § 1344.

Second, that the defendant executed or attempted to execute the scheme with the intent either to defraud the U.S. bank or to obtain money or funds owned by or under the custody or control of the U.S. bank; and

Third, that the U.S. bank involved was federally insured by the Federal Deposit Insurance Corporation, or "FDIC."[42]

***Atilla's Objection to Government's Proposed Instruction***:  *Actions involving only banks outside the US are not a basis for a bank fraud conviction.*

## GOVERNMENT RESPONSE

As the Government has already noted, *see* Gov't Response re: Request No. 16, Atilla's proposed repeated reference to "U.S. bank" is likely to confuse the jury about the applicability of the bank fraud statute to foreign-headquartered banks that are nevertheless FDIC insured.  The limitation Atilla notes is correctly captured by the Government's description of the third element requiring FDIC insurance, and the "nationality" of the bank is not relevant.

---

[42] Adapted from the charges of the Honorable Shira A. Scheindlin in *United States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); and from Sand, *Modern Federal Jury Instructions*, Instr. 44-9.  *See* 18 U.S.C. § 1344.

## GOVERNMENT REQUEST NO. 36.

### Count Three: Bank Fraud

### (Existence of a Scheme or Artifice)

The first element of bank fraud is that that there was a scheme to defraud a bank <u>or</u> a scheme to obtain money owned by or under the custody or control of a bank, by means of materially false or fraudulent pretenses, representations, or promises;

This element requires proof of the existence of only one of these.  That is, that there existed <u>either</u> a scheme to defraud a bank <u>or</u> a scheme to obtain property under the custody or control of a bank by means of materially fraudulent pretenses, representations, or promises.

In order to prove the first theory of bank fraud, that there was a "scheme to defraud a bank," the Government must prove beyond a reasonable doubt that there was a pattern or course of conduct concerning a material matter designed to deceive a bank into releasing property.  A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective.

In order to prove the second theory of bank fraud, that there was a "scheme to obtain money owned by or under the custody or control of a bank," the Government must prove beyond a reasonable doubt is that there was a scheme to obtain money or property owned by or under the custody and control of a bank by means of false or fraudulent pretenses, representations or promises.  A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

The deception need not be premised upon spoken or written words alone.  The arrangement of the words, the omission of words, or the circumstances in which they are used

may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

A fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been deceptive or false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.[43]

In considering this element of bank fraud, it is unimportant whether a bank actually relied on a misrepresentation. It is sufficient if the misrepresentation is one that is merely capable of influencing the bank's decision.[44]

It is not necessary for the Government to prove that the financial institutions actually lost money or property as a result of the scheme, or that the defendant intended for the financial institutions to lose money or property. A scheme to defraud a bank also exists when a bank is provided false or fraudulent information that, if believed, would prevent the bank from being able to make informed economic decisions about what to do with its money or property. For example, if the Government proves beyond a reasonable doubt that the intent of scheme was that

---

[43] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-10.

[44] *See Neder* v. *United States*, 527 U.S. 1, 25 (1999) (holding that federal fraud statutes do not incorporate a reliance element); *United States* v. *Shapiro*, 29 F. App'x 33, 35 (2d Cir. 2002) ("[A]ctual reliance is not an element of bank fraud."); *United States* v. *Rodriguez,* 140 F.3d 163, 167 (2d Cir.1998) ("A misrepresentation is material if it's capable of influencing the bank's actions.").

the financial institutions would conduct transactions they would otherwise not have conducted, then the Government will have met its burden of proof as to this element.[45]

Furthermore, it does not matter whether the bank might have discovered the fraud had it probed further, or that the bank did discover the fraud prior to conducting a transaction. If you find that a scheme or artifice existed, it is irrelevant whether you believe that any bank involved was careless, gullible, or even negligent.[46]

### ATILLA'S PROPOSED INSTRUCTION

#### Count Three: Bank Fraud

#### (Existence of a Scheme or Artifice)

The first element of bank fraud is that that there was a scheme to defraud a federally-insured U.S. bank _or_ a scheme to obtain money owned by or under the custody or control of such a bank, by means of materially false or fraudulent pretenses, representations, or promises;

This element requires proof of the existence of only one of these. That is, that there existed _either_ a scheme to defraud a federally-insured U.S. bank _or_ a scheme to obtain property under the custody or control of a federally-insured U.S. bank by means of materially fraudulent

---

[45] _See Shaw_ v. _United States_, 137 S. Ct. 462, 467, 196 L. Ed. 2d 373 (2016) (The bank fraud "statute, while insisting upon 'a scheme to defraud,' demands neither a showing of ultimate financial loss nor a showing of intent to cause financial loss. Many years ago Judge Learned Hand pointed out that '[a] man is none the less cheated out of his property, when he is induced to part with it by fraud,' even if 'he gets a quid pro quo of equal value.' _United States_ v. _Rowe,_ 56 F.2d 747, 749 (C.A.2 1932). That is because '[i]t may be impossible to measure his loss by the gross scales available to a court, but he has suffered a wrong; he has lost,' for example, 'his chance to bargain with the facts before him.' _Ibid._"); _United States_ v. _Regent Office Supply Co._, 421 F.2d 1174, 1181–82 (2d Cir. 1970) ("[A] wrong has been suffered when a man is deprived of his chance to bargain with the facts before him where the absent facts are facts material to the bargain he is induced thereby to enter.").

[46] Adapted from the charges of the Honorable Shira A. Scheindlin in _United States_ v. _Abakporo_, 12 Cr. 340 (SAS) (2013), _United States_ v. _Vasilevsky_, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); and _United States_ v. _Persaud_, 09 Cr. 958 (SAS) (S.D.N.Y. 2010); _see also_ Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 44-10.

pretenses, representations, or promises.  In other words, if you find that Mr. Atilla was responsible for a scheme to defraud a non-U.S. bank or a U.S. branch of a non-U.S. bank that lacks FDIC insurance, you must acquit.

In order to prove the first theory of bank fraud, that there was a "scheme to defraud a [U.S.] bank," the Government must prove beyond a reasonable doubt that there was a pattern or course of conduct concerning a material matter designed to deceive a U.S. bank into releasing property.  A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective.

In order to prove the second theory of bank fraud, that there was a "scheme to obtain money owned by or under the custody or control of a [U.S.] bank," the Government must prove beyond a reasonable doubt is that there was a scheme to obtain money or property owned by or under the custody and control of a U.S. bank by means of false or fraudulent pretenses, representations or promises.  A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

The deception need not be premised upon spoken or written words alone.  The arrangement of the words, the omission of words, or the circumstances in which they are used may convey a false and deceptive appearance.  If there is intentional deception, the manner in which it is accomplished does not matter.

A fraudulent representation must relate to a material fact or matter.  A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  This means that if you find a

particular statement of fact to have been deceptive or false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half truths or omissions of material facts.[47]

In considering this element of bank fraud, it is unimportant whether a U.S. bank actually relied on a misrepresentation.  It is sufficient if the misrepresentation is one that is merely capable of influencing the U.S. bank's decision.[48]

It is not necessary for the Government to prove that the U.S. financial institutions actually lost money or property as a result of the scheme, or that the defendant intended for the U.S. financial institutions to lose money or property.  A scheme to defraud a U.S. bank also exists when a U.S. bank is provided false or fraudulent information that, if believed, would prevent the U.S. bank from being able to make informed economic decisions about what to do with its money or property.  For example, if the Government proves beyond a reasonable doubt that the intent of the scheme was that the U.S. financial institutions would conduct transactions they would otherwise not have conducted, then the Government will have met its burden of proof as to this element.  The Government must prove beyond a reasonable doubt that one or more of the alleged omissions or misrepresentations were made in furtherance of the scheme.[49]

It does not matter whether the U.S. bank might have discovered the fraud had it probed further, or that the U.S. bank did discover the fraud prior to conducting a transaction.  If you find that a

---

[47] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-10.

[48] *See Neder* v. *United States*, 527 U.S. 1, 25 (1999) (holding that federal fraud statutes do not incorporate a reliance element); *United States* v. *Shapiro*, 29 F. App'x 33, 35 (2d Cir. 2002) ("[A]ctual reliance is not an element of bank fraud."); *United States* v. *Rodriguez*, 140 F.3d 163, 167 (2d Cir.1998) ("A misrepresentation is material if it's capable of influencing the bank's actions.").

[49] Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Zemlyansky, et al.*, S13 12 Cr. 171 (JPO) (S.D.N.Y. 2013).

scheme or artifice existed, it is irrelevant whether you believe that any U.S. bank involved was careless, gullible, or even negligent.

## **GOVERNMENT RESPONSE**

For the same reasons already noted, the Government objects to the appellation "U.S. bank."  The Government has no objection to including the phrase "federally insured" in the places Atilla suggests.

## GOVERNMENT REQUEST NO. 37.

### Count Three: Bank Fraud

### (Intent to Defraud)

The second element of bank fraud is that the defendant executed, attempted to execute, or participated in the scheme or artifice knowingly, willfully, and with the intent to defraud the bank or that the defendant executed or attempted to execute the scheme knowingly and willfully and with the intent to obtain money or funds owned or under the custody or control of the bank.

A person acts "knowingly" if he acts voluntarily and deliberately and not mistakenly or inadvertently.  In determining whether the defendant you are considering acted knowingly, you may also consider whether the defendant consciously avoided guilty knowledge, in other words, whether he was willfully blind to the nature of the scheme.  I have already instructed you about those terms in connection with Count One, and you should rely on them here as well.  A person acts "willfully" and "intentionally" if he acts purposely and voluntarily and with the specific intent to disobey or disregard the law.

This element requires that the defendant engaged in, or participated in, the scheme alleged with an understanding of its fraudulent or deceptive character and with an intention to help it succeed.  It is not required that the defendant participate in or have knowledge of all the operations of the scheme.  The guilt of the defendant is not governed by the extent of his participation.  It also is not necessary that the defendant originated the scheme to defraud, or that the defendant participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the

scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

The questions of whether a person acted knowingly, willfully, and with intent to defraud are questions of fact for you to determine, like any other fact question.  These questions involve the state of mind of the defendant.

Direct proof of knowledge and fraudulent intent is often unavailable.  Indeed it is not typical that a person writes or states that as of a given time in the past he or she committed an act with fraudulent intent.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

When deciding whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.[50]

---

[50] Adapted from the charges of the Honorable Shira A. Scheindlin in *United States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); Sand, *Modern Federal Jury Instructions*, Instrs. 44-5, 44-11. *See also United States* v. *Schwartz*, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); *United States* v. *King*, 860 F.2d 54, 55 (2d Cir. 1988) (same); *United States* v. *Karro*, 257 F.3d 112, 118 (2d Cir. 2001) (defendant who intentionally provides false information to lender about her identity to obtain credit card has intent to defraud, whether or not she intended to repay debts).

## ATILLA'S OBJECTION AND PROPOSED INSTRUCTION

### Count Three: Bank Fraud

### (Intent to Defraud)

The second element of bank fraud is that the defendant executed, attempted to execute, or participated in the scheme or artifice knowingly, willfully, and with the intent to defraud the U.S. bank or that the defendant executed or attempted to execute the scheme knowingly and willfully and with the intent to obtain money or funds owned or under the custody or control of the U.S. bank.

A person acts "willfully" and "intentionally" if he acts purposely and voluntarily and with the specific intent to disobey or disregard the law.

This element requires that the defendant engaged in, or participated in, the scheme alleged with an understanding of its fraudulent or deceptive character and with an intention to help it succeed.  It is not required that the defendant participate in or have knowledge of all the operations of the scheme.  The guilt of the defendant is not governed by the extent of his participation.

The questions of whether a person acted knowingly, willfully, and with intent to defraud are questions of fact for you to determine, like any other fact question.  These questions involve the state of mind of the defendant.

Direct proof of knowledge and fraudulent intent is often unavailable.  Indeed it is not typical that a person writes or states that as of a given time in the past he or she committed an act with fraudulent intent.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a

person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

When deciding whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

***Atilla's Objection to the Government's Proposed Instruction:*** *The defense objects to the sentence "A person acts "knowingly" if he acts voluntarily and deliberately and not mistakenly or inadvertently." in this charge as redundant, out of place and inconsistent with the allegations in the Indictment.*

*The defense objects to the sentences reading "It also is not necessary that the defendant originated the scheme to defraud, or that the defendant participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter." as improper in a discussion of intent.  Further, they are contrary to allegations in the Indictment.*

*The defense objects to the sentence "Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose." as improper in a discussion of intent.*

## GOVERNMENT RESPONSE

The Government's proposal is a standard instruction taken from the caselaw and sample charges cited.  By contrast, Atilla cites no authority for omitting them, or for his bizarre

suggestion that they are inconsistent with the Indictment.  Each of the sentences that Atilla proposes to omit is an accurate and necessary explanation of terms that the jury will have to apply to the evidence.  Omitting those phrases leaves the jury with no guidance as to how to interpret these phrases, which is why these instructions are routinely given in this district.

## GOVERNMENT REQUEST NO. 38.

### Count Three: Bank Fraud

### (Federally Insured Financial Institution)

The third element of the crime of bank fraud is that a financial institution in question was federally insured at the time of the scheme. This simply means that the financial institution was a bank insured by the Federal Deposit Insurance Corporation during the time frame alleged in the Indictment. The Government need not show that the defendant knew that a financial institution was federally insured to satisfy this third element. [51]

### ATILLA'S PROPOSED INSTRUCTION

The third element of the crime of bank fraud is that a U.S. financial institution in question was federally insured at the time of the scheme. This simply means that the U.S. financial institution was a bank insured by the Federal Deposit Insurance Corporation during the time frame alleged in the Indictment. The Government need not show that the defendant knew that a U.S. financial institution was federally insured to satisfy this third element.

### GOVERNMENT RESPONSE

For the reasons previously noted, the Government objects to the modifier "U.S." as misleading, particularly in the context of this instruction, which accurately defines the federally-insured nature of the financial institution required by the statute.

---

[51] *See* Sand, *Modern Federal Jury Instructions*, Instr. 44-11.

## GOVERNMENT REQUEST NO. 39.

### Count Three: Bank Fraud

### (Aiding and Abetting)

In connection with the substantive crime of bank fraud charged in Count Three, the defendants are also charged with aiding and abetting the commission of that crime. The defendant you are considering can be convicted *either* if he committed the crime himself, *or* if another person committed the crime and the defendant aided and abetted that person to commit that crime. In other words, it is not necessary for the Government to show that a defendant himself physically committed the crime charged in order for you to find him guilty. This is because a person who aids, abets, counsels, commands, induces, or procures the commission of a crime is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of bank fraud as charged in Count Three if you find beyond a reasonable doubt that the Government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided, abetted, counseled, commanded, induced or procured that person to commit the crime.

To aid or abet another to commit a crime, it is necessary that the Government prove beyond a reasonable doubt that the defendant willfully and knowingly associated himself in some way with the crime committed by the other person and willfully and knowingly sought by some act to help the crime succeed.

However, let me caution you that the mere presence of the defendant where a crime is being committed, even when coupled with knowledge by the defendant that a crime is being committed, is not sufficient to make the defendant guilty under this approach of aiding and abetting. Such a defendant would be guilty under this approach of aiding and abetting only if, in

addition to knowing of the criminal activity, he actually took actions intended to help it succeed.[52]

      ***Atilla's Objection to the Government's Proposed Instruction***: *The defense objects to this instruction as confusing and redundant.  The defense proposes an alternative "aiding and abetting" charge to be given only once following the charges related to Count Six.*

---

[52] Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 11-1 and 11-2; and the charges of the Honorable Richard J. Sullivan in *United States* v. *Hussain*, 12 Cr. 45 (RJS) (S.D.N.Y. 2013); the Honorable Sidney H. Stein in *United States* v. *Roger Key*, 12 Cr. 712 (S.D.N.Y. 2014); and the Honorable Paul A. Engelmayer in *United States* v. *Lopez-Cabrera*, 11 Cr. 1032 (PAE).

## GOVERNMENT REQUEST NO. 40.

### Count Three: Bank Fraud

### (Co-Conspirator Liability Pursuant to *Pinkerton* v. *United States*, 328 U.S. 640 (1946))

There is another method by which you may evaluate the possible guilt of the defendants for bank fraud as charged in Count Three even if you do not find that the Government has satisfied its burden of proof with respect to each element of that crime.  This is called co-conspirator liability.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant you are considering was a member of either the conspiracy to defraud the United States charged in Count One of the Indictment or the conspiracy to violate the IEEPA charged in Count Two of the Indictment, and thus, guilty on either of the two conspiracy counts, then you may also, but you are not required to, find him guilty of bank fraud as charged in Count Three, provided you find, beyond a reasonable doubt, each of the following elements:

First, that the crime charged in Count Three was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

Third, that the substantive crime was committed in furtherance of the conspiracy you found to have existed;

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed; and

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant you are considering guilty of bank fraud, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the crimes committed by its members.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant you are considering guilty of bank fraud, unless the Government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, that crime.[53]

*Atilla's Objection to the Government's Proposed Instruction: The defense objects to this charge as unnecessary and violative of due process.  In the event the defense's objection to this charge is overridden, the defense requests that such a co-conspirator liability charge be given only once following the charge concerning aiding and abetting liability.*

## GOVERNMENT RESPONSE

To the extent Atilla challenges the concept of *Pinkerton* liability, the Supreme Court has expressly endorsed this doctrine.  *See Pinkerton* v. *United States*, 328 U.S. 640 (1946).  Further, the Government's proposed charge is adapted from standard instructions routinely given in this district, and is most appropriately given here, the first time it is applicable.

---

[53] Adapted from the charges of the Hon. William H. Pauley III in *United States* v. *Meregildo*, 11 Cr. 576 (S.D.N.Y. 2012); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 19-13.

**JOINT REQUEST NO. 41.**

**Count Four: Bank Fraud Conspiracy**

Count Four charges that the defendants participated in a conspiracy to commit bank fraud.  Specifically, Count Four alleges that:

*[The Court is respectfully requested to read Count Four.]*

I have already instructed you as to what a conspiracy is and how you should go about determining whether one existed and whether the defendant knowingly joined and participated in it.  Those same principles apply to Count Four as they did to Counts One and Two.

The object of the conspiracy charged in Count Four is bank fraud, in violation of Title 18, United States Code, Section 1344.  I have already explained the elements of bank fraud when discussing Count Three.  You should rely on those instructions in connection with Count Four as well.

I remind you that the crime of conspiracy to violate a federal law is an independent offense.  It is separate from the actual violation of any specific federal laws.  You may find the defendant you are considering guilty of the crime of conspiracy to commit bank fraud even if you find that the bank fraud itself – that was an object of the conspiracy – was not actually committed.

## GOVERNMENT REQUEST NO. 42.

### Count Five: Money Laundering

Count Five charges the defendants with unlawfully transporting (or attempting to transport) funds or monetary instruments to or from the United States with an intent to promote certain criminal offenses, in violation of 18 U.S.C. § 1956(a)(2)(A), a crime that is commonly called international money laundering.

Count Five charges:

*[The Court is respectfully requested to read Count Five].*

### ATILLA'S PROPOSED INSTRUCTION

### Count Five: Money Laundering

Count Five charges the defendants with unlawfully transporting (or attempting to transport) funds or monetary instruments to or from the United States with an intent to promote certain criminal offenses, in violation of 18 U.S.C. § 1956(a)(2)(A), a crime that is commonly called money laundering.

Count Five charges:

*[The Court is respectfully requested to read Count Five].*

### GOVERNMENT RESPONSE

The Government's proposed instruction accurately differentiates the charged offense, in violation of 18 U.S.C. § 1956(a)(2), from other forms of money laundering which do not have an international component, and so the Court should retain that modifier.

**JOINT REQUEST NO. 43.**

**Count Five: Money Laundering**

**(Elements)**

To prove the defendant guilty of money laundering, the Government must prove the following two elements beyond a reasonable doubt:

First, that the defendant transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside the United States (or to a place in the United States from or through a place outside the United States).

Second, that the defendant did so with the intent to promote the carrying on of specified unlawful activity.[54]

---

[54] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 50A-12.

**JOINT REQUEST NO. 44.**

**Count Five: Money Laundering**

**(Transportation of a Monetary Instrument or Funds
to or from or through the United States)**

The first element which the Government must prove beyond a reasonable doubt is that the defendant you are considering transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

The term "monetary instrument" includes coin or currency of the United States or of any other country and money orders.

The term "funds" refers to money or negotiable paper which can be converted into currency.

"Transportation" is not a word that requires a definition; it is a word which has its ordinary, everyday meaning. The Government need not prove that the defendant physically carried the funds or monetary instrument in order to prove that he is responsible for transporting it. All that is required is proof that the defendant caused the funds or monetary instrument to be transported.

To satisfy this element, the Government must also prove that the funds or monetary instruments were transported from somewhere in the United States to or through someplace outside the United States or to someplace in the United States from or through someplace outside the United States.[55]

---

[55] Adapted from the charge of the Honorable Vernon S. Broderick in *United States* v. *Ng Lap Seng,* 15 Cr. 706 (S.D.N.Y. 2017); and Sand *et al.*, *Modern Federal Jury Instructions*, 50A-13.

**REQUEST NO. 45.**

**Count Five: Money Laundering**

**(Intent to Promote Specified Unlawful Activity)**

The second element which the Government must prove beyond a reasonable doubt is that the defendant acted with intent to promote the carrying on of specified unlawful activity

I instruct you, as a matter of law, that the term "specified unlawful activity" includes (i) a violation of the IEEPA as charged in Count Two; (ii) bank fraud, as charged in Counts Three and Four; and (iii) bribery of foreign officials, in violation of the laws of the Republic of Turkey.  I have already explained to you the elements of the first two specified unlawful activities – a violation of the IEEPA and bank fraud.  Shortly, I will explain the elements of the third specified unlawful activity – bribery of foreign officials, in violation of the laws of the Republic of Turkey.

To act intentionally means to act deliberately and purposefully, not by mistake or accident, with the purpose of promoting, facilitating or assisting the carrying on of (i) the illegal export of services to the Islamic Republic of Iran; (ii) bank fraud; and (iii) bribery of foreign officials, in violation of the laws of the Republic of Turkey.  If you find that the defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of any or all of these specified unlawful activities, then the third element is satisfied.  You need not find that these activities actually occurred, but merely that the defendant acted to promote, facilitate, or assist them to occur.[56]

---

[56] Adapted from the charge of the Honorable Vernon S. Broderick in *United States* v. *Ng Lap Seng,* 15 Cr. 706 (S.D.N.Y. 2017); and Sand *et al.*, *Modern Federal Jury Instructions*, 50A-14.

## ATILLA'S OBJECTION AND PROPOSED INSTRUCTION

### Count Five: Money Laundering

### (Intent to Promote Specified Unlawful Activity)

The second element which the Government must prove beyond a reasonable doubt is that the defendant acted with intent to promote the carrying on of specified unlawful activity.  This means two things: first, that the prosecution prove beyond a reasonable doubt that the defendant transported, transmitted, or transferred, money from the United States to a place outside the United States, or to the United States from a place outside the United States, or attempted to do these things; and second, that that money was used to promote a specified unlawful activity, which I shall next define.  It is an essential part of the prosecution's burden, however, to prove that the specified unlawful activity was promoted by money that went to or from the United States.

I instruct you, as a matter of law, that the term "specified unlawful activity" includes (i) a violation of the IEEPA as charged in Count Two; (ii) bank fraud, as charged in Counts Three and Four; and (iii) bribery of foreign officials, in violation of the laws of the Republic of Turkey.  I have already explained to you the elements of the first two specified unlawful activities – a violation of the IEEPA and bank fraud.  Shortly, I will explain the elements of the third specified unlawful activity – bribery of foreign officials, in violation of the laws of the Republic of Turkey.

To act intentionally means to act deliberately and purposefully, not by mistake or accident, to cause money to go to the United States or from the United States with the purpose of using that money to promote, facilitate or assist (i) the illegal export of services to the Islamic Republic of Iran in violation of IEEPA; (ii) bank fraud; and (iii) bribery of foreign officials, in

violation of the laws of the Republic of Turkey.  If you find that the defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of any or all of these specified unlawful activities, then the third element is satisfied.  You need not find that these activities actually occurred, but merely that the defendant acted to promote, facilitate, or assist them to occur.

It is necessary for the Government to prove any one of the three predicate acts of the money laundering count (illegal export of services to Iran; bank fraud; and bribery of a foreign public official).  An agreement to accomplish each separate predicate is necessary.  Moreover, you must be unanimous as to which one of the three predicates.  In other words, to return a verdict of guilty on Count Five as to the defendant, you must be in unanimous agreement that one of the three predicates occurred with respect to the money laundering charged in this Count.[57]

You must also be convinced beyond a reasonable doubt that U.S. monies were at some point used to promote the activity that you unanimously believe occurred.

***Atilla's Objection to the Government's Proposed Instruction:*** *The government's proposal again omits a critical element of the crime – the U.S. connection.  Their proposal does not mention the fact that, as 18 U.S.C. 1956(a)(2)(A) expressly requires, the specified unlawful activity has to be promoted by money that goes to or comes from the U.S..*

<u>**GOVERNMENT RESPONSE**</u>

At the outset, Atilla is flatly incorrect that the jury "must be unanimous as to which one of the three predicates."  The law is clear that not only is the Government not obliged to prove all

---

[57] *Cf. United States v. Brown,* 202 F.3d 691, 698 (4th Cir. 2000); *United States v. Challoner,* 2008 WL 4211103 at *8, fn. 2 (D. Col. 2008).

three predicates, but the jury need not even be unanimous as to which one.  *See United States* v. *Loe*, 248 F.3d 449, 468 (5th Cir. 2001) ("Nor is jury unanimity regarding the specified unlawful activity required."); *United States v. Souffrant*, 517 F. App'x 803, 820 n.12 (11th Cir. 2013) (highlighting defendant's "failure to identify any binding precedent from this Court or the Supreme Court that holds that a jury must unanimously agree on the underlying specified unlawful activity").

As for Atilla's proposal to reiterate aspects of the "transportation" element in the context of the element applicable to intent to promote a specified unlawful activity, his instruction is unnecessary, repetitive, and confusing, which is why no instruction the Government can identify includes his proposed formulation.  *See* Sand*, Modern Federal Jury Instructions*, Instr. 50A-14.

## GOVERNMENT REQUEST NO. 46.

### Count Five: Money Laundering

### (Intent to Promote Specified Unlawful Activity)

As I just mentioned, the third specified unlawful activity charged in Count Five is bribery of foreign officials, in violation of the laws of the Republic of Turkey.

Like U.S. law, the laws of the Republic of Turkey outlaw bribery involving public officials.  Specifically, Section 252 of Turkish Criminal Code Article 5237 makes it a crime both for:

"Any person [to] secur[e], directly or through other persons, an undue advantage to a public official or another person indicated by the public official to perform or not to perform a task with regard to his duty."

And for:

"Any public official [to] secur[e], directly or through other persons, an undue advantage to himself or another person indicated by the public official to perform or not to perform a task with regard to his duty."

Article 6(c) of the Turkish Criminal Code defines a public official as "any person who is elected, appointed, or chosen in any other way to carry out a public duty for a temporary, permanent, or specifically defined time period."

*Atilla's Objection to Government's Proposed Instruction: The defense objects to this entire third activity (and, therefore, this proposed government jury charge) because there is no evidence concerning what Turkey considers to be a violation of this law.  For example, the law uses terms like "undue advantage" and "task with regard to his duty," yet there is no definition and the jury cannot be allowed to speculate.  In addition, in the U.S., bribery of public officials*

*has undergone a major transformation by way of the Supreme Court decision in U.S. v.*

*McDonnell and those changes should be imported into the jury's consideration of this third*

*specified activity.  Finally, we would submit that if the government puts on evidence of Turkey's*

*laws at trial, the defense must be allowed to counter with case law and its own evidence and that*

*the determination of what Turkey's laws require be left to the jury only if the Court, in the first*

*instance, believes there are grounds for the jury to correctly conclude that Turkish bribery law*

*was violated.*

*If the Court determines that the third activity should remain in the case, at the very least,*

*the Court must reiterate that it is not a violation of that third activity (or any of the three) that*

*constitutes a crime, but the use of monies to or from the U.S. to promote that specified unlawful*

*activity that is criminalized.*

## GOVERNMENT RESPONSE

Atilla's proposal that the Court should not instruct the jury as to a specified unlawful

activity charged by the grand jury in the Indictment is clearly incorrect.  The Government's

proposed instruction quotes English translations of the relevant Turkish statutes, and Atilla does

not dispute the accuracy of those references.  Instead, he suggests that this specified unlawful

activity should not "remain in the case," effectively moving to dismiss part of Count Three

through objections to the Government's proposed instructions.

To the extent that Atilla implies that there is "case law" beyond the statutory text that is

relevant, he has failed to identify what it is or in what way the Court should instruct the jury

beyond telling them the obvious fact that it is a crime in Turkey to bribe public officials.  Instead,

Atilla suggests that U.S. case law is somehow controlling, but equally fails to identify how, or in

what way he believes the jury should be charged on the application of a U.S. Supreme Court decision to the existence of a Turkish crime of bribery.

If instead Atilla is suggesting that the jury is incapable of applying the facts of this case to the Court's charge on the law—which accurately quotes the laws of the Republic of Turkey, which is all that § 1956(a)(2)(A) requires, then he has simply misunderstood the jury's role, which is to conduct precisely this type of analysis, and which it does with respect to every element, of every charge, in every case.

**GOVERNMENT REQUEST NO. 47.**

**Count Five: Money Laundering**

**(Aiding and Abetting and Co-Conspirator Liability)**

As with Count Three, the defendant you are considering can be convicted *either* if he committed the crime himself, *or* if another person committed the crime and the defendant aided and abetted that person to commit that crime.  Thus, if a defendant willfully and knowingly associated himself in some way with the crime committed by the other person and willfully and knowingly sought by some act to help the crime succeed, he is guilty of the crime.  I have already instructed you as to the requirements of aiding and abetting in connection with Count Three, and you should follow those instructions here as well.

Similarly, if you find beyond a reasonable doubt, that the defendant you are considering was a member of either the conspiracy to defraud the United States charged in Count One, the conspiracy to violate the IEEPA charged in Count Two, or the conspiracy to commit bank fraud charged in Count Four, and thus, guilty on any of the three conspiracy counts, then you may also, but you are not required to, find him guilty of money laundering as charged in Count Three, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it, provided you find, beyond a reasonable doubt, each of the elements of co-conspirator liability that I have already instructed you about with regard to Count Three, and you should follow those instructions here as well.

***Atilla's Objection to the Government's Proposed Instruction:*** *The defense objects to this charge as redundant, confusing and wrong.  The defense proposes that an alternative aiding and abetting instruction be given only once following the instruction on Count Six.*

*If the Court does give this charge over the defense's objection, the defense proposes that the charge include that the prosecution must prove beyond a reasonable doubt that money to or from the U.S. was used to promote the specified unlawful activity before the jury can consider whether Mr. Atilla could be found guilty of aiding and abetting the charged activity.*

## **GOVERNMENT RESPONSE**

The Government's proposed instruction is an accurate summary of the instructions already given as to aiding and abetting and co-conspirator liability, and, as is the standard practice, instructs the jury that it should follow the more complete instructions previously given. Both the bank fraud and the international money laundering substantive counts charge Atilla with being guilty both as a principal and as one who aided and abetted the criminal conduct. Contrary to Atilla's suggestion that instructions on these subjects should only be given once after Count Six—which charges a conspiracy as to which neither aiding and abetting nor co-conspirator liability would apply—it is clearer for the jury to direct their attention to these charges on alternative forms of liability at the time that the Court is charging them on the Counts as to which those legal principles apply.

## GOVERNMENT REQUEST NO. 48.

### Count Six: Money Laundering Conspiracy

Count Six charges that the defendants conspired to commit international money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A).  I have already instructed you as to the elements of conspiracy and the elements of international money laundering, and you should follow those instructions here.

Remember, though, that as I said with respect to Counts One, Two, and Four, a conspiracy and the substantive crime are distinct and independent offenses, and you may find the defendant guilty of the crime of conspiracy – even if you find that he never actually committed the substantive crime that was the object of the conspiracy.  By the same token, you can find the defendant guilty of committing the substantive crime, even if you find him not guilty of conspiracy.

### ATILLA'S PROPOSED INSTRUCTION

Count Six charges that the defendants conspired to commit international money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A).  I have already instructed you as to the elements of conspiracy and the elements of money laundering, and you should follow those instructions here.

Remember, though, that as I said with respect to Counts One, Two, and Four, a conspiracy and the substantive crime are distinct and independent offenses, and you may find the defendant guilty of the crime of conspiracy – even if you find that he never actually committed the substantive crime that was the object of the conspiracy.  By the same token, you can find the defendant guilty of committing the substantive crime, even if you find him not guilty of conspiracy.

## **GOVERNMENT RESPONSE**

As noted in connection with Count Five, the Government's proposed instruction accurately differentiates the charged offense, in violation of 18 U.S.C. § 1956(a)(2), from other forms of money laundering which do not have an international component, and so the Court should retain that modifier.

## ATILLA'S REQUEST NO. 49.

### Aiding and Abetting Liability

In connection with the charges contained in Count Three, which alleges a substantive bank fraud violation against all defendants, and Count Five, which alleges a substantive promotion money laundering violation against all defendants, the defendants are charged with committing certain criminal acts, and also with aiding and abetting the commission of those acts, in violation of Title 18, United States Code, Section 2.  As to each of those crimes, the defendant you are considering can be convicted either if he or she committed the crime personally or if he or she aided and abetted the commission of the crime by one or more people.  It is not necessary for the Government to show that the defendant physically committed a crime in order for you to find the defendant guilty.  If you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find him or her guilty of the substantive crime as an aider and abettor.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he or she had committed it personally.  Therefore, if you find that the Government has proven beyond a reasonable doubt that another person actually committed a crime, and that the defendant you are considering aided and abetted that person in the commission of the offense.=, then you may find the defendant guilty of that crime.

The first requirement for finding an aiding and abetting violation is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

Also, in order to aid and abet another to commit a crime, it is necessary that the defendant you are considering willfully and knowingly associated in some way with the crime, and willfully and knowingly sought by some act to hel make the crime succeed.  To determine whether the defendant aided and abetted the commission of the crime with which he or she is charged, ask yourself these three questions:

First, did the defendant participate in the crime charged as something he or she wished to bring about?

Second, did the defendant knowingly and willfully associate himself or herself with the criminal venture?

Third, did the defendant seek by his or her actions to make the criminal venture succeed?

If you answered "yes" to all of these questions, then the defendant is an aider and abettor, and therefore guilty of the offense.  But, if your answer to any one of these three questions is "no," then the defendant is not an aider and abettor, and is not guilty of the offense.

Please note that aiding and abetting is not part of the conspiracy charges and you should not consider these instructions on aiding and abetting when you deliberate on those counts.[58]

## GOVERNMENT RESPONSE

As previously noted, the Government believes that it would be confusing to give a single aiding and abetting instruction after the conclusion of the charges on all counts.  The Government's proposed charge on aiding and abetting is reflected in Government Requests No. 39 and 47, which follow the specific substantive counts as to which that charge applies.

---

[58] Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Zemlyansky, et al.*, S13 12 Cr. 171 (JPO) (S.D.N.Y. 2013).

## ATILLA'S REQUEST NO. 50.

### Multiple Conspiracies

Each of the conspiracy counts in the Indictment - Count One, Count Two, Count Four and Count Six - charges the defendants with participating in a single conspiracy per Count, or a total of four separate conspiracies.  For each conspiracy count, you must acquit the defendant you are considering unless you find beyond a reasonable doubt that he was a member of the precise conspiracy charged in that Count.

If you find as to one or more Counts that the evidence showed the existence of multiple conspiracies, you must acquit the defendant you are considering unless you find that he was a member of the precise conspiracy charged in that Count.  For example, as to the Count charging a conspiracy to commit bank fraud, if the evidence showed that a co-defendant engaged with individuals other than the defendant you are considering in more than one conspiracy to commit bank fraud, you must acquit the defendant you are considering of the bank fraud conspiracy charge unless you find beyond a reasonable doubt that he was a member of the precise bank fraud conspiracy charged in that Count.  The same holds true for the other three Counts that charge the defendants with participating in a conspiracy, if the evidence showed that a co-defendant participated with people other than the defendant you are considering in more than one conspiracy to defraud the United States, to violate IEEPA or to commit money laundering.[59]

### GOVERNMENT RESPONSE

The Government objects to this instruction because the evidence will not support a multiple conspiracies instruction.  *See, e.g.*, *United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990) (affirming rejection of multiple conspiracies instruction; "The coconspirators

---

[59] *See United States v. Taylor*, 562 F.2d 1345, 1351 (2d Cir.), *cert. denied*, 434 U.S. 853 (1977).

need not have agreed on the details of the conspiracy, so long as they agreed on the essential nature of the plan.  The goals of all the participants need not be congruent for a single conspiracy to exist, so long as their goals are not at cross-purposes. Nor do lapses of time, changes in membership, or shifting emphases in the locale of operations necessarily convert a single conspiracy into multiple conspiracies.  Indeed, it is not necessary that the conspirators know the identities of all the other conspirators in order for a single conspiracy to be found, especially where the activity of a single person was central to the involvement of all." (internal citations and quotation marks omitted)).

If, at the conclusion of the evidence, the Court believes a multiple conspiracies instruction is appropriate, the Government further objects to Atilla's proposed language, which substantively misstates the law as to multiple conspiracies, including as cited above.  *See also, e.g.,* Sand, *Modern Federal Jury Instructions*, Instr. 19-5 (including language that "You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purpose(s) charged in the indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist.").

## JOINT REQUEST NO. 51.

### Venue

In addition to all of the elements I have described, with respect to each alleged crime, you must consider the issue of venue, namely, whether any act in furtherance of each of the crimes occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

It is sufficient to satisfy the venue requirement if any act in furtherance of the crimes charged occurred within the Southern District of New York as I have described it to you. In this regard, the Government need not prove that the entire crime charged was committed in the Southern District of New York or that the Defendant or any alleged co-conspirator was even physically present here in the Southern District of New York.

I should note that the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence.  Thus, the Government has satisfied its burden on this issue if you conclude that it is more likely than not that venue exists.  But I remind you that the Government must prove all other elements of each and every one of the offenses charged here beyond a reasonable doubt.[60]

---

[60] Adapted from the charge of the Hon. Colleen McMahon in *United States* v. *Omar Gonzalez*, 10 Cr. 588 (S.D.N.Y. 2010), and from Sand, *Modern Federal Jury Instructions*, Instr. 3-11.

## ATILLA'S REQUEST NO. 52.

### Defense Theory of the Case

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure and *United States* v. *GAF Corp.,* 928 F.2d 1253, 1262 (2d Cir. 1991), Defendant Atilla intends to request an instruction on his defense theories of the case. Defendant Atilla reserves the right to submit the requests at the close of trial.[61]

## GOVERNMENT RESPONSE

The Government reserves the right to object to a proposed theory of the defense charge.

---

[61] Fed. R. Crim. Pro. 30; *United States* v. *GAF Corp.,* 928 F.2d 1253, 1262 (2d Cir. 1991).

**<u>JOINT REQUEST NO. 53.</u>**

**Variance in Dates**

You will note that the Indictment alleges that certain acts occurred on or about various dates. I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month. The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.[62]

---

[62] Adapted from the charge of the Honorable Edward Weinfeld in *United States* v. *Della Rocca*, 72 Cr. 217 (S.D.N.Y. 1972), and from the charge of the Honorable Charles Metzner in *United States* v. *Koss*, aff'd, 506 F.2d 1103 (2d Cir. 1974), cert. denied, 420 U.S. 977 (1975).

## GOVERNMENT REQUEST NO. 54.

### Particular Investigative Techniques Not Required

You may have heard reference to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why it used the techniques it did, or why it did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proven beyond a reasonable doubt.[63]

### ATILLA'S OBJECTION AND PROPOSED INSTRUCTION

### Particular Investigative Techniques Not Required

You may have heard reference to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement that the Government use any particular means to investigate a matter.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why it used the techniques it did, or why it did not use other techniques.  Law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proven beyond a reasonable doubt.

---

[63] Adapted from the charges of the Hon. William H. Pauley III in *United States* v. *Meregildo, et al.*, 11 Cr. 576 (S.D.N.Y. 2012); and the Hon. Pierre N. Leval in *United States* v. *Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992).

## **GOVERNMENT RESPONSE**

Atilla's proposed instruction is confusing, because the issue for the jury is not how the Government investigated a matter, it is how the Government proves its case at trial.  Thus, the Court should instruct the jury as to the evidence at trial, and not the investigation.

**JOINT REQUEST NO. 55.**

**All Available Evidence Need Not Be Introduced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and things available to either party during the course of the trial.[64]

---

[64] Adapted from the charge of the Honorable Roslynn R. Mauskopf in *United States* v. *Henry*, 12 Cr. 81 (RRM) (E.D.N.Y. 2014); *see* E. Devitt & C. Blackmar, FEDERAL JURY PRACTICE AND INSTRUCTIONS, § 72.11 (3d ed. 1977).

## GOVERNMENT REQUEST NO. 56.

### Charts, Maps, and Summaries

During the course of trial there were charts, maps, and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence.  They are not direct evidence; they are summaries of the evidence.  They are admitted into evidence as aids to you, intended to be of assistance to you in deliberations.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is for you to decide whether the charts and summaries fairly and correctly present the information contained in the testimony and in the documents on which they are based.  To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.[65]

### ATILLA'S PROPOSED INSTRUCTION

### Charts and Summaries

The parties have presented exhibits in the form of charts and summaries,  These exhibits purport to summarize the underlying evidence that was used to prepare them and were shown to you to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or documents upon which they are based and are not themselves independent evidence.  Therefore you are to give no greater weight to these charts and summaries than you would give to the evidence on which they are based.

---

[65] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-13, and the charge of the Hon. Katherine B. Forrest in *United States* v. *Benito Del Rosario*, 12 Cr. 81 (S.D.N.Y. 2012).

It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

Also, at various times during the trial, the parties have used demonstrative aids to assist you in considering the evidence or testimony at trial.  These demonstrative aids are not evidence. However, you may consider  these aids if you find them useful in assessing the evidence or testimony.[66]

## **GOVERNMENT RESPONSE**

The Government's proposed instruction is a correct statement of the law, and is more complete, given that the Government intends to introduce maps into evidence at trial.

---

[66] Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Zemlyansky, et al.*, S13 12 Cr. 171 (JPO) (S.D.N.Y. 2013).

## JOINT REQUEST NO. 57.

### Testimony of Law Enforcement Officers

You have heard testimony of law enforcement officers.  The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, defense counsel may try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.[67]

---

[67] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-16.

### GOVERNMENT REQUEST NO. 58.

### Testimony of Experts

You have heard testimony from what we call [an] expert witness[es].  An expert is someone who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such a witness is permitted to give his or her opinions as to relevant matters in which he or she professes to be expert and give his or her reasons for his opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in relying on his or her testimony.[68]

### ATILLA'S PROPOSED INSTRUCTION

You have heard what is called expert testimony from several witnesses.

---

[68] Adapted from the charges of the Hon. Pierre N. Leval in *United States* v. *Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992) and the Hon. Michael B. Mukasey in *United States* v. *Mensah*, 91 Cr. 705 (S.D.N.Y. 1991).

An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can help you understand the evidence and reach an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, opinions, and reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept a witness's testimony merely because he or she is an expert.  Nor should you substitute his or her testimony for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.[69]

---

[69] Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Zemlyansky, et al.*, S13 12 Cr. 171 (JPO) (S.D.N.Y. 2013).

## JOINT REQUEST NO. 59.

### Testimony of Confidential Sources

### [*If applicable*]

There has been evidence introduced at trial that the Government used confidential sources in this case.  I instruct you that there is nothing improper in the Government's use of confidential sources and, indeed, certain criminal conduct never would be detected without the use of such confidential sources.  You, therefore, should not concern yourselves with how you personally feel about the use of confidential sources, because that is really beside the point.  Put another way, your concern is to decide whether the Government has proved the guilt of the defendants beyond a reasonable doubt, regardless of whether evidence was obtained by the use of confidential sources.

On the other hand, where confidential sources testify, as they did here, their testimony must be examined with greater scrutiny than the testimony of an ordinary witness.  You should consider whether the confidential sources received any benefits or promises from the Government which would motivate them to testify falsely against the defendants.  For example, they may believe that they will only continue to receive these benefits if they produce evidence of criminal conduct.

If you decide to accept their testimony, after considering it in the light of all the evidence in the case, then you may give it whatever weight, if any, you find it deserves.

## JOINT REQUEST NO. 60.

### Stipulations

### [*If Applicable*]

You have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  It is for you, however, to determine the effect to be given to any stipulated fact.[70]

---

[70] Adapted from Hon. Stephen C. Robinson, Jury Charge, *United States* v. *Leight*, 04 Cr. 1372 (S.D.N.Y. 2006); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

## JOINT REQUEST NO. 61.

### Preparation of Witnesses

### [*If Applicable*]

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.[71]

---

[71] Adapted from the charge of Hon. Michael B. Mukasey in *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (S.D.N.Y. 1999).

## JOINT <u>REQUEST NO. 62.</u>

### Persons Not On Trial

You may not draw any inference, favorable or unfavorable, from the fact that any person in addition to the defendant is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.[72]

---

[72] Adapted from Hon. Henry Werker, *United States* v. *Barnes*, 77 Cr. 190 (S.D.N.Y. 1977).

**JOINT REQUEST NO. 63.**

**Limiting Instruction—Similar Act Evidence**

*[If Applicable]*

You will recall that some evidence that the defendant was involved in crimes other than those charged in the Indictment was introduced by the Government and was received for limited purposes.  The Government offered this evidence to demonstrate the defendant's identity, intent and knowledge, to establish the absence of mistake or accident with regard to the offenses that are charged in the Indictment, and to demonstrate the background of the conspiracy charged in Count One.  You may not consider this evidence as a substitute for proof that the defendant committed any of the crimes charged in the Indictment.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This evidence about the defendant was admitted for the limited purposes I will describe and you may consider it only for those limited purposes.

First, there has been evidence received during the trial that the defendant engaged in other conduct which was similar in nature to the conduct charged in the Indictment. If you find that the defendant did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the Indictment, then you may, but you need not, infer that the defendant was the person who committed the acts charged in this indictment or that the acts charged in this indictment and the other conduct were part of a common plan or scheme committed by the defendant.

Second, if you determine that the defendant committed any of the acts charged in the Indictment, then you may, but you need not, draw an inference that those uncharged acts are

evidence of the background to or development of the charged crimes, as well as the relationship of trust among co-conspirators.

Finally, you may also, but you need not, draw an inference based on those uncharged acts that the defendant acted knowingly and intentionally with respect to the specific charges, as charged in the Indictment, and not because of some mistake, accident, or other innocent reason.

The evidence of the defendant's uncharged acts may not be considered by you for any purpose other than what I have just explained to you. Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crime.[73]

---

[73] Adapted from the charges of the Honorable William H. Pauley III in *United States* v. *Meregildo, et al.*, 11 Cr. 576 (WHP) (S.D.N.Y. Nov. 28, 2012) and the Honorable John F. Keenan in *United States* v. *Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991); and Sand et al., *Modern Federal Jury Instructions*, Instr. 5-25, 5-26. *See also United States* v. *Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992) ("[U]pon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

## JOINT REQUEST NO. 64.

### Uncalled Witnesses—Equally Available

There are several people whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.[74]

---

[74] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7; *see United States* v. *Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States* v. *Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

## GOVERNMENT REQUEST NO. 65.

### Evidence Obtained from Searches

You heard testimony in this case about the evidence seized in connection with searches conducted by law enforcement officers.  Evidence obtained from this search was properly admitted in this case and may be properly considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.  You must, therefore, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.[75]

### ATILLA'S PROPOSED INSTRUCTION

### Evidence Obtained from Searches

You heard testimony in this case about the evidence seized in connection with searches conducted by United States federal law enforcement officers.  Evidence obtained from these searches was properly admitted in this case and may be properly considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you, as a matter of law, that the Government's use of the evidence seized as a result of the search is entirely lawful.  You may, therefore, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

---

[75] Adapted from the charge of Hon. William H. Pauley III in *United States* v. *Meregildo*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012).

## <u>GOVERNMENT RESPONSE</u>

By the time the jury is instructed, the Court will have already ruled on the admissibility of evidence obtained by Turkish law enforcement officers.  The Government submits that such evidence, including evidence obtained from searches, should be properly admitted in U.S. court, and the defendant has made no motion to suppress it.  If the Court determines that such evidence is admissible, then the Court should instruct the jury that such evidence, and not just evidence obtained by U.S. federal law enforcement officers, may properly be considered by them.

## GOVERNMENT REQUEST NO. 66.

### Evidence Obtained from Wiretaps

The Government has offered evidence in the form of tape recordings of telephone calls with the defendant which were obtained without the knowledge of the parties to the conversations, but with the consent and authorization of the court. These so-called "wiretaps" were lawfully obtained.

The use of this procedure to gather evidence is perfectly lawful and the government is entitled to use these wiretaps in this case.[76]

### ATILLA'S OBJECTION

*The defense objects to this request.  The defense is not aware of any so-called "wiretaps" obtained "with the consent and authorization of the court."*

### GOVERNMENT'S RESPONSE

Although the Government believes that its proposed instruction is legally correct, as an alternative, the Government proposes the following revised language:

The Government has offered evidence in the form of tape recordings of telephone calls with the defendant which were obtained without the knowledge of the parties to the conversations.  Evidence from these so-called "wiretaps" was properly admitted in this case and may be properly considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

---

[76] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-11.

## ATILLA'S REQUEST NO. 67.

### Chain of Custody

The defense has raised the issue of defects in the chain of custody of recordings of telephone calls initially intercepted by Turkish authorities.  You may consider any defects in determining the authenticity of this evidence and what weight to give it.  The government must prove beyond a reasonable doubt that the recordings introduced during trial are the same as the initial recordings made by the Turkish authorities.[77]

### GOVERNMENT RESPONSE

Atilla's proposed charge is incorrect as a matter of law.  He offers no authority for the suggestion that the Government is required to prove the chain of custody beyond a reasonable doubt; the reasonable doubt standard is applicable to the elements of the offense, and to certain factors that increase the statutory penalties that can be applied.  *See Alleyne* v. *United States*, 133 S. Ct. 2151, 2156 (2013).  Chain of custody is none of those things.  The Second Circuit has been clear that "the burden of authentication does not require the proponent of the evidence to . . . prove beyond any doubt that the evidence is what it purports to be.  Rather, the standard for authentication, and hence for admissibility, is one of reasonable likelihood.'" *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir.1999) (quoting *United States v. Holmquist*, 36 F.3d 154, 168 (1st Cir.1994)); and that chain of custody "bear[s] . . . only [on] the weight of the evidence," *United States v. Morrison*, 153 F.3d 34, 57 (2d Cir. 1998).  Atilla cites no authority in this Circuit in support of his instruction, and the Government is aware of no case in this District in which such a charge has been given.

---

[77] Adapted from Third Circuit Model Criminal Jury Instructions § 4.12

**JOINT REQUEST NO. 68.**

**Transcripts and Translations**

**(as applicable)**

The parties have shown you typed transcripts of certain audio recordings of conversations.  You heard both from the recordings themselves and from witnesses that the conversations and documents were in foreign languages, specifically, [Turkish, Azeri, and Farsi]. For that reason, it was necessary for the parties to obtain translations of those portions of the conversations and communications into English.  The translations of the conversations and communications embody [the testimony of interpreters called by the parties to testify / whose testimony was set forth in a stipulation / have been stipulated to by the parties].  As such, those portions of the transcripts reflecting the foreign language-to-English translation have been admitted into evidence.

Similarly, translations of certain documents that were in foreign languages have been admitted into evidence, and these translations also embody [the testimony of interpreters called by the parties to testify / whose testimony was set forth in a stipulation / have been stipulated to by the parties].

[In some instances, there are two translations of a foreign language audio recording or foreign language document because there is a difference of opinion as to what is said or written. To the extent that you accept or reject the testimony of any interpreter, however, you may accept or reject the transcript or translation itself.  Let me say again that you the jury are the sole judges of the facts.]

## REQUEST NO. 69.

### Interpreters

As you have seen throughout the trial, on some occasions interpreters were used to aid the defendant(s) and testifying witnesses.  These interpreters were provided by the court and translated the witness's testimony into English for the benefit of the jury or from English into Turkish for the benefit of the defendants.  You are to draw no inferences from the fact that interpreters were used in this matter.

With respect to the testimony of witnesses who testified in a language other than English, I instruct you that you must rely on and accept the interpreter's English language interpretation of that testimony, even if you understand the foreign language in which the witness testified.

You should consider the translated testimony as you would any other evidence in the case and give it the weight you deem appropriate as the fact finders.

## JOINT REQUEST NO. 70.

### False Exculpatory Statements

You have heard testimony that the defendant(s) made certain statements outside the courtroom in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The government claims that these statements, in which the defendant(s) exonerated or exculpated himself are false.  If you find that the defendant(s) gave a false statement in order to divert suspicion from himself, you may -- but are not required to -- infer that the defendant believed that he was guilty.  You may not, however, rely on this evidence alone to support a finding of guilt.  Whether a defendant's statement does or does not show that he believed himself to be guilty and the significance, if any, to be attached to any such evidence are matters for you, the jury, to decide.

## ATILLA'S REQUEST NO. 71.

### Consciousness of Innocence

Evidence that the defendant voluntarily came to the United States, rather than stay outside the jurisdiction of United States law enforcement officials, may be considered as evidence that the defendant was conscious of his innocence which may in turn be considered as evidence that the defendant is not guilty.  Regardless of whether or not you find that there is evidence of consciousness of innocence in this case, the burden is always on the government to prove the defendant's guilt beyond a reasonable doubt.[78]

### GOVERNMENT RESPONSE

The Government objects to this instruction, which improperly tells the jury what inferences it should draw from particular facts that may be offered in evidence.  This is contrary to the accepted principle that "[i]n contemporary administration of justice, what conclusions should, or should not, be drawn from the evidence are generally left to counsel to argue" and the jury to decide.  *United States v. Mundy*, 539 F.3d 154, 157 (2d Cir. 2008) (approving refusal to give consciousness of guilt instruction as to flight).  Thus, not only has Atilla failed to identify any authority from this Circuit for his proposed instruction, but the Second Circuit has in fact recognized that the Court may properly "refus[e] to charge the jury regarding 'consciousness of innocence'" where the defendant has the "opportunity to elicit consciousness of innocence testimony and argue that theory to the jury."  *United States v. Smith*, 198 F.3d 377, 386 (2d Cir. 1999).

---

[78] *See United States v. Rodriguez,* 667 F. Supp. 2d 223, 226 (2009).

## **JOINT REQUEST NO. 72.**

### **Redaction of Evidentiary Items**

### [***If Applicable***]

We have, among the exhibits received in evidence, some documents that are redacted.

"Redacted" means that part of the document [or tape] was taken out. You are to concern yourself

only with the part of the item that has been admitted into evidence. You should not consider any

possible reason why the other part of it has been deleted.

## JOINT REQUEST NO. 73.

### Defendant's Testimony

### [*Requested only if the defendant testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.[79]

---

[79] *See United States* v. *Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

**JOINT REQUEST NO. 74.**

**Defendant's Right Not to Testify**

**[*If requested by defense*]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.[80]

---

[80] Sand, *Modern Federal Jury Instructions*, Instr. 5-21.

## JOINT REQUEST NO. 75.

### Character Witnesses

### [If applicable]

You have heard testimony that the defendant has a reputation for [insert character trait testified to, e.g., honesty and truthfulness] in the community where the defendant lives and work(s). That testimony bears on the defendant's character.  Character testimony should be considered together with all of the other evidence in the case in determining the guilt or innocence of a defendant.   If on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that a defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of a defendant. The guilt or non-guilt of a defendant is for you alone to determine, and should be based on all the evidence you have heard in the case.[81]

---

[81] Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 5-15, and the charge in *United States* v. *Pujana-Mena*, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).  A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. *United States* v. *Pujana-Mena*, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit notes that "[I]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted. Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." *Id.* at 30 (citations omitted).

## <u>JOINT REQUEST NO. 76.</u>

### Punishment Is Not To Be Considered By The Jury

You should not consider the question of possible punishment of the Defendants. That is to say, the question of punishment in the event you were to determine any of the Defendants were guilty. Under our system, sentencing or punishment is exclusively the function of the Court. It is not your concern and you should not give any consideration to that issue in determining what your verdict will be. Therefore, I instruct you not to consider punishment or possible punishment at all in your deliberations in this case.

## JOINT REQUEST NO. 77.

### Right To See Exhibits and Hear Testimony

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations. All of the exhibits will be given to you at the start of deliberations. If you want any of the testimony read back, you may also request that. Please remember that if you do ask for testimony, the reporter must search through his or her notes and the lawyers must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do. Your requests for testimony — in fact any communication with the Court — should be made to me **in writing**, signed by your foreperson, and given to one of the Marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

## JOINT REQUEST NO. 78.

### Verdict

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

## <u>JOINT REQUEST NO. 79.</u>

### Selection of Foreperson

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson. Your foreperson will preside over the deliberations and speak for you here in open court. The foreperson has no greater voice or authority than any other juror. The foreperson will send out any notes and, when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict.

## <u>JOINT REQUEST NO. 80.</u>

### Return of Verdict

I will give you a verdict sheet/form to be filled in by the jury. The purpose of the questions on the form is to help us - - the Court and counsel - - to understand what your findings are. I will hand this form, which contains a set of questions, to the Clerk who will give it to you so that you may record the decision of the jury with respect to each question. No inference is to be drawn from the way the questions are worded as to what the answer should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did, it would not be binding on you.

**Before the jury attempts to answer any question, you should read the entire set of questions and make sure that everybody understands each question.** Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the form that I am giving you. **Remember, all answers must be unanimous.**

**JOINT REQUEST NO. 81.**

**Conclusion**

I have nearly finished with these charges and my instructions to you and I thank you again for your patience and attentiveness last week and this week. Please remember that no single part of this charge is to be considered in isolation. You are not to consider any one aspect of these charges out of context. The entire set of charges is to be considered as an integrated statement and to be taken together.

Now, I say this not because I think it is necessary but because it is the tradition of this Court. I remind the jurors to be polite and respectful to each other as I am sure you will be in the course of your deliberations so that each juror may have his or her position made clear to all the others.

I remind you once again that your oath is to decide without fear or favor and to decide the issues based solely on the evidence and my instructions on the law.

Thank you.

In submitting these requests to charge, the parties reserve the right to submit additional or modified requests at or near the close of evidence.

Dated:  New York, New York
        October 30, 2017

                              Respectfully submitted,

                              JOON H. KIM
                              Acting United States Attorney

                        By:   _____/s/_____
                              Michael D. Lockard
                              Sidhardha Kamaraju
                              David W. Denton, Jr.
                                Assistant United States Attorneys
                              Dean C. Sovolos
                                Special Assistant United States Attorney