```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :
                        Government,          :          15 Cr 867 (RMB)
                                             :
        - against -                          :          **ORDER**
                                             :
MEHMET ATILLA,                               :
                                             :
                        Defendant.           :
------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/8/17

Less than three weeks before jury selection (scheduled for November 20, 2017) and four weeks before the commencement of trial (scheduled for November 27, 2017), Defense counsel wrote to the Court on Friday afternoon on November 3, 2017, seeking the third postponement of trial in this matter and advising the Court that "perhaps" depositions under Rule 15 of the Federal Rules of Criminal Procedure ("Rule 15") would be sought. See Defense Letter to the Court dated November 3, 2017 [#326].

The Court responded first by memo endorsement (see Order dated November 3, 2017 [#327]) and, thereafter, by ruling from the bench on the next business day which was Monday, November 6, 2017 (see Transcript of proceedings held on November 6, 2017 ("11/6/17 Tr."). The Court stated that the November 27, 2017 trial date would not further be adjourned (principally, but not exclusively, because both defendants are remanded) and that a Rule 15 application on the "eve of trial" appeared untenable. See 11/6/17 Tr. at 8:19-25, 9:1-3 ("[T]he Rule 15 process, even if it ever could be completed, would delay the trial at least, at least, well into 2018 with both defendants in this case sitting in jail, and that is something that we should not countenance. Such a delay and such an adjournment would totally disrupt these proceedings, and in my judgment, be unfair to the defense. There are a series of citations cited in the government's letter of November 5 which I have

reviewed, those cases, and I incorporate the case law citations from the government's letter into this ruling.").

At the same time, the Court agreed to accept and review Defendant Atilla's proposed Rule 15 motion - which was filed on November 7, 2017 - with an open mind. In its Rule 15 motion, the Defense seeks permission to take video depositions of four individuals in Istanbul, Turkey. These four deponents appear to be Halkbank co-workers of Defendant Atilla who refuse to travel to the United States for depositions or for the trial.[1]

Having reviewed the record, along with Defendant Atilla's Rule 15 motion, and the parties oral presentations on November 6, 2017, the Court grants the Rule 15 motion subject to the conditions enumerated below which are intended to ensure that there is no interference, disruption or delay of the impending trial, including the trial schedule. As noted at the November 6, 2017 conference, "The Court has taken and will continue to take all appropriate steps to ensure that Mr. Atilla receives a fair and speedy trial and to support the presumption of innocence that all defendants enjoy." (11/6/17 Tr. at 42:14-19.)

The Court authorizes depositions to be taken of the four individuals identified by Defendant Atilla upon the following conditions:

1) The four depositions will be conducted in accordance with applicable rules of evidence, and laws, including without limitation, the Mutual Legal Assistance Treaty;

2) The four depositions shall be of "first class" and trial ready quality (as to both sound and video);

---

[1] Halkbank is majority owned by the Republic of Turkey.

3) Because the prospective deponents appear to refuse to come to the United States, as an option their depositions may be taken with the Defense and Government attorneys present in Toronto, London, Geneva, Stockholm or any other city agreed to by the Government and the Defense;

4) As specifically proposed by the Defense in its Rule 15 motion, the depositions may also be taken by video, with the deponents in Istanbul and the Defense and Government counsel remaining in New York City.  Defense counsel is responsible for arranging these depositions in accordance with the Federal Rules of Civil and Criminal Procedure, including without limitation, translation and oath.

5) The depositions, as stated above, may not interfere with or delay or disrupt the trial schedule, i.e., jury selection on November 20, 2017 and continuous presentation of Government's and/or Defense case starting November 27, 2017;

6) The Defense, in close consultation with the Government, shall make all the necessary arrangements for the taking and/or use of the depositions at trial, particularly where the depositions are taken pursuant to paragraph 4 above.  This shall include, without limitation, the location of a secure video conference center in Istanbul, Turkey for the individuals to be deposed; the retention of a professional neutral, third party (or parties) who will be physically present in Istanbul during the depositions to administer the oath or affirmation, monitor the integrity of the proceedings, and handle and secure all exhibits utilized by the Defense and/or Government.  The Defense responsibilities shall also include locating a secure video conference facility in New York City from which the Defense and Government counsel may conduct their direct and cross examinations.

7) The Defense shall make provisions for Mr. Atilla's monitoring of the

depositions as set forth in Rule 15, if he elects to monitor the depositions. Alternatively, the Defense shall submit to the Court in advance of the depositions, a signed affidavit of Mr. Atilla waiving his right to appear, monitor or participate in such depositions should logistics for his involvement "prove to be an issue". See Declaration of Cathy Fleming dated November 7, 2017 at ¶ 28. The Declaration of Mr. Atilla, dated October 27, 2017, is insufficient for these purposes as it appears that it may be inconsistent with Ms. Fleming's statement that Defendant waives his right to participate in such depositions. See Declaration of Mehmet Hakan Atilla dated October 27, 2017 ("I hereby waive my right to be physically present for any and all depositions in Turkey or any other country authorized by the Court in response to the Motion . . . However, I request permission to be present by telephone or video conference for any depositions authorized by the Court, and to be able to communicate by telephone with my attorneys, as necessary, during the depositions.")

8) As an alternative to depositions, the parties may wish to consider stipulations of the four deponents' testimony which are agreed to by the Defense and the Government at trial. This is a common trial practice.

9) The Court rejects the Defense Counsel's alternative proposal for "live" testimony of the four deponents from Istanbul during the trial via video feed or closed circuit television. See Declaration of Cathy Fleming dated November 7, 2017 at ¶ 37 ("We respectfully request that the Court permit Rule 15 foreign depositions of the four witnesses described above. In the alternative, defendant respectfully requests that the Court permit live streaming of testimony from Turkey of witness testimony during the defense case."). In the Court's experience, such testimony is often plagued with audio and video difficulties, time of day delays, and other technical problems and often impedes the

continuity of the trial, especially in light of different time zones presented here. See 11/6/17 Tr. at 47:19 (Defense Counsel Rocco: "It can be disruptive.").

By authorizing the above depositions, the Court is not in any way determining their admissibility at the trial of this case. Admissibility will be reviewed when the depositions are made available.

Dated: New York, New York
November 8, 2017

_____
**RICHARD M. BERMAN, U.S.D.J.**