**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 22, 2017

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1650
New York, New York 10007

Re:     **United States** v. **Mehmet Hakan Atilla**,
          **S4 15 Cr. 867 (RMB)**

Dear Judge Berman:

        Pursuant to the Court's instruction at the conference in this case on November 21, 2017, the parties write to update the Court as to the status of the parties' conferral regarding outstanding motions *in limine* in this matter, and to request that the Court rule on the following outstanding motions prior to jury selection on November 27, 2017.

    1.  *The Government's Motion to Preclude Expert Testimony on Matters of Law from David Brummond*
        (Gov't MIL at 22-27; Atilla Opp. at 6-12)

        The parties have been unable to reach agreement on this issue.  The defendant's *Touhy* request for testimony from the Treasury Department did not include a request for authorization for Brummond to testify, so the Government maintains its objection to his testimony on that basis, and, if he may testify, the Government requests that the Court rule on the admissibility and proper scope of any testimony.

    2.  *The Government's Motion to Preclude or Limit the Scope of Testimony from Oner Ozcelik*
        (Gov't MIL at 28-34; Atilla Opp. at 12-17)

        At the conference on November 16, 2017 (the "Nov. 16 Conference"), the Court discussed expert testimony from Ozcelik regarding "the conflict between the Erdogan [government] and the Gulen-ist movement in Turkey," "how [the meaning of certain words and phrases] might differ if that person knew from American use of similar terms," and "helpful context or Turkish intonation" would be admissible.  (Tr. at 27-28).  The Government maintains its objections to Ozcelik's qualifications to testify about political conflict in Turkey, and the parties have been unable to agree to limit the scope of Ozcelik's testimony with respect to other subjects.

3. *The Government's Motions Regarding Certain Legal Defenses*
   (Gov't MIL at 35-41; Atilla Opp. at 18-20)

The defendant has been unwilling to disclaim reliance on the defenses of public authority or victim fault as related to the bank fraud offenses, stating that "a final decision will depend on the evidence at trial."  As described in the Government's motion, the Government believes that, whatever the evidence, these defenses are *per se* inadmissible as a matter of law, and the defendant should be precluded from arguing them.

4. *The Government's Motion Regarding the Fact that the Defendant Was Not Charged with Criminal Offenses in Turkey*
   (Gov't MIL at 41-44; Atilla Opp. at 20-22)

At the Nov. 16 Conference, the Court ruled that the defendant may bring out the fact that he was not arrested or charged in a corruption investigation in Turkey.  The Government respectfully requests that the Court give the jury a suitable limiting instruction that such fact is not evidence of his guilt or innocence of violations of American law, as follows:

> "The fact that Turkish authorities did not arrest or prosecute the defendant for violations of Turkish law is not evidence of the defendant's guilt or innocence as to the elements of offenses charged under U.S. law in the indictment in this case."

The defendant objects to the proposed limiting instruction as unnecessary and incorrect.

5. *The Government's Motion to Preclude Discussion of the Joint Comprehensive Plan of Action*
   (Gov't MIL at 44-46; Atilla Opp. at 22)

The parties have been unable to reach agreement on this issue.

The Government also wishes to inform the Court that, during the parties' discussions, the Government noted that the defendant himself argued that "introducing the JCPOA testimony would appear to prejudice the jury." (Atilla MIL at 13).  The defendant responded that "the jury should be permitted to hear evidence of the changes with a proper limiting instruction telling the jury that controlling law is the law in effect at the time of the acts alleged in the indictment."

6. *The Government's Motion Regarding Former High-Ranking U.S. Government Officials*
   (Gov't MIL at 46-51; Atilla Opp. at 22-26)

The parties have been unable to reach agreement on this issue.

7. *The Government's Motion to Preclude Cross-Examination Regarding Donors of the Foundation for Defense of Democracies ("FDD")*
   (Gov't MIL at 51-53; Atilla Opp. at 26-27)

The parties have been unable to reach agreement on this issue.  The defense has noted that some information is public regarding the donors to FDD.  The Government responded that

"To the extent there is information about donors to FDD that is already publicly available, however, we do not object to cross-examination about those donors.  We do, however, object to any testimony or evidence being introduced at trial about FDD's donors who have not been publicly disclosed, because, among other reasons, it is irrelevant."

The defense contends that testimony about FDD's donors, whether publicly disclosed or not, is relevant to the witnesses' bias.

8. *The Defendant's Motion to Preclude Testimony from an Expert from the Office of Foreign Assets Control*
   (Atilla MIL at 17-18; Gov't Opp. at 19-22)

The parties have been unable to reach agreement on this issue.

The Government also wishes to inform the Court that, during the parties' discussions, the Government agreed to the defendant's suggestion that the parties stipulate to elements of the OFAC expert's testimony, such as which regulations and executive orders were in place at which times, and whether any of the relevant individuals or entities had pertinent licenses.  (Atilla MIL at 10-11).  The defendant has refused to enter into such a stipulation.

9. *The Defendant's Motion to Preclude Expert Testimony from Mark Dubowitz and Jonathan Schanzer*
   (Atilla MIL at 11-17; Gov't Opp. at 14-19)

The parties have been unable to reach agreement on this issue.  The Government notes that, at the Court's suggestion, it has substantially reduced the scope of the testimony from Mr. Dubowitz and Dr. Schanzer in order to expedite the course of trial, focusing on the general purpose of the sanctions regime, the role of certain sanctioned entities and individuals in the Iranian government and economy—specifically entities and individuals who will be discussed by fact witnesses in connection with the offense conduct in this case—and the orders and regulations under which those individuals were designated, and the economic relationship between Iran and Turkey during the time period charged in the Indictment.

The defense maintains that the proposed testimony should be precluded pursuant to Rules 401, 403 and 704(b) of the Federal Rules of Evidence.

The Government notes that it expects both to refer to the subjects of Mr. Dubowitz's testimony regarding designated Iranian entities in its opening statement and for Mr. Dubowitz to testify on the first day of trial.  Accordingly, the Government requests that the Court rule on the admissibility of his testimony sufficiently in advance of trial as to permit the Government to address any issues resulting from the Court's ruling before the first day of trial.

10. *The Defendant's Motion to Preclude the "Economic Jihad" Letters*
    (Atilla MIL at 19-22; Gov't Opp. at 2-5)

At the Nov. 16 Conference, the Court rejected the defendant's motion to preclude the introduction of certain exhibits using the phrase "economic jihad."  (Tr. at 25-27).  The Court suggested that the parties discuss a proposed limiting instruction to inform the jury that the

defendant is not charged with any terrorism offense. The defendant proposed the following instruction:

> "Mr. Atilla is not charged with, nor in any way associated with, any claims of terrorism or helping terrorist groups. There is no evidence suggesting that Mr. Atilla knew of these letters or to suggest that he believes in economic jihad. You should only consider the letters which were prepared for Reza Zarrab in determining whether Mr. Atilla is guilty of the crimes charged in the indictment and for no other purpose."

The Government believes that it is inappropriate to instruct the jury as to the presence or absence of evidence, as well as to suggest that terrorism has nothing to do with this case, given that several of the designated Iranian entities the defendant is charged with assisting were designated under Executive Orders authorizing designation of entities supporting terrorism. The Government proposes the following alternative:

> "The defendant is not charged with any terrorism offense, nor is there any suggestion that the defendant was involved in any terrorist attack. You should consider the evidence admitted in this case only for the purpose of determining whether the defendant is guilty of the crimes charged in the indictment and for no other purpose."

In addition, the Government intends to refer to the concept of the "economic jihad" in its opening statement, and so the parties will be prepared to discuss with the Court the appropriate timing for such an instruction.

<div style="margin-left:40%">

Respectfully submitted,

JOON H. KIM
Acting United States Attorney for the
Southern District of New York

</div>

By:     _____/s/_____
<div style="margin-left:40%">

Michael D. Lockard
Sidhardha Kamaraju
David W. Denton, Jr.
  Assistant United States Attorneys
Dean C. Sovolos
  Special Assistant United States Attorney
(212) 637-2193/6523/2744/2213

</div>

cc:    All Counsel (by ECF)