*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 25, 2017

**BY EMAIL AND ECF**

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
Southern District of New York
500 Pearl Street, Room
New York, New York 10007

    Re:    **United States v. Mehmet Hakan Atilla,**
                  **S4 15 Cr. 867 (RMB)**

Dear Judge Berman,

       The Government respectfully submits this letter in opposition to the motion by the defendant, Mehmet Hakan Atilla, for an order compelling testimony of Federal Bureau of Investigation ("FBI") Special Agent Jennifer McReynolds. (Dkt. Entry No. 356) ("Atilla Mot."). For the reasons explained below, the motion should be readily denied and the subpoena for Special Agent McReynolds' testimony quashed. First, Atilla's request for testimony was properly denied pursuant to regulations promulgated under the authority of *United States ex rel. Touhy* v. *Ragen*, 340 U.S. 462 (1951)), and Atilla has not attempted to cure the deficiencies in his *Touhy* request. Second, Atilla's motion identifies only (i) clearly irrelevant and inadmissible testimony, or (ii) a scope of testimony so vague and broad that it is impossible to evaluate, and that implicates the potential disclosure of protected and classified material.

       As Atilla acknowledges, his request pursuant to the applicable *Touhy* regulations, Title 28, Code of Federal Regulations, Section 16.21 *et seq.*, for authorization for Special Agent McReynolds' testimony has been denied by the FBI. Atilla's application did not contain sufficient information for the FBI to evaluate the request. (Atilla Mot. at 1). The request provided a cursory description of Special Agent McReynolds' role in this matter as case agent, but failed to identify what testimony Atilla sought to obtain. Counsel stated:

> [Special Agent] McReynolds swore to the affidavit for the issuance of the criminal Complaint that led to the arrest of Turkish citizen Atilla . . . . She is the case agent who has worked on the case. Thus, she has extensive knowledge of the allegations in this case. In her affidavit, she set forth in some detail the purported factual basis for the defendant's arrest. She interacted substantially with him at the

> airport prior to his arrest and participated in interviewing him both before his arrest and thereafter.

(Atilla Mot., Attachment 1, Ex. A at 2).

In sum, Atilla asserted that Special Agent McReynolds (a) was the case agent, (b) has extensive knowledge of the Complaint and allegations in the case, and (c) interacted with Mr. Atilla at his arrest, but requested no testimony about these topics or others. *See* 28 C.F.R. § 16.23(c) (a request for oral testimony must "set[ ] forth a summary of the testimony sought"). But even if Atilla's letter were interpreted as a request for testimony on the described topics, that description is insufficient for the FBI to evaluate whether the request complies with the regulations. Pursuant to the applicable regulations, the FBI must be able to determine whether the requested testimony would, among other things, reveal privileged information; involve the disclosure of classified information or confidential sources or informants, or would interfere with enforcement proceedings or disclose confidential investigative techniques and procedures. 28 C.F.R. § 16.26(a), (b). The requested disclosure must also be appropriate under procedural law applicable to the proceedings. *Id*. § 26(a)(1).

The two identifiable topics of testimony Atilla apparently seeks are clearly inadmissible. First, Atilla purports to seek testimony concerning the allegations in the Complaint on which Atilla was initially arrested and, in particular, certain voice identifications[1] described in the Complaint. But the Complaint is not the operative charging instrument and the allegations in the Complaint, including voice identifications, are inadmissible hearsay. Atilla identifies no admissible basis for the requested testimony. Indeed, it appears that Atilla's principal purpose is to seek to contradict the voice identifications in the Complaint. (Atilla Mot. at 1). But the Government will not rely on the Complaint to establish the identity of call participants; that will be established by the testimony of witnesses with personal knowledge of the participants as well as the phone numbers involved in the calls. In other words, Atilla wants to improperly introduce hearsay—indeed, double hearsay—that the jury would not otherwise hear about solely for the purpose of attempting to impeach that hearsay. *See, e.g.*, *United States* v. *Perez*, 05 Cr. 441 (PKL), 2005 WL 2709160, at *3 (S.D.N.Y. Oct. 20, 2005) ("[I]t is well established that where a non-witness' out-of-court statements are not offered for their truth, the non-witness' credibility is not relevant and evidence intended to impeach the non-witness may properly be excluded.") (citing *United States* v. *Schweiger*, 00 Cr. 284 (PKL), 2001 WL 649826 (S.D.N.Y. June 12, 2001) and *United States* v. *McGowan*, 58 F.3d 8, 15-16 (2d Cir. 1995)); *United States* v. *Finley*, 708 F. Supp. 906, 909 (N.D. Ill. 1989) (citing *United States* v. *Kabbaby*, 672 F.2d 857, 863-64 (11th Cir. 1982)) ("[A] person who does not testify and who is not the source of statements admitted for their truth is not subject to impeachment."). Usually, courts are faced with the challenge of trying to determine whether a party is legitimately impeaching its own witness under Rule 607 of the Federal Rules of Evidence or improperly calling a witness solely for impeachment, but here Atilla has candidly acknowledged his improper purpose.

---

[1] As the Complaint itself notes, the voice identifications were made based on the content of the calls as well as information provided to Special Agent McReynolds by a Turkish linguist. *See* Compl. ¶ 18 n.4. Special Agent McReynolds did not personally make a voice comparison as part of the identification.

Second, Atilla claims that Special Agent McReynolds is a witness to Atilla's statements made at his arrest or after. This too is clearly inadmissible. Atilla cannot introduce his own out-of-court statements for their truth. *See, e.g.*, *United States* v. *Blake*, 195 F. Supp. 3d 605, 610 (S.D.N.Y. 2016) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible.") (quoting *United States* v. *Marin*, 669 F.2d 73, 84 (2d Cir. 1982)). Moreover, Atilla's post-arrest interview was recorded, and Atilla identifies no relevant, admissible, unrecorded statements.

Atilla's last purported topic of testimony is a broad and vague reference to the fact that Special Agent McReynolds is the case agent for the investigation that led to the charges against Atilla and others and has "extensive knowledge of the allegations in this case." This provides no guidance about the actual topics of testimony Atilla seeks to introduce, no assurance that the testimony Atilla intends to elicit is admissible and not further hearsay, and, indeed, is so broad that it implicates the potential disclosure of protected or classified information. The national security investigation that led to the charges in this case involves the activities of numerous individuals and entities in Turkey, the United Arab Emirates, Iran, and elsewhere spanning several years. That national security investigation is not only broad, but includes sensitive and confidential targeting information and investigative methods and techniques. A motion pursuant to the Classified Information Procedures Act, 18 U.S.C.A. App. 3, has been filed in this matter. The discovery in this matter and materials produced pursuant to Title 18, United States Code, Section 3500 has been subject to robust protective orders, and appropriately so. (*See* Dkt. Entry Nos. 27, 124, 268, 346). Given the scope and sensitivity of the national security investigation, Atilla's broad and vague reference to Special Agent McReynolds' role as case agent provides no guidance whatsoever to determine whether the testimony sought is relevant and admissible and no safeguards against the disclosure of sensitive and protected information.

Lastly, Atilla argues that the *Touhy* regulations are unconstitutional and should not apply to him. (Atilla Mot. at 2). As Atilla acknowledges, courts in this Circuit have found *Touhy* regulations constitutional and applicable in criminal proceedings, and every Court of Appeals save one has so held. *See United States* v. *Huong Thi Kim Ly*, 798 F. Supp. 2d 467, 476 (E.D.N.Y. 2011); *United States* v. *Gonzalez*, 06 Cr. 542 (LAK) (S.D.N.Y. Oct. 20, 2009) (Dkt. Entry 55 at 20, 25); *United States* v. *Lyimo*, 74 Fed. Appx. 667, 671 (6th Cir. 2014); *United States* v. *Baker*, 496 Fed. Appx. 201, 203 (3d Cir. 2012); *United States* v. *Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007); *United States* v. *Wallace*, 32 F.3d 921, 929 (5th Cir. 1994); *United States* v. *Bizzard*, 674 F.2d 1382, 1387 (11th Cir. 1982). Atilla offers no rationale for departing from this precedent. But even as a substantive matter, Atilla's motion fails to identify relevant, admissible topics of testimony and should be denied in any event.

In sum, neither Atilla's Touhy request nor his motion identifies any admissible, relevant testimony and instead seeks testimony for clearly improper and inadmissible purposes. The motion should be denied and the subpoena quashed.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

by: _____/s/_____
Michael D. Lockard,
Sidhardha Kamaraju,
David W. Denton, Jr.
   Assistant United States Attorneys
Dean C. Sovolos,
   Special Assistant United States Attorney
(212) 637-2193/6523/2744/2213

cc:    Counsel of record (by email)