USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/28/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,
                                Government,

          -against-

MEHMET HAKAN ATILLA,
                                Defendant.
------------------------------------------------------------X

15 CR.867 (RMB)

**ORDER**

       Defendant's November 27, 2017 letter application to adjourn the trial (submitted on the very day the trial was to commence) is respectfully denied. While the letter makes one or two good points, its primary arguments which it boldly puts forward are not persuasive. It is a fair contention that the Government should - and the Court hereby orders that it must - give the Defense more advance notice of its actual witness and exhibit order of presentation for the ensuing week (along with any remaining 3500 materials) as follows: the balance of witnesses and materials for this week by 6:00 pm today and by 7:00 pm on Fridays for each week thereafter. All Brady material should be produced forthwith, i.e., by 6:00 pm today.

       What is patently less persuasive about the defense letter is the assertion that there is a Brady violation with regard to 4 and ½ year old public testimony before the U.S. Congress by a Treasury Undersecretary (who apparently will be a witness in this case) regarding the sanctions regime against Iran - or that, with diligence, it took anyone until November 26, 2017 to locate a public Congressional transcript.) It is hard to envision this to be a "smoking gun" as the Defense contends but, in any event, the Defense already knows enough information about the testimony not to be surprised and to be able effectively to open and to cross examine. The Government should also make clear that the mystery witness is Mr. Reza Zarrab. (This is something that experienced counsel knew or should have known for several months.) The FBI video mentioned

by the Defense in its letter should be produced forthwith, if it has not already been. The Government should now make its case so the public will know what it is all about. The Government should not engage in any last minute document production and should, as noted, forthwith shine a clear light on the Government case. Although the Court is not suggesting how the Defense team should prepare for and conduct trial, perhaps it makes the most sense to have part of the (at least) 9 attorneys and unknown number of support personnel combing through the voluminous records <u>while</u> others are in the courtroom, on a regular basis.

Let's not waste more time - let's get to the heart of the matter. "What are the sanctions against Iran"? "How, if they did, did Atilla and his alleged coconspirators, including Zarrab, unlawfully violate the sanctions"? "What role did Mr. Atilla and his alleged conconspirators, including Mr. Zarrab, play in this matter and what did they do"? The Indictment contains serious charges - let's get right to the heart of these charges, soon, after an appropriate foundation is laid by the Government. Don't waste time.

**By the way, I adhere to the rule that if one side (either side) runs out of witnesses, it's case is over - no gaps**.

The Defendant's motion to adjourn the trial for 2 weeks (until December 11, 2017) is also denied for the following additional reasons: first: Mr. Atilla consistently has sought and he deserves a speedy trial since the time of his arrest, particularly because he is incarcerated. He objected (understandably) to the first Defense request to adjourn the trial beyond August 21, 2017 ("August is too far out"); he objected again to the Defense request to adjourn the trial from October 30, 2017 into November. Second, the Defense team includes very experienced professionals and some 9 plus attorneys and paralegals, etc. It includes 4 separate law firms who are more than able to litigate professionally this high profile case. Third, in the Court's

-2-

experience, further delay would encourage a rash of new "11th hour" applications from counsel for both sides as has been the practice up until now. Fourth, it is totally impractical (unrealistic really) to start a trial in the middle of December, i.e., only a week or two away from the holiday season.

Dated: New York, New York
November 28, 2017

_____
**Hon. Richard M. Berman, U.S.D.J.**