

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

December 4, 2017

**BY EMAIL**
~~REQUEST FILING UNDER SEAL~~ RMB

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1650
New York, New York 10007

    Re:    **United States v. Mehmet Hakan Atilla,**
            **S4 15 Cr. 867 (RMB)**

Dear Judge Berman:

    The Government writes in response to the defendant's letter, dated December 4, 2017, with regard to the production of five recorded telephone calls and the identification of additional Government exhibits in this case.

I.    Recorded Telephone Calls

    On Saturday, December 2, 2017, the Government produced to defense counsel five audio recordings of phone calls placed by Reza Zarrab while he was in the custody of the Bureau of Prisons. Along with those calls, the Government also produced English language summaries prepared by contract interpreters to assist the defense in their review. According to the English language summaries:

- On September 15, 2016, Zarrab discussed, among other things, that "in order to get out or get a reduced sentence, you need to admit to crimes you haven't committed."[1]
- On October 20, 2016, Zarrab discussed the possibility of a prisoner exchange to secure his release.
- On October 21, 2016, Zarrab discussed attempts by the Turkish ambassador to raise his case with U.S. officials.

---

[1] This quotation is taken from the summary, which does not indicate that it is a direct quotation of Zarrab's words, unlike other portions of the summary, which do so indicate. The Government expects that, if asked, Zarrab would explain his meaning in the context of the conversation, which will not support defense counsel's attack on his credibility.

- On October 21, 2016, Zarrab discussed efforts to obtain assistance from the Turkish ambassador to secure his release.
- On November 4, 2016, Zarrab discusses diplomatic efforts by the Government of Turkey to secure his release, including the possibility of a call to then-President Obama.

Although none of those calls contains any discussion of the substance of this case or any information that is exculpatory of the defendant, the Government produced them out of an abundance of caution, and produced the summaries to facilitate defense counsel's review. In no respect is this material exculpatory, such that its disclosure falls under the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963). In fact, the only basis the defense cites for their materiality is that they serve to undermine Zarrab's credibility, and are thus a classic example of material that the defendant may seek to use for impeachment purposes, *see Giglio v. United States*, 405 U.S. 150 (1972).

The defendant's letter fundamentally ignores this distinction. Rather, as the law has long been clear:

> There is no requirement that the Government disclose information pertaining to the credibility of a witness before the witness testifies. The defendants fail to recognize the distinction between direct exculpatory information and impeachment material. Direct exculpatory information often becomes part of the defense's direct case and provides theories of defense. Additional time may be needed for the defense to make effective use of such information. . . . In contrast, impeachment material has a more narrow, specific use—to attack the credibility of a witness on cross-examination. No extended pretrial investigation and preparation of such material is necessary for its effective use.

*United States v. Velasquez*, No. S9 96 CR. 126 (JFK), 1997 WL 414132, at *6 (S.D.N.Y. July 23, 1997); *see also United States v. Chen*, No. S1 05 CR 938 DAB, 2007 WL 2244213, at *12 (S.D.N.Y. Aug. 1, 2007) ("'3500 material as a matter of law need not be produced until after the relevant witness has testified, 18 U.S.C. § 3500(a), and *Giglio* impeachment material does not have to be produced until the relevant witness testifies.'" (quoting *United States v. Palermo*, 2001 WL 185132, *1 (S.D.N.Y.2001)).

The Government produced these recordings as soon as it learned what their subject matter was, consistent with the Government's ongoing commitment to make disclosures that go beyond the bare minimum requirements of *Giglio* and 18 U.S.C. § 3500. The timing of the Government's disclosure in no way violated the Court's order with respect to *Brady* material. Nor should defense counsel's protestations about the need for further investigation give the Court any concern. It is beyond cavil that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness," Fed. R. Evid. 608, and so courts in this district have long recognized that "Impeachment material . . . 'does not ordinarily require any independent investigation in order to [be used] effectively at trial.'" *United States v. Davis*, No. 06 CR. 911 (LBS), 2009 WL 637164, at *14 (S.D.N.Y. Mar.

11, 2009) (quoting *United States v. Jacques Dessange, Inc.*, No. 99 Cr. 1182, 2000 WL 280050, at *9 (S.D.N.Y. Mar.14, 2000)).

II.         Identification of Additional Government Exhibits

On December 2, 2017, the Government identified for defense counsel certain additional exhibits it was labeling with GX numbers that the Government intends to introduce late in the week of December 4, 2017. All of these materials were produced to defense counsel in discovery long before trial. The Government's December 2, 2017 notice merely identified them with exhibit numbers. It is standard practice that, as the Government continues to prepare its witnesses to testify, additional exhibits may become relevant and new § 3500 material may be generated. Defense counsel's repeated claim that the Government "produced" new exhibits misconstrues the record. The Government merely identified as exhibits certain materials that have been in defense counsel's hands for months.

To the extent that defense counsel complains about the size of these exhibits, the Government notes that they represent the contents of electronic devices, and so, given defense counsel's persistent authentication objections, it will be necessary for the Government to move the entire contents of the devices into evidence in order to properly authenticate them. This gave rise to the need to assign a discrete exhibit number to the entire device, which number was identified promptly to defense counsel.

For the foregoing reasons, the Government has not violated any order of the Court, and no relief is warranted. Because this letter discusses material produced under seal pursuant to the protective orders entered in this case, the Government respectfully requests that this letter be filed under seal.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney for the
Southern District of New York

By:        /s/
Michael D. Lockard
Sidhardha Kamaraju
David W. Denton, Jr.
  Assistant United States Attorneys
Dean C. Sovolos
  Special Assistant United States Attorney
(212) 637-2193/6523/2744/2213

cc:    All Counsel (by ECF)