# Exhibit C

The New York Times

https://www.nytimes.com/2013/12/24/nyregion/federal-court-alters-rules-on-judge-assignments.html

# Federal Court Alters Rules on Judge Assignments

By Benjamin Weiser and Joseph Goldstein

Dec. 23, 2013

Following public debate over how a federal judge in Manhattan came to oversee a 2008 lawsuit challenging the city's stop-and-frisk policy, the Federal District Court in Manhattan on Monday announced new rules to make the assignment of cases more random and transparent, and to offer a means for parties to object to assignments.

The assignment process became an issue in the stop-and-frisk lawsuit, Floyd v. City of New York, after a federal appeals panel issued a terse order in October, citing questions about how the suit ended up before the judge, Shira A. Scheindlin.

The panel removed her from future proceedings in the case and ordered a stay placed on the judge's landmark ruling from August, which held that the Police Department had systematically violated the constitutional rights of minorities.

The district court began its review after The New York Times reported in May about the use of a court rule to send the case to Judge Scheindlin.

Lawsuits are normally randomly assigned to federal judges in New York City. But the Floyd case bypassed the random assignment process and went directly to Judge Scheindlin after the plaintiff's lawyers designated it as being "related" to a previous suit the judge had heard. Judge Scheindlin agreed to accept the case under the so-called related-case rule.

The rule is commonly used to send cases involving similar facts to a single judge in the interest of efficiency and economy, but it has also evoked concerns about judge-shopping.

The new rules require any party that seeks to mark a lawsuit as "related" to another case before a judge to file a statement "stating clearly and succinctly the basis for the contention."

Any other party may object to a claim of relatedness, in writing, the rules say.

Although a judge being asked to accept a "related" case will still make that decision alone, the court's three-judge assignment committee, including the chief judge, will review every case where a claim of relatedness has been made, Chief Judge Loretta A. Preska said in an interview on Monday.

If the assignment committee disagrees with the judge's decision to accept a case as related, the matter will be assigned randomly to a new judge, the rules say.

"We wanted to maximize the randomness of the assignment of cases — we wanted to regularize the process," Judge Preska said, adding, "We also wanted to increase transparency."

Judge Preska said that the statements seeking to designate a case as related and any objections would be docketed publicly.

She acknowledged that one reason "randomness is so important is to try to avoid judge-shopping."

"Judges are supposed to be neutral, but we all know that judges both hold different views on issues and often have a record in ruling on certain issues," she said.

There was a larger benefit to having lawsuits that raise similar issues decided by more than one judge, she said. "Development of the law is better served by having different judges decide those cases, so that the court of appeals has the benefit of different judges' thinking about the issue," Judge Preska said.

Involving the court's assignment committee to review related-case requests will add a degree of oversight. "There will be greater consistency across the court in what cases are deemed related and which are not," Judge Preska said.

Concerns about the related-case rule had been raised in previous cases in the past. The rules committee, made up of judges, undertook its formal review in May.

A version of this article appears in print on , Section A, Page 19 of the New York edition with the headline: After Issues in Stop-and-Frisk Case, Court Alters Rules on Judge Assignments